UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                                             CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

            **DEBTOR**[1]                                                    CHAPTER 11

**DEBTOR'S _EXPEDITED_ APPLICATION FOR INTERIM AND
FINAL ORDERS AUTHORIZING THE EMPLOYMENT OF
STRETTO, INC. AS CLAIMS AND NOTICING AGENT**

> THE DEBTOR HAS REQUESTED AN EXPEDITED SPECIAL SETTING FOR THE HEARING OF THIS MATTER ON NOVEMBER 5, 2025, AT 10:00 A.M. (PREVAILING CENTRAL TIME) (A) IN PERSON AT TOM STAGG UNITED STATES COURTHOUSE, COURTROOM 4, 300 FANNIN STREET, SHREVEPORT, LOUISIANA 71101, OR (B) VIRTUALLY USING ZOOM ID <u>160 6557 9520</u> AND PASSCODE <u>6480377</u>. FOR A DIRECT LINK AND OTHER INSTRUCTIONS REGARDING VIRTUAL ATTENDANCE, SEE THE "NOTICE OF CONDUCTING HEARINGS BY ZOOM" ISSUED BY JUDGE HODGE AND AVAILABLE ON THE COURT'S WEBSITE AT https://www.lawb.uscourts.gov/.
>
> IF YOU OBJECT TO THE RELIEF REQUESTED OR BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST MAKE YOUR OBJECTION AT THE HEARING, OR FILE A WRITTEN OBJECTION BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE

       The **Diocese of Alexandria** (the "Debtor" or "Diocese"), as debtor-in-possession, by and through undersigned counsel files this application (the "Application") pursuant to sections 105(a), 327, 328(a), and 1107 of Title 11 of the United States Code (the "Bankruptcy Code") and 28 U.S.C. § 156(c). The Debtor seeks entry of an interim order in the form attached as <u>Exhibit C</u> (the "Interim Order"), and, after a final hearing, the entry of a final order in the form attached as

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

1

Exhibit D (the "Final Order"), authorizing the employment of Stretto, Inc. ("Stretto") as claims and noticing agent (the "Claims and Noticing Agent") for Debtor according to the terms and conditions set forth in that certain services agreement, dated on or about October 29, 2025 (the "Engagement Agreement"), a copy of which is attached as Exhibit A. In support of this Application, the Debtor relies on the *Declaration of Deacon Richard Mitchell Regarding the Debtor's History, Charitable Mission, and Purpose in Seeking Chapter 11 Relief* (the "Mitchell Declaration") and the *Declaration of David Brook in Support of First Day Motions* (the "Brook Declaration," together with the Mitchell Declaration, the "First Day Declarations"), which are incorporated by reference, and shows as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 327, 328(a), and 1107 of the Bankruptcy Code and 28 U.S.C. § 156(c).

## BACKGROUND

4. On **October 31, 2025** (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committees have been appointed or designated in this Chapter 11 case.

5. With the filing of the petition, Debtor filed the First Day Declarations. Please refer to the First Day Declarations for a summary of the Debtor in the above-referenced Chapter

11 case, including an overview of the Debtor's history, mission, ministries, financial position, the circumstances giving rise to the commencement of the Chapter 11 case, and an overview of the relief requested in the first day pleadings.

## RELIEF REQUESTED

6. Debtor requests entry of an order appointing Stretto as the Claims and Noticing Agent for Debtor and its Chapter 11 case, including assuming responsibility for the distribution of notices, the maintenance, processing and docketing of proofs of claim filed in Debtor's Chapter 11 case, assisting with solicitation, balloting, and tabulation, and facilitating of other administrative aspects of bankruptcy cases. Debtor submits that Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise.

## BASIS FOR RELIEF

7. Section 156(c) of title 28 of the United States Code provides that:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11 of the United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit counsel may prescribe.

28 U.S.C. § 156(c). Accordingly, section 156(c) empowers the Court to utilize outside agents for notice purposes, provided that Debtor's estate pays the cost of such services.

8. In view of the anticipated number of parties-in-interest and the process and related administrative burdens that will arise during this case, Debtor submits that Stretto's appointment: (i) will relieve Debtor, the Court, and the Office of the Clerk of the Bankruptcy Court (the "Clerk") of substantial administrative burdens and/or related costs; (ii) expedite the service of

notices and pleadings to parties-in-interest in this case; and (iii) otherwise promote the efficient administration of the Chapter 11 case. The Debtor submits that the retention and employment of Stretto to act as Claims and Noticing Agent in this case is appropriate under the circumstances and in the best interest of Debtor's estate.

**A.      Necessity and Qualifications.**

9.      Stretto is a chapter 11 administrator comprising leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agents in many large bankruptcy cases in districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Some of Stretto's active and former cases include: *In re The Roman Catholic Diocese of Burlington, Vermont*, Case No. 24-10205 (HZC) (Bankr. D. Vt. Nov. 26, 2024) [Dkt. No. 91]; *In re The Roman Catholic Diocese of Ogdensburg, New York*, Case No. 23-60507 (PGR) (Bankr. N.D.N.Y. Dec. 15, 2023) [Dkt. No. 302]; *In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (MCR) (Bankr. N.D.N.Y. Sept. 18, 2020) [Dkt. No. 115]; *In re The Diocese of Buffalo, N.Y.*, Case No. 20-10322 (CLB) (Bankr. W.D.N.Y. Apr. 21, 2020) [Dkt. No. 254]; *In re The Diocese of Rochester*, Case No. 19-20905 (PRW) (Bankr. W.D.N.Y. Jan. 8, 2020) [Dkt. No. 349]; *In re PrimaLend Capital Partners, LP*, Case No. 25-90013 (MXM) (Bankr. N.D. Tex. Oct. 27, 2025) [Dkt. No. 87]; *In re Anthology Inc.*, Case No. 25-90498 (ARP) (Bankr. S.D. Tex. Sept.

30, 2025) [Dkt. No. 32]; *In re Del Monte Foods Corp. II Inc.*, Case No. 25-16984 (MBK) (Bankr. D. N.J. July 3, 2025) [Dkt. No. 70]; and *In re BLH TopCo LLC*, Case No. 25-10576 (Bankr. D. Del. Mar. 29, 2025) [Dkt. No. 41].

**B.     Stretto's Necessary Role in Implementing and Maintaining Confidentiality Protocols.**

10.     Stretto's retention and employment will relieve the Clerk of the administrative burden associated with claims processing and the confidentiality requirements of this Chapter 11 case.

11.     Many of the unsecured creditors in this case are individuals alleging that the Diocese or persons affiliated with the Diocese are liable for his or her injuries arising from abuse (the "Putative Abuse Survivors"). The Debtor is committed to protecting the privacy and anonymity of these individuals and of those accused of abuse (the "Accused Individuals").[2] Additionally, the Debtor may be required to list current and former employees, workers' compensation claimants, and minors in certain bankruptcy filings, which may contain sensitive information. The Debtor seeks to protect the identities of these individuals by safeguarding not only personally identifiable information, but also any information that could reasonably be used to identify either a Putative Abuse Survivor, an Accused Individual, current and former employees, workers' compensation claimants, or minors (the "Protected Information").[3]

12.     Engaging Stretto as the Claims and Noticing Agent is necessary to establish a secure mechanism for the filing of proofs of claim containing Protected Information. This relief

---

[2] Accused Individuals whose identities will be subject to the confidentiality protocols do not include those listed in the Names of Clergy accused, which may be accessed at https://www.diocesealex.org/diocese-releases-names-of-clergy/, and which may be supplemented from time to time.

[3] As used herein, the term "personally identifiable information," shall have the same meaning ascribed to it in 11 U.S.C. § 101(41A). For the avoidance of doubt, however, "Protected Information" is not limited to personally identifiable information; it includes any information sufficient to identify a Putative Abuse Survivor, an Accused Individual, current or former employees, workers' compensation claimants, or minors.

is also essential to streamlining notice to parties-in-interest through the Core Service List[4] which shall be maintained by Stretto, who will ensure that all Protected Information remains confidential. Concurrently with this Application, the Debtor is filing its *Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* ("Confidentiality Protocol Motion"), which details procedures for maintaining the confidentiality of Protected Information—including, but not limited to, the confidential submission of claims by Putative Abuse Survivors to Stretto and Stretto's maintenance of a Core Service List to ensure all core parties-in-interest whose identities comprise the Protected Information are served without disclosure of their identities to the filer.

13. The Debtor submits that employing Stretto to provide these services is necessary. If the Debtor is unable to retain Stretto as its Claims and Noticing Agent, the Debtor, Putative Abuse Survivors, and other parties in interest will be prejudiced, as the Debtor will be unable to adequately and efficiently maintain these confidentiality protocols, absent the expertise and knowledge from professionals best suited to address the unique needs of this Chapter 11 case.

C.  **Services to Be Provided.**

14. This Application pertains to the work to be performed by Stretto under section 327(a) of the Bankruptcy Code and under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Stretto will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

---

[4] "Core Service List" means the service list created by the Debtor comprised of the core parties-in-interest in the Chapter 11 case who would be entitled to receive service of all filings, including (i) the Office of the United States Trustee for Region 5; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the attorneys for the Committee once that committee has been appointed, and until then, (a) the Putative Abuse Survivors listed on the unredacted Schedule F through their counsel and (b) the Debtor's twenty (20) largest unsecured trade creditors; (v) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (vi) the Louisiana Attorney General's Office; and (vii) known counsel to the foregoing.

a. assist the Debtor with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including: (i) notice of the commencement of this chapter 11 case and the initial meeting of creditors under Bankruptcy Code section 341(a); (ii) notice of any claims bar date; (iii) notice of any proposed sale of the Debtor's assets; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor, Court, or Clerk may deem necessary or appropriate for an orderly administration of this chapter 11 case;

b. maintain an official copy of the Debtor's Schedules, listing the Debtor's known creditors and the amounts owed thereto;

c. maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists available upon request by a party-in-interest or the Clerk;

d. to the extent applicable, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. maintain a post office box or address for receiving claims and returned mail, and process all mail received;

f. for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within 5 days of service that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

g. receive and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

h. provide an electronic interface for filing proofs of claim;

i. maintain the official claims register for each Debtor (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vii) the applicable Debtor; and (viii) any disposition of the claim;

j. provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

k. record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l. implement reasonable security measures designed to ensure the completeness and integrity of the Claims Register and the safekeeping of any proofs of claim;

m. relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto;

n. monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

o. identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

p. assist in the dissemination of information to the public and respond to requests for administrative information regarding this chapter 11 case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

q. provide docket updates via email to parties who subscribe for such service on the Debtor's case website;

r. comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the Services;

s. 30 days prior to the close of this chapter 11 case, to the extent practicable, request that the Debtor submits to the Court a proposed order dismissing Stretto as claims, noticing, and solicitation agent and terminating its services

in such capacity upon completion of its duties and responsibilities and upon the closing of this chapter 11 case;

t. within 7 days of notice to Stretto of entry of an order closing this chapter 11 case, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the case;

u. at the close of this chapter 11 case: (i) box and transport all original documents, in proper format, as provided by the Clerk, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154, or (B) any other location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

v. assist the Debtor with, among other things, plan-solicitation services including: (i) balloting; (ii) distribution of applicable solicitation materials; (iii) tabulation and calculation of votes; (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

w. if requested, assist with the preparation of the Debtor's Schedules and gather data in conjunction therewith;

x. coordinate publication of certain notices in periodicals and other media;

y. manage and coordinate any distributions pursuant to a chapter 11 plan; and

z. provide such other claims, noticing, processing, solicitation, and balloting, services that may be requested from time to time by the Debtor, the Court, or the Clerk.

D. **No Duplication of Services.**

15. Debtor intends that Stretto's services will complement, and not duplicate, the services being rendered by other professionals retained in the Chapter 11 Case. Stretto understands that Debtor has retained and may retain additional professionals during the term of the engagement, and Stretto will work cooperatively with such professionals to integrate any work conducted by such professionals on behalf of Debtor.

E. **No Adverse Interest, Disinterestedness, and Disclosure of Connections.**

9

16. Stretto has reviewed its conflicts system to determine whether it has any relationships with the Debtor's creditors and parties-in-interest. Except as disclosed in the *Declaration of Sheryl Betance in Support of the Debtor's Expedited Application for Interim and Final Orders Authorizing the Employment of Stretto, Inc. as Claims and Noticing Agent*, attached hereto and incorporated herein as Exhibit B, Stretto represents that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed. To the best of the Debtor's knowledge, Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Stretto agrees that it will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**F.     Terms of Retention.**

17. Debtor respectfully requests that the undisputed fees and expenses incurred by Stretto in the performance of the above services be treated as administrative expenses of Debtor's chapter 11 estate under 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on Debtor, the Office of the United States Trustee, counsel for Debtor, counsel for any official committee monitoring the expenses of Debtor and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties must meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

10

25-31257 - #10  File 10/31/25  Enter 10/31/25 17:51:04  Main Document  Pg 10 of 13

18. Prior to the Petition Date, the Debtor provided Stretto an advance in the amount of $10,000.00. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

**G.     Indemnification.**

19. In addition, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in this Chapter 11 Case.

<u>**NOTICE**</u>

20. The Debtor will provide notice of this Application to: (i) the Office of the United States for Trustee for Region 5; (ii) the attorneys' for the Committee once the committee has been appointed, and until then, (a) the Putative Abuse Survivors listed on the unredacted Schedule F through their counsel and (b) the Debtor's twenty (20) largest unsecured trade creditors; (iii) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (iv) the Louisiana Attorney General's Office; (v) the Debtor's banks and financial institutions as identified on the Debtor's Schedules; (vi) the Ad Hoc Group through its counsel, R. Joseph Naus and Patrick McCune; and (vii) known counsel to the foregoing. A copy of this

11

Motion and any orders approving it will also be made available on the Debtor's Case Information Website **located at https://cases.stretto.com/dioceseofalexandria.** The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an Interim Order substantially in the form attached as Exhibit C granting the relief requested herein, including scheduling the Final Hearing; (b) enter a Final Order substantially in the form attached as Exhibit D; and (c) grant such other relief as the Court deems appropriate under the circumstances.

Alexandria, Louisiana, this 31st day of October, 2025.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile  (318) 445-6476
    Email:    bdrell@goldweems.com
                hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*pro hac vice forthcoming*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile  (816) 983-8080
Email:    mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*pro hac vice forthcoming*)
Bruce G. Arnold, Esq. (*pro hac vice forthcoming*)
Lindsey M. Greenawald, Esq. (*pro hac vice forthcoming*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile  (414) 223-5000
Email:     frank.lococo@huschblackwell.com
           bruce.arnold@huschblackwell.com
           lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**