# EXHIBIT B

# BETANCE DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**IN RE:** **CASE NO. 25-31257**

**DIOCESE OF ALEXANDRIA**

**DEBTOR**[1] **CHAPTER 11**

---

Pursuant to 28 U.S.C. § 1746, I, Sheryl Betance, under penalty of perjury, declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc. ("Agent"), a chapter 11 administrative services firm with offices located at 410 Exchange, Ste. 100, Irvine, California 92602. Except as otherwise noted in this declaration (this "Declaration"), I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this Declaration in support of the above-captioned Debtor's (the "Debtor") *Debtor's Expedited Application for Interim and Final Orders Authorizing the Employment of Stretto, Inc. as Claims and Noticing Agent* (the "Application").[2]

**Qualifications**

3. Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Application.

noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active and former cases include: *In re The Roman Catholic Diocese of Burlington, Vermont*, Case No. 24-10205 (HZC) (Bankr. D. Vt. Nov. 26, 2024) [Dkt. No. 91]; *In re The Roman Catholic Diocese of Ogdensburg, New York*, Case No. 23-60507 (PGR) (Bankr. N.D.N.Y. Dec. 15, 2023) [Dkt. No. 302]; *In re The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (MCR) (Bankr. N.D.N.Y. Sept. 18, 2020) [Dkt. No. 115]; *In re The Diocese of Buffalo, N.Y.*, Case No. 20-10322 (CLB) (Bankr. W.D.N.Y. Apr. 21, 2020) [Dkt. No. 254]; *In re The Diocese of Rochester*, Case No. 19-20905 (PRW) (Bankr. W.D.N.Y. Jan. 8, 2020) [Dkt. No. 349]; *In re PrimaLend Capital Partners, LP*, Case No. 25-90013 (MXM) (Bankr. N.D. Tex. Oct. 27, 2025) [Dkt. No. 87]; *In re Anthology Inc.*, Case No. 25-90498 (ARP) (Bankr. S.D. Tex. Sept. 30, 2025) [Dkt. No. 32]; *In re Del Monte Foods Corp. II Inc.*, Case No. 25-16984 (MBK) (Bankr. D. N.J. July 3, 2025) [Dkt. No. 70]; and *In re BLH TopCo LLC*, Case No. 25-10576 (Bankr. D. Del. Mar. 29, 2025) [Dkt. No. 41].[3]

**Services to be Rendered**

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Stretto will perform, at the request of the Office of the Clerk of this Court (the "Clerk") the services specified in paragraph 14 of the Application. In performing such services, Stretto will charge the Debtor the rates set forth in the Engagement Agreement, which is attached as **Exhibit A** to the Application.

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Declaration. Copies of these cited orders are available upon request to the Debtor's proposed counsel.

5. Stretto represents, among other things, the following:

(a) Stretto is not a creditor of the Debtor;

(b) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Agent in this chapter 11 case;

(c) By accepting employment in this chapter 11 case, Stretto waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

(d) In its capacity as the Agent in this chapter 11 case, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e) Stretto will not employ any past or present employees of the Debtor in connection with its work as the Agent in this chapter 11 case;

(f) Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Agent in this chapter 11 case, Stretto will not intentionally misrepresent any fact to any person;

(h) Stretto shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

(i) Stretto will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c);

(j) None of the services provided by Stretto as Agent in this chapter 11 case shall be at the expense of the Clerk; and

(k) Stretto will at all times maintain the confidentiality of any and all information ordered by the Court to be kept confidential and maintained under seal and will not disclose such information to any person or entity except in accordance with an order of the Court providing for such disclosure.

6. I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in this chapter 11 case. The list of Potential Parties in Interest was provided by the Debtor and included, among other parties, the Debtor, directors and officers of the Debtor, the Debtor's creditors, the United States Trustee

and persons employed in the office of the United States Trustee, and other parties. The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries. Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties"). The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision. At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtor, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtor, their creditors, or other relevant parties. Stretto has and will continue to represent clients in matters unrelated to this chapter 11 case. In addition, in matters unrelated to this chapter 11 case, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtor's chapter 11 case. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in this chapter 11 case, which services do not directly relate to, or have any direct connection with, this chapter 11 case or the Debtor. Based upon a review of the list of potential parties in interest:

- The list of Potential Parties in Interest identifies Regions Bank, which is one of Stretto's lenders. However, to the best of my knowledge, such relationship is

materially unrelated to this chapter 11 case.

- The list of Potential Parties in Interest includes entities, as set forth on **Exhibit 1** attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to this chapter 11 case.

8. To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the Western District of Louisiana, the United States Trustee for Region 5, or any attorney known by Stretto to be employed in the Office of the United States Trustee serving the Western District of Louisiana.

9. Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in this case. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtor while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when this chapter 11 case were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in this chapter 11 case.

10. Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtor or parties in interest. To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in this chapter 11 case.

11. At the request of the Debtor and as provided in the Engagement Agreement, Stretto or its affiliate may provide services other than the services described in the Application to the

Debtor that they may require in the ordinary course of business, including establishing one or more accounts with financial institutions in the name of and as agent for the Debtor to facilitate depository management and other treasury services, for which Stretto or its affiliate may be compensated by the applicable financial institution.

12. In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point. Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut. The firm has raised and managed ten private equity funds—the Trident Funds—with aggregate committed capital of approximately $65 billion. Stone Point targets investments in the global financial services industry, and related sectors.

13. The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules. Stretto has searched the names of the Debtor and the names of the Potential Parties in Interest against the Stone Point Searched Parties.

14. Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in this chapter 11 case as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure. To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtor, Stretto will promptly file a supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtor with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

15. From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "<u>Investment Funds</u>"), through which such individuals indirectly acquire a

debt or equity security of many companies, one of which may be the Debtor or its affiliates, often without Stretto's or its personnel's knowledge. Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

16. From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtor or its affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

17. To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtor's estate; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtor, and (iii) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for

any other reason; and (c) has disclosed all of Stretto's connections with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: October 31, 2025

*/s/ Sheryl Betance*
Sheryl Betance
Senior Managing Director
Stretto, Inc.
410 Exchange, St. 100
Irvine, CA 92602

**Exhibit 1**

AT&T
Louisiana Department of Revenue and Taxation
Xerox Financial Services