# EXHIBIT C

# PROPOSED

# INTERIM ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                                        CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

DEBTOR[1]                                                       CHAPTER 11

**INTERIM ORDER AUTHORIZING APPLICATION
FOR EMPLOYMENT OF STRETTO, INC.
AS CLAIMS AND NOTICING AGENT**

Considering the *Debtor's Expedited Application for Interim and Final Orders Authorizing Employment of Stretto, Inc. as Claims and Noticing Agent* (the "Application") filed by the Diocese of Alexandria, as debtor and debtor in possession (the "Debtor"), and the *Declaration of Sheryl Betance in Support of the Application for Employment of Stretto, Inc. as Claims and Noticing Agent* (the "Betance Declaration"), pursuant to the terms of the Application as modified by this Order; and the Court having conducted a hearing on the Application on an interim basis; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Application was properly provided; and the Court having found that Stretto, Inc. ("Stretto") is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that Stretto represents no interest adverse to the Debtor's estate; and the Court having found that good and sufficient cause exists to grant the relief requested in the Application on an interim basis to avoid immediate and irreparable harm to the Debtor and its

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

26

estate, pursuant to Federal Rule of Bankruptcy Procedure 6003; and after due deliberation and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted on an interim basis as set forth herein.

2. Subject to the provisions of this Order, Debtor is authorized to retain Stretto as the Claims and Noticing Agent effective as of the Petition Date under the terms of the Application as modified by this Order, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 case, and all related tasks, all as described in the Application. The Debtor is authorized to retain and appoint Stretto as Claims and Noticing Agent as set forth in this Order, and Stretto is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this Chapter 11 case, and other related tasks as described in the Application and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

3. Stretto shall serve as custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in this Chapter 11 case and is authorized and directed to maintain the official claims register for the Debtor and to take such other action as may be necessary to comply with all duties set forth in the Application.

4. Stretto is authorized to take such other action to comply with all duties set forth in the Application authorized by this Order.

5. Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Debtor is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the

27

25-31257 - #10-3  File 10/31/25  Enter 10/31/25 17:51:04  Exhibit C-Proposed Interim Order Pg 3 of 8

services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

6. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and serve monthly invoices on Debtor, counsel for Debtor, and, upon request, counsel to any official committee appointed in this Chapter 11 case.

7. The parties are directed to meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

8. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be administrative expenses of Debtor's estate.

9. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this Chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

10. Debtor is authorized to indemnify Stretto under the terms of the Engagement Agreement, as pursuant to this Order.

11. The Indemnified Parties (as such term is defined in the Engagement Agreement) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement

28

Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

12. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from the Indemnified Parties' gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtor alleges the breach of the Indemnified Parties' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

13. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this Chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this Chapter 11 Case, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving

the payment. If the Indemnified Parties seek reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Indemnified Parties' own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

14. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and Debtor's attorney and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's attorney.

15. After entry of an order terminating Stretto's services, upon the closing of this Chapter 11 case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtor in connection therewith.

16. Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

17. Stretto may not cease providing claims processing services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

30

25-31257 - #10-3  File 10/31/25  Enter 10/31/25 17:51:04  Exhibit C-Proposed Interim Order Pg 6 of 8

18. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order will govern.

19. A final hearing (the "Final Hearing") on the Motion shall be held on _____ ____ 2025, at [•].m. (Central Time) before the Honorable John S. Hodge, at Tom Stagg United States Courthouse, Courtroom 4, 300 Fannin Street, Shreveport, Louisiana 71101, with virtual participation allowed pursuant to this Court's *Notice of Conducting Hearings by Zoom*.

20. In accordance with Local Rules, any objections or responses to the relief sought in the Motion must be filed with the Clerk of this Court no later than _____ ____, 2025, at [•].m. (Central Time).

21. The notice of the Motion provided by the Debtor is adequate and sufficient for interim relief, and no further notice is required.

22. The 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

23. This Interim Order shall be effective and enforceable immediately upon its entry.

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

25. Notice of this Order shall be provided to the core service list pursuant to the Court's *Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. •].

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
       Bradley L. Drell, Esq. (La. Bar #24387)
       Heather M. Mathews, Esq. (La. Bar #29967)
       2001 MacArthur Drive
       P.O. Box 6118
       Alexandria, LA 71307
       Telephone   (318) 445-6471
       Facsimile    (318) 445-6476
       Email:       bdrell@goldweems.com
                    hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*pro hac vice forthcoming*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone   (816) 983-8000
Facsimile    (816) 983-8080
Email:       mark.benedict@huschblackwell.com

       AND

Francis H. LoCoco, Esq. (*pro hac vice forthcoming*)
Bruce G. Arnold, Esq. (*pro hac vice forthcoming*)
Lindsey M. Greenawald, Esq. (*pro hac vice forthcoming*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone   (414) 273-2100
Facsimile    (414) 223-5000
Email:       frank.lococo@huschblackwell.com
                  bruce.arnold@huschblackwell.com
                  lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**