# EXHIBIT A

# PROPOSED INTERIM ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                    CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

DEBTOR[1]                                                 CHAPTER 11

## INTERIM ORDER APPROVING DEBTOR'S *EXPEDITED* MOTION FOR AN ORDER AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES

Upon the *Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* (the "Confidentiality Protocol Motion" or "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") for entry of interim and final orders (a) requiring all schedules, statements of financial affairs, creditor matrix, proofs of claim, motions, pleadings, and any other entry into the record containing Protected Information be permanently sealed; (b) requiring all documents filed in this Chapter 11 Case containing the Protected Information (as defined below) of employees, workers' compensation claimants, and minors be permanently sealed; provided, however, that the names of non-minor employees and workers' compensation claimants may be disclosed; (c) approving the Confidentiality Protocols (as defined below) applicable to (i) all proof of claim forms submitted by Putative Abuse Survivors, and (ii) all documents and records containing Protected Information; (d) limiting notice to a specific list of recipients on all but certain discrete matters identified herein; and (e) requiring that all documents and records containing Protected Information, including but not limited to those described in subsection (a), remain sealed after the final disposition of this case,

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

and that all proofs of claim be destroyed three (3) years after the final distribution from the liquidating trust to be implemented through the Debtor's proposed Chapter 11 plan of reorganization, or within such other reasonable period as the Court may determine. It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules") and the Local Rules of Bankruptcy Procedure in the United States Bankruptcy Court for the Western District of Louisiana ("LBR"); that no objections have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion and the interim hearing thereon is appropriate and no other or further notice is required; that there is good cause for entry of an immediate interim order pursuant to Fed. R. Bankr. P. 6003; it appearing that the relief requested is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

    1.    The Motion is granted on an interim basis as set forth herein.

    2.    All parties shall file under seal all documents and records containing any information, including but not limited to, personally identifiable information, that could reasonably be used to identify (a) individuals who allege that the Diocese, or persons affiliated with the Diocese, is liable for his or her injuries arising from abuse (the "Putative Abuse Survivors"), (b) individuals accused of abuse whose identities have not been disclosed publicly through the Debtor's list of accused maintained on its website (the "Accused Individuals"), and (c) current and former employees, workers' compensation claimants, and minors (the "Protected Information"). No further order of the Court shall be required to seal the aforementioned information.

3

25-31257 - #13-1  File 10/31/25  Enter 10/31/25 18:15:34  Exhibit A-Proposed Interim Order Pg 3 of 12

3. The following confidentiality protocol (the "Confidentiality Protocol for Claims"), shall apply to all proofs of claim submitted by Putative Abuse Survivors (the "Putative Abuse Survivor Claims"):

   a. all claimants asserting a Putative Abuse Survivor Claim are directed to submit such claims directly to the Debtor's claims and noticing agent, Stretto, Inc. (the "Claims Agent"). Such claims should not be filed with the Court;

   b. Putative Abuse Survivor Claims received by the Claims Agent shall be held and treated as confidential by the Claims Agent, and copies thereof shall be provided or made available only to the following parties (the "Authorized Claim Recipients"):

      i. with respect to any particular Putative Abuse Survivor Claim, the holder of such claim and their counsel of record;

      ii. the member trustees and officers of the Debtor, and such other employees of the Debtor who are necessary to assist the Debtor in reviewing and analyzing the Putative Abuse Survivor Claims;

      iii. any counsel to the Debtor or the Committee retained pursuant to an order of the Bankruptcy Court;

      iv. any insurance company that provided insurance that may cover the claims described in any Putative Abuse Survivor Claim, together with their respective successors, reinsurers, administrators, and counsel;

      v. any person appointed pursuant to an order of the Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Putative Abuse Survivor Claims;

      vi. any trustee or functional equivalent thereof, appointed to administer payments to Putative Abuse Survivor and professionals retained by such trustee or functional equivalent thereof, including pursuant to a plan of reorganization or a proposed plan of reorganization; provided, however, that any members of advisory, steering, consultative, or similar committees appointed to assist the trustee shall not be Authorized Claim Recipients;

      vii. authorized representatives of a department of corrections, if a Putative Abuse Survivor is incarcerated, but only with respect to any proof of claim form by such claimant and only to the extent disclosure is required under applicable non-bankruptcy law;

viii. upon consent of the Debtor and the Committee, and upon ten (10) business days' notice to the Putative Abuse Survivor and his or her counsel of record, any person identified in a Putative Abuse Survivor Claim who is alleged to have witnessed, committed, or otherwise had knowledge of, any act of abuse against the claimant;

ix. any person who is alleged by the Putative Abuse Survivor to be responsible, financially or otherwise, whether in the Putative Abuse Survivor Claim or in any complaint or other filings in any lawsuit, for the consequences of any such act of abuse, and any such person's counsel of record;

x. any person with the express written consent of the Debtor and the Committee, upon ten (10) business days' notice to the affected claimants and their counsel of record; and

xi. such other persons as the Court may, pursuant to subsequent order, authorize to access to the proof of claim forms; provided, however, that any such determination shall be made on no less than ten (10) business days' notice to the affected claimant(s) and their counsel of record.

c. notwithstanding the designation of Authorized Claim Recipients above, no person or entity may obtain copies of any Putative Abuse Survivor Claims prior to the execution of a confidentiality agreement substantially in the form attached to this Motion as <u>Exhibit D</u> (the "Authorized Party Confidentiality Agreement"). Counsel to the Debtor, its insurers, and the Committee shall only be required to execute a single Authorized Party Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and, with respect to the Debtors and its insurers, their respective clients. Access to the Putative Abuse Survivor Claims for all other Authorized Claim Recipients shall be restricted to the natural person who executes an Authorized Party Confidentiality Agreement and a separate Authorized Party Confidentiality Agreement must be signed by each natural person seeking access to the Putative Abuse Survivor Claims on behalf of an Authorized Claim Recipient;

d. Authorized Claim Recipients in possession of any Putative Abuse Survivor Claims shall keep the proof of claim forms confidential and shall not use or disclose any information provided in any Putative Abuse Survivor Claims except in accordance with the terms of the Authorized Party Confidentiality Agreement or pursuant to an order of this Court;

e. the Claims Agent shall assign to each claimant asserting a Putative Abuse Survivor Claim a unique identifier code and shall maintain a confidential list of the identities of the Putative Abuse Survivors, their corresponding identifier code, and their respective proof of claim form; and

5

f. in addition, information in Putative Abuse Survivor Claims may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. The Debtor and Committee also reserve the right to disclose such information to governmental authorities if they reasonably believe that fraud is being committed. If any such disclosures to governmental authorities are required to be made under this paragraph (f), Putative Abuse Survivors will be notified at the time of such disclosure.

4. The following confidentiality protocol shall apply to the submission of all documents containing Protected Information, excluding the Putative Abuse Survivor Claims (the "Confidentiality Protocol for Documents," together with the Confidentiality Protocol for Claims, the "Confidentiality Protocols"):

a. the Debtor will file redacted copies of the creditor matrix, schedules, and statement of financial affairs on the docket of this Chapter 11 Case. These documents will either have all Protected Information formally redacted or replace such information with a pseudonym for the Putative Abuse Survivor or Accused Individual. The Debtor will promptly provide unredacted copies of such documents under seal to Court in accordance with subsection (b);

b. except for the documents mentioned in (a), all other documents containing Protected Information will be filed under seal by emailing them directly to Tommie_Slatten@lawb.uscourts.gov and Melanie_Welch@lawb.uscourts.gov, with the subject line: "Filing Under Seal, Case No. 25-31257, [Name of Filing]";

c. except for Putative Abuse Survivor Claims, after the filing of any sealed document, the filing party will promptly serve an unsealed version of the document on the Bankruptcy Court, the Office of the U.S. Trustee for Region 5, any party, including a Putative Abuse Survivor or Accused Individual, specifically identified in the document, in addition to the Authorized Claim Recipients (the "Authorized Document Recipients," together with the Authorized Claim Recipients, the "Authorized Parties"), subject to the Authorized Document Recipient executing the Authorized Party Confidentiality Agreement. Counsel to the Debtor and the Committee shall only be required to execute a single Authorized Party Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and, with respect to the Debtor, its respective client. Access to unsealed versions of the sealed documents for all other Authorized Document Recipients shall be restricted to the natural person who executes the Authorized Party Confidentiality Agreement;

d. Authorized Document Recipients in possession of unsealed documents containing Protected Information shall keep such documents confidential and

6

shall not use or disclose any Protected Information therein except in accordance with the terms of the Authorized Party Confidentiality Agreement or pursuant to an order of this Court;

e. Authorized Document Recipients have ten (10) business days upon receipt of the sealed document to file an objection with the Court against the redacted version being filed publicly. Objections must be redacted of any Protected Information; and

f. if no objection is filed, or if the Court orders public filing, the filing party has five (5) business days to file a redacted version on the public docket. The filing party must either redact all Protected Information, replace it with the claim number associated with the Putative Abuse Survivor maintained by the Claims Agent or use pseudonyms.

5. To the extent that any of parties specified in 11 U.S.C. § 107(c)(3) receive unsealed documents and records, including but not limited to the Putative Abuse Survivor Claims, they shall not share these documents, records, or forms or disclose the information therein, absent receiving authorization to do so from this Court.

6. If any party seeks to unseal a document or record, or questions whether a document or record contains Protected Information, that party shall first file the document under seal in accordance with the Confidentiality Protocol for Documents and subsequently seek approval from this Court to unseal the document and or file it on the public docket with appropriate redactions to keep confidential the Protected Information.

7. The Debtor shall establish and file the Core Service List that shall initially include the following parties-in-interest: (i) the Office of the United States for Trustee for Region 5; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the attorneys' for the Committee once that committee has been appointed, and until then, (a) the Putative Abuse Survivors listed on the unredacted Schedule F through their counsel and (b) the Debtor's twenty (20) largest unsecured trade creditors; (v) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy

7

Rule 2002; (vi) the Louisiana Attorney General's Office; and (vii) known counsel to the foregoing.

8. Any party-in-interest wishing to be included on the Core Service List shall file a notice of such request with the Court (by CM/ECF for those who are authorized users or, for those who are not authorized CM/ECF users, by submitting a paper copy, by mail or in person, to the Clerk of the Court, at the following address: The Clerk of the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division, 201 Jackson Street, Suite 215, Monroe, Louisiana 71201) and serve a written copy of such request to the Debtor's bankruptcy counsel at the following address: Gold, Weems, Bruser, Sues & Rundell, APLC, P.O. Box 6118, Alexandria, LA 71307, attn.: bdrell@goldweems.com, hmathews@goldweems.com.

9. The Debtor or its notice and claims agent, Stretto, Inc. (the "Claims Agent"), will update the Core Service List to include those persons or parties who have made a written request to be included on the Core Limited Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case; and (ii) monthly thereafter throughout the pendency of this case. The Debtor or the Claims Agent will file a notice of each updated Core Service List if it includes changes from the last Core Service List filed with the Court.

10. The Core Service List shall clearly identify interested parties and their counsel who participate in the CM/ECF system.

11. Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Core Service List, and (b) any creditor or other party-in-interest whose interests are likely to be affected directly by the pleading or proceeding. The serving party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit

8

25-31257 - #13-1  File 10/31/25  Enter 10/31/25 18:15:34  Exhibit A-Proposed Interim Order Pg 8 of 12

or certificate of service can state that all parties on the Core Service List were served in lieu of individually identifying each party on the Core Service List, in which case, it shall indicate the date of the Core Service List used.

12. The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, provided however, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7) and (b)(1) and (2) shall be served by mail in hard copy.

13. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to section 341 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"); (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization; (v) notice of time fixed to accept or reject a proposed modification of a chapter 11 plan; and (vi) notice of any hearing on a motion to dismiss the Bankruptcy Case or to convert the Bankruptcy Case to chapter 7.

14. The Debtor is directed to serve a copy of this Order on all creditors on the creditor matrix along with a simple form to submit to request notice in the form substantially the same as that attached to the Motion within five (5) business days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

9

25-31257 - #13-1  File 10/31/25  Enter 10/31/25 18:15:34  Exhibit A-Proposed Interim Order Pg 9 of 12

15. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints an official committee on unsecured creditors. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Core Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

16. Complaints, summons, and contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Federal Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

17. All sealed documents and records shall remain under seal with this Court following the final disposition of this case.

18. All proofs of claim shall be destroyed no later than three (3) years after the final distribution from the liquidating trust to be implemented through Debtor's proposed Chapter 11 plan of reorganization, or within such other reasonable period as the Court may determine. If a proof of claim relates to or identifies a living person, a copy of the proof of claim will be retained by the Debtor.

19. Within twenty-eight (28) calendar days following the dissolution of any Committee formed pursuant to the Bankruptcy Code or any other entity formed to represents any group of abuse survivors (referred to herein as a "Committee"), the Committee shall turn over all records in its possession to the trustee of the liquidating trust established pursuant to the Debtor's plan of reorganization.

20. A final hearing on the Motion (the "Final Hearing") shall be held on _____ ____ 2025, at [•].m. (Central Time) before the Honorable John S. Hodge, at Tom Stagg United

10

25-31257 - #13-1  File 10/31/25  Enter 10/31/25 18:15:34  Exhibit A-Proposed Interim Order Pg 10 of 12

States Courthouse, Courtroom 4, 300 Fannin Street, Shreveport, Louisiana 71101, with virtual participation allowed pursuant to this Court's *Notice of Conducting Hearings by Zoom*.

21. In accordance with Local Rules, any objections or responses to the relief sought in the Motion must be filed with the Clerk of this Court no later than _____ ____, 2025, at [•].m. (Central Time).

22. This Order shall be immediately effective and enforceable upon entry.

23. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

24. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of or interpretation of this Order.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
      Bradley L. Drell, Esq. (La. Bar #24387)
      Heather M. Mathews, Esq. (La. Bar #29967)
      2001 MacArthur Drive
      P.O. Box 6118
      Alexandria, LA 71307
      Telephone   (318) 445-6471
      Facsimile    (318) 445-6476
      Email:       bdrell@goldweems.com
                   hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*pro hac vice forthcoming*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone   (816) 983-8000
Facsimile    (816) 983-8080
Email:       mark.benedict@huschblackwell.com

     AND

Francis H. LoCoco, Esq. (*pro hac vice forthcoming*)
Bruce G. Arnold, Esq. (*pro hac vice forthcoming*)
Lindsey M. Greenawald, Esq. (*pro hac vice forthcoming*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone  (414) 273-2100
Facsimile  (414) 223-5000
Email:  frank.lococo@huschblackwell.com
  bruce.arnold@huschblackwell.com
  lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**