# EXHIBIT D

# AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

1

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 25-31257 |
| **DIOCESE OF ALEXANDRIA** | |
| **DEBTOR**[1] | **CHAPTER 11** |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2025.

The undersigned (the "Recipient"), is an Authorized Party pursuant to the *Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* (the "Confidentiality Protocol Order") [Docket No. ●] entered by the United States Bankruptcy Court for the Western District of Louisiana (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [●], 2025.

WHEREAS, after execution of this Agreement pursuant to and in accordance with the terms of the Confidentiality Protocol Order, the Recipient may (a) be granted access to the Putative Abuse Survivor Claims[2] in the Chapter 11 Case pursuant to the Confidentiality Protocol for Claims, and (b) may receive unsealed and unredacted versions of documents that have been sealed pursuant to the Confidentiality Protocol for Documents (the "Sealed Documents");

WHEREAS, Recipient acknowledges that the Putative Abuse Survivor Claims and the Sealed Documents contain sensitive, non-public information, which is to remain confidential pursuant to the Confidentiality Protocol Order and the terms of this Agreement; and

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Confidentiality Protocol Order.

2

WHEREAS, with the exception of the parties identified in paragraph 3(c) and 4(c) of the Confidentiality Protocol Order, access to the Putative Abuse Survivor Claims and Sealed Documents extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Putative Abuse Survivor Claims and Sealed Documents on behalf of an Authorized Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Putative Abuse Survivor Claims and Sealed Documents and any Protected Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Confidentiality Protocol Order and this Agreement;

2. For purposes of this Agreement, the term "Protected Information" means any information, including but not limited to, personally identifiable information, that could reasonably be used to identify (a) individuals who allege that the Diocese, or persons affiliated with the Diocese, is liable for his or her injuries arising from abuse (the "Putative Abuse Survivors"), (b) individuals accused of abuse whose identities have not been disclosed publicly through the Debtor's list of accused maintained on its website (the "Accused Individuals"), and (c) current and former employees, workers' compensation claimants, and minors, but it does not include the names of any adult employees or workers' compensation claimants;

3. Recipient agrees to not to use or distribute any Putative Abuse Survivor Claims, Sealed Documents, or Protected Information in violation of this Agreement;

4. Recipient may use Putative Abuse Survivor Claims, Sealed Documents, or Protected Information contained therein, only in connection with the evaluation,

prosecution or defense of the claims asserted in the Debtor's Chapter 11 Case, any related adversary proceedings, or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5. Recipient shall not disclose any Protected Information to any other person or entity except that Recipient may disclose Protected Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Confidentiality Protocol Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, conditions or alleged violations of this Agreement or the Confidentiality Protocol Order;

7. Recipient shall promptly report any disclosure of Putative Abuse Survivor Claims, Sealed Documents, or Protected Information in violation or breach of this Agreement to the Debtor, the Committee, and the Putative Abuse Survivor and shall cooperate with efforts to recover and secure any such Protected Information and/or to mitigate the effects of any such disclosure;

8. Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court seeking a modification of the Confidentiality Protocol Order or the terms of

this Agreement with respect to any proposed disclosure of Putative Abuse Survivor Claims, Sealed Documents, or Protected Information; provided, however, that Recipient shall not disclose any Putative Abuse Survivor Claims, Sealed Documents, or Protected Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: _____, 2025    By: _____
                                             Signature

                                             _____
                                             Print Name

5

25-31257 - #13-4  File 10/31/25  Enter 10/31/25 18:15:34  Exhibit D-Authorized Party Confidentiality Agreement Pg 5 of 5