**SO ORDERED.**

**DONE and SIGNED November 4, 2025.**



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | Case Number: 25-31257 | |
| | § | | |
| Diocese of Alexandria | § | Chapter 11 | |
|   Debtor | § | | |

**ORDER TO DEBTOR-IN-POSSESSION AND SETTING STATUS CONFERENCE**

Upon the filing of this case under the provisions of Chapter 11 of the Bankruptcy Code, and pursuant to the authority granted the Court by 11 U.S.C. § 105 authorizing the entry of such orders as may be necessary to carry out the provisions of the Bankruptcy Code,

**IT IS ORDERED** that, pursuant to 11 U.S.C. Section 1101(1), the above-named Debtor, as a debtor in possession ("**Debtor**"), shall continue in possession of its estate and, pursuant to 11 U.S.C. Sections 1107(a) and 1108, shall continue its operation and management of its property until further order of this Court.

**IT IS FURTHER ORDERED** that, in connection with the operation of its business, the Debtor shall comply with the following requirements:

1. **Employee and Tax Withholdings.** The Debtor shall segregate and hold separate from all other funds any monies withheld from employees or collected from others for taxes, including social security and income taxes, and shall deposit all such funds as required by applicable federal, state, and

local law.

2. **Other Withholdings.** The Debtor shall promptly remit to any state or political subdivision all amounts required to be withheld or collected from others after the petition date, in accordance with applicable law.

3. **Books and Records.** The Debtor shall close and preserve all prepetition books and records and shall open and maintain new books of account accurately reflecting all post-petition income, expenditures, receipts, and disbursements.

4. **Prepetition Obligations.** The Debtor shall not pay any prepetition debt or obligation unless specifically authorized by this Court.

5. **Cash Collateral.** The Debtor shall not use "cash collateral," as defined in 11 U.S.C. § 363, if such cash collateral is subject to a security interest, except as authorized by further order of this Court. All cash collateral shall be deposited in a separate account pending such authorization.

6. **Ordinary Course Transactions.** The Debtor shall not sell, lease, or otherwise dispose of property, nor enter into any transaction, outside the ordinary course of business without Court approval. The Debtor may, however, continue to buy and sell merchandise, supplies, and services necessary for its ongoing operations.

7. **Insurance.** The Debtor shall maintain insurance coverage on all property of the estate at levels sufficient to protect the value of the estate and shall timely pay all premiums due thereon.

8. **Monthly Reports.** The Debtor shall, on or before the 20th day of each month, file the Monthly Operating Report for the prior calendar month with the Clerk of this Court in Shreveport and, in addition, submit one copy to the Shreveport office of the United States Trustee and one copy to the Unsecured Creditors' Committee. The report shall be in a format approved by the United States Trustee.

9. **Periodic Reports Concerning Related Entities.** The Debtor shall file the first Periodic Report required by Federal Rule of Bankruptcy Procedure 2015.3(a) no later than seven (7) days before the first date set for the meeting of creditors under 11 U.S.C. § 341. Thereafter, such reports shall be filed at least every six (6) months until a plan of reorganization becomes effective, or the case is closed, dismissed, or converted. Copies shall be served on the United States Trustee, any committee appointed under 11 U.S.C. § 1102, and any other party in interest requesting notice.

10. **Administrative Expenses.** The Debtor shall take all reasonable steps to avoid incurring administrative expenses that cannot be paid from funds generated during the Chapter 11 proceeding. The Debtor shall promptly notify this Court and the United States Trustee if continued business operations may not be in the best interests of creditors or the estate.

**IT IS FURTHER ORDERED** that no compensation, salary, or other remuneration shall be paid from property of the estate to the Debtor (if an individual), to any partner (if a partnership), or to any present or former officer, director, or shareholder (if a corporation), unless and until the requirements of Local Bankruptcy Rule 4002-1(l) have been satisfied and Court approval obtained.

**IT IS FURTHER ORDERED** that, within one hundred twenty (120) days after entry of the Order for Relief, the Debtor shall file: (a) a disclosure statement pursuant to 11 U.S.C. § 1125; and (b) a plan of reorganization pursuant to 11 U.S.C. §§ 1121 and 1123.

**IT IS FURTHER ORDERED** that the Debtor in Possession, its counsel, and the United States Trustee shall appear before the undersigned at **300 Fannin Street, 4th Floor, Courtroom Four, Shreveport, Louisiana**, at **10:00 A.M. on March 3, 2026**, for a **status conference** to report on actions taken and progress made toward confirmation of a plan of reorganization. Any other party in interest may appear and participate.

###