EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                              CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

     **DEBTOR**[1]                                                            CHAPTER 11

**DEBTOR'S *EXPEDITED* APPLICATION TO EMPLOY
GOLD, WEEMS, BRUSER, SUES & RUNDELL, APLC AS COUNSEL**

> **THE DEBTOR HAS REQUESTED AN EXPEDITED SPECIAL SETTING FOR THE HEARING OF THIS MATTER ON NOVEMBER 5, 2025, AT 10:00 A.M. (PREVAILING CENTRAL TIME) (A) IN PERSON AT TOM STAGG UNITED STATES COURTHOUSE, COURTROOM 4, 300 FANNIN STREET, SUITE 2201, SHREVEPORT, LOUISIANA 71101, OR (B) VIRTUALLY USING ZOOM ID 160 6557 9520 AND PASSCODE 6480377. FOR A DIRECT LINK AND OTHER INSTRUCTIONS REGARDING VIRTUAL ATTENDANCE, SEE THE "NOTICE OF CONDUCTING HEARINGS BY ZOOM" ISSUED BY JUDGE HODGE AND AVAILABLE ON THE COURT'S WEBSITE AT https://www.lawb.uscourts.gov/.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST MAKE YOUR OBJECTION AT THE HEARING, OR FILE A WRITTEN OBJECTION BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

      The **Diocese of Alexandria** (the "Debtor" or "Diocese"), as debtor-in-possession, by and through undersigned counsel files this application (the "Application") pursuant to sections 327, 328, 330, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of Bankruptcy Procedure 2014-1 in the United States Bankruptcy Court for the Western District of Louisiana ("LBR"). The Debtor seeks entry of an order in the form attached hereto as Exhibit

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

1

B (the "Order"), authorizing the employment of the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC ("Gold" or the "Firm") as counsel for Debtor. In support of this Application, the Debtor relies on the *Declaration of Deacon Richard Mitchell Regarding the Debtor's History, Charitable Mission, and Purpose in Seeking Chapter 11 Relief* (the "Mitchell Declaration") and the *Declaration of David Brook in Support of First Day Motions* (the "Brook Declaration," together with the Mitchell Declaration, the "First Day Declarations"), which are incorporated by reference, and shows as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327, 328, 330, and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and LBR 2014-1.

### Background

4. On **October 31, 2025** (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committees have been appointed or designated in this Chapter 11 case.

5. With the filing of the petition, Debtor filed the First Day Declarations. Please refer to the First Day Declarations for a summary of the Debtor in the above-referenced Chapter 11 case, including an overview of the Debtor's history, mission, ministries, financial position, the circumstances giving rise to the commencement of the Chapter 11 case, and an overview of the relief requested in the first day pleadings.

### Relief Requested

2

25-31257 #41-5 Filed 10/3/25 Entered 10/3/25 17:40:53 Main Document Pg 2 of 65
25-31257 #41 Filed 10/3/25 Entered 10/3/25 16:48:13 Exhibit Declaration of Gold Weems Pg 2 of 17

6. Debtor requests that the Court authorize it to retain and employ Gold as legal counsel for Debtor in connection with the Chapter 11 case, effective as of the Petition Date.

**Bases for Relief**

7. The Applicant has selected Bradley L. Drell and the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC for the reasons that they have gained extensive experience as to the Debtor's operations and circumstances by assisting the Debtor in connection with sexual abuse matters and in preparing to file the case herein, including representing the Debtor in multiple mediation sessions with counsel to various abuse survivors, and the Debtor believes that Bradley L. Drell and the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC are well-qualified to represent Debtor, as debtor-in-possession, in this proceeding. Furthermore, it is necessary for the Debtor as debtor-in-possession to employ attorneys for such professional service.

8. To the best of the Debtor's knowledge and as evidenced by the Declaration of Bradley L. Drell (the "Declaration") attached hereto as Exhibit A, Bradley L. Drell and the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC have no connection with the Debtor, the creditors or any other party in interest or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, other than as disclosed in this application. To the best of the Debtor's knowledge and as evidenced by the attached Declaration, no attorney of the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC holds or represents an interest adverse to the Debtor and all attorneys are "disinterested" persons under the Bankruptcy Code.

9. Proposed counsel was engaged by the Diocese in June of 2024 to explore Chapter 11 bankruptcy options, and since that time has been paid $661,059.08 in fees and expenses, and retains $77,562.35 in trust for future fees and expenses, including the filing fee to be paid. Currently, Applicant charges hourly rates of $300.00 to $435.00 for shareholders, $265.00

3

to $310.00 for associates, and $90.00 for paralegals, all billed in increments of 1/10th of an hour. Hourly rates are adjusted annually.

10. No party in interest has requested the appointment of a trustee, and thus no further notice of this application need be given and no hearing hereon need be held because of the presumption accorded the debtor-in-possession pursuant to 11 U.S.C. §1107(b).

### Notice

11. The Debtor will provide notice of this Application to: (i) the Office of the United States for Trustee for Region 5; (ii) the attorneys' for the Committee once the committee has been appointed, and until then, (a) the Putative Abuse Survivors listed on the unredacted Schedule F through their counsel and (b) the Debtor's twenty (20) largest unsecured trade creditors; (iii) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (iv) the Louisiana Attorney General's Office; and (v) known counsel to the foregoing. A copy of this Application and any orders approving it will also be made available on the Debtor's Case Information Website located at https://cases.stretto.com/dioceseofalexandria. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an Order substantially in the form attached as <u>Exhibit B</u> granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Alexandria, Louisiana, this 31st day of October, 2025.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email: bdrell@goldweems.com
            hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*pro hac vice forthcoming*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
Email: mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*pro hac vice forthcoming*)
Bruce G. Arnold, Esq. (*pro hac vice forthcoming*)
Lindsey M. Greenawald, Esq. (*pro hac vice forthcoming*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
        bruce.arnold@huschblackwell.com
        lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**

# EXHIBIT A

# DECLARATION

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:

DIOCESE OF ALEXANDRIA          CASE NO. 25-31257

DEBTOR[1]          CHAPTER 11

## DECLARATION OF DISINTERESTEDNESS

Bradley L. Drell, an attorney at law, hereby declares under penalty of perjury under the laws of the United States of America, under 28 U.S.C. § 1746, that he is an attorney in the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC and that to the best of his knowledge he has no connection with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except for previously representing the Diocese in connection with sexual abuse matters, real estate matters, and in preparation for the filing of this bankruptcy case, including multiple mediation sessions with counsel to various abuse survivors, and represents no interest adverse to **DIOCESE OF ALEXANDRIA**, with respect to any of the matters upon which Gold, Weems, Bruser, Sues & Rundell, APLC has been or is to be engaged by the debtor in the above captioned proceeding, and that Bradley L. Drell and the law firm of Gold, Weems, Bruser, Sues & Rundell, APLC are "disinterested" within the meaning of 11 U.S.C. Sections 327 and 1107(b).[2]

*[Signature page to follow]*

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] An employee of Gold, Weems, Bruser, Sues & Rundell, APLC is related to an individual who previously served as a member of the clergy who served in the Diocese of Alexandria. The clergy member is now deceased and was not part of the immediate family of the employee.

7

***I declare under penalty of perjury that the foregoing is true and correct.***

Alexandria, Louisiana, this 31st day of October, 2025.

                                  */s/ Bradley L. Drell*
                                  Bradley L. Drell, Esq.

# EXHIBIT B

# PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

IN RE:

| | |
|---|---|
| DIOCESE OF ALEXANDRIA | CASE NO. 25-31257 |
| DEBTOR[1] | CHAPTER 11 |

## ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY
## GOLD, WEEMS, BRUSER, SUES & RUNDELL, APLC AS COUNSEL

Considering the *Debtor's Application to Employ Gold, Weems, Bruser, Sues & Rundell, APLC as Counsel* (Doc. ___, the "Application"),[2] filed by the Diocese of Alexandria (the "Diocese" or the "Debtor") for authority to employ Gold, Weems, Bruser, Sues & Rundell, APLC ("Gold" or the "Firm") to represent the Debtor in these proceedings under Chapter 11 of the Bankruptcy Code, no notice of the Application being given and none being necessary, and no adverse interest being represented; it appearing that the Firm's attorneys are authorized to practice before this Court, that the Firm represents no interest adverse to the Debtor or its estate in the matters upon which it is to be engaged, that the Firm's employment is necessary and would be in the best interest of the estate, that this Chapter 11 case is one justifying a general retainer, that by accepting employment, the attorneys of the Firm as an officer of this Court enters into a special relationship of trust to the Court and to the creditors, and that such employment brings with it special responsibilities; therefore,

**IT IS ORDERED** that the Debtor be and is hereby authorized to retain Gold as counsel generally in all matters, which in the performance of their duties, the Debtor may properly require

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] Capitalized terms used but not defined herein have meanings given to them in the Application.

the services of an attorney under general retainer. The Court finds that granting the requested relief immediately is necessary to avoid immediate and irreparable harm, pursuant to Rule 6003; and

**IT IS FURTHER ORDERED** that Gold be and is hereby charged with the following special duties and responsibilities which Gold is hereby ordered to perform:

1. Gold shall offer advice to the Debtor and the officers, directors, employees, agents and partners thereof, as applicable, regarding the operation of the business of the Debtor and the Debtor's responsibility to comply with the orders of this Court, including the Order to the Debtor, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Guide to Practice, and other applicable law.

2. Gold shall advise the Debtor of its obligations to file the reports required by the Order to the Debtor filed in connection with this Chapter 11 case and shall instruct the Debtor to include therein any information material to the continued operation of the Debtor and the continuation of these proceedings.

3. Gold shall instruct the Debtor of its responsibility to take all steps reasonably necessary to prevent any depletion of the assets of the estate during the pendency of these proceedings and its responsibility to notify the Court of any actual or threatened depletion of the assets.

4. If, at any time during the pendency of these proceedings, Gold concludes that the continued operation of the Debtor's business or the continuation of these proceedings is not in the best interest of the creditors and of the estate, Gold shall immediately advise the Debtor of that conclusion and recommend that the Debtor so advise the Court.

11

5.     Gold shall inform the Debtor that the Debtor may not pay any indebtedness or obligation owed by the Debtor on the date of the filing of the Petition initiating this proceeding pending further orders of this Court.

6.     Gold shall promptly advise the Debtor not to make any sales of any assets outside the ordinary course of business except upon appropriate further orders of this Court.

7.     Gold shall advise the Debtor that the Debtor must comply with the requirements of the Internal Revenue Code and in particular with the depository receipt requirements of the Internal Revenue Code and regulations, and that the Debtor must comply with all applicable state tax laws and regulations. Further, Gold shall report to the Court any continued and intentional failure of the Debtor to follow Gold's advice.

8.     Gold shall advise the Debtor that all financial reports required to be filed by the Order to Debtor must be true, correct and accurate, and that the Debtor must timely file such reports. In the event that the Debtor continually and intentionally fails to follow Gold's advice, Gold shall so report to the Court.

9.     Gold shall advise the Debtor that all debts incurred by the Debtor in the course of the operation of its business as debtor-in-possession are to be paid in the ordinary course of business and in accordance with the terms of this Court's order authorizing the continued operation of the business.

**IT IS FINALLY ORDERED, in regard to professional compensation, THAT:**

1.     Gold attorneys will bill unproductive travel time, if any, at one-half the hourly rate for which compensation is sought.

2.     Gold may adjust its hourly rates periodically to reflect advancing professional capabilities as well as general economic facts. Any such adjustment shall be disclosed to the

12

Debtor, the United States Trustee, the Court, and is subject to approval of the Court after notice and a hearing.

3. More than one of the Firm's professionals may assist in the representation of the Debtor because of workload or other reasons. All such persons shall be utilized in a manner to promote efficiency and economy for the estate so that tasks will only be assigned to senior personnel when specialized expertise is needed. For example, senior attorneys shall not be compensated at their customary rate for supervising mailing or copying of disclosure statements.

4. In its representation of the Debtor, the Firm may also engage the assistance of paralegals. The court, however, will not allow compensation for paralegals where the services rendered are traditionally clerical in nature.

5. Gold and its employees will account for their time in increments of 1/10 of an hour and in all other respects consistent with section 330 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure, the Fee Guidelines of the United States Trustee issued January 30, 1996, and any applicable orders of this Court.

6. Applications for compensation shall comply in all respects with the Fee Guidelines of the United States Trustee issued January 30, 1996—**THE COURT WILL NOT CONSIDER APPLICATIONS FOR COMPENSATION WHICH DO NOT COMPLY WITH SAID GUIDELINES IN RESPECT TO PROJECT BILLING**.

7. Subject to Court approval, Gold may also seek reimbursement from the estate for actual and necessary out-of-pocket expenses. Gold shall actively exercise reasonable billing judgment when seeking reimbursement for such expenses and shall use the most economical and practical method when incurring such expense. Detailed records of all such expenses shall be maintained.

###

I agree to accept, and agree to be bound in all particulars by the provisions of the foregoing order authorizing my employment.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone   (318) 445-6471
    Facsimile    (318) 445-6476
    Email:       bdrell@goldweems.com
                   hmathews@goldweems.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**

# EXHIBIT C

# DISCLOSURE OF COMPENSATION

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

IN RE: CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

**DEBTOR[1]** **CHAPTER 11**

**DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that Gold, Weems, Bruser, Sues & Rundell, APLC ("Gold") is counsel for the above-named Debtor and that compensation paid to Gold within one year before the filing of the petitions in bankruptcy, or agreed to be paid to Gold, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with the bankruptcy case is as follows:

   Gold was engaged by the Debtor in June of 2024 to explore Chapter 11 bankruptcy options, and since that time has been paid $661,059.08 in fees and expenses, and retains $77,562.35 in trust for future fees and expenses, including the filing fee to be paid.

2. The source of the compensation paid to Gold was:

   ■ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to Gold is:

   ■ Debtor   ☐ Other (specify):

4. ■   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐   I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, Gold has agreed to render legal services for all aspects of the bankruptcy case, including:

   a. advising Debtor with respect to its rights and obligations as a debtor and debtor in possession and regarding other matters of bankruptcy law;

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

16

    b. taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

    c. preparing on behalf of the Debtor, as debtor in possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

    d. representation of Debtor at the meeting of creditors, plan disclosure, confirmation and related hearings, and any adjourned hearings, therefore;

    e. assisting with any disposition of the Debtor's assets;

    f. taking all necessary or appropriate actions in connection with any plan of reorganization and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

    g. representation of Debtor in adversary proceedings and other contested bankruptcy matters; and

    h. representation of Debtor in the above matters, and any other matter that may arise in connection with Debtor's reorganization proceedings and business operations.

6. By agreement with the Debtor, the above-disclosed fee does not include the following service: not applicable.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement for payment to Gold for representation of the Debtor in these bankruptcy proceedings.

Alexandria, Louisiana, this 31st day of October, 2025.

                                           */s/ Bradley L. Drell*
                                           Bradely L. Drell