# EXHIBIT A

# DECLARATION

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

IN RE:

| | |
|---|---|
| DIOCESE OF ALEXANDRIA | CASE NO. 25-31257 |
| DEBTOR[1] | CHAPTER 11 |

## DECLARATION OF DISINTERESTEDNESS

I, Mark T. Benedict, hereby verify under penalty of perjury and pursuant to Fed. R. Bankr. P. 2014(a), that the assertions of this declaration are true and correct to the best of my information, knowledge, and belief.

1. I have read the foregoing Application to Employ Husch Blackwell LLP ("Husch Blackwell" or "Firm") as Counsel[2], and, to the best of my knowledge, all the facts stated herein are true and correct. I am an attorney at law and a partner in the Firm, and my office is located at 4801 Main Street, Suite 1000, Kansas City, Missouri 64112.

**A.  Services to Be Provided.**

2. In connection with the above-captioned Chapter 11 case, the Debtor has requested authorization from the Court to retain Husch Blackwell as its legal counsel. The professional services that Husch Blackwell will render to the Debtor may include, but will not be limited to, those described in the Application.

3. Husch Blackwell, its partners, senior counsel, associates, and paraprofessionals are experienced in matters of bankruptcy and in the representation of debtors in cases, proceedings, and matters under the Bankruptcy Code, and are well qualified to represent Debtor.

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

4. Those attorneys who will provide services to the Debtor in this case are familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee, and shall comply with them.

**B.    Professional Compensation.**

5. On May 12, 2025, Debtor and Husch Blackwell entered into an engagement agreement for Husch Blackwell to provide legal services to the Debtor in connection with the preparation and filing of the expected Chapter 11 case.

6. Husch Blackwell was engaged in 2024 to provide the Debtor with general strategic advice, including consideration of Chapter 11 and other insolvency alternatives. In the past 12 months, Husch Blackwell has received a total of approximately $1,136,994.09 in payments for its prepetition services and expenses incurred on behalf of the Debtor in connection with its reorganization efforts, including the preparation and commencement of this Chapter 11 case consisting of approximately $770,496.75 paid directly by the Debtor and approximately $366,497.34 drawn from the retainer, as more fully discussed below. Husch Blackwell received a retainer of $1,000,000 from the Debtor on or about May 22, 2025. At the direction of the Debtor, Husch Blackwell drew down on its retainer in the amount of $366,497.34 to pay certain fees and expenses, and as of the Petition Date, which includes a prepayment of estimated fees and expenses to Husch Blackwell for the two days preceding the filing. As such, the balance of the retainer is $633,502.66 (i.e., $1,000,000 original retainer - $366,497.34 drawn from the retainer = $633,502.66 remaining retainer). The prepaid portion of the fee will be reconciled against fees actually earned by Husch Blackwell for the subject two days. Any portion of the prepaid fee not earned based on hourly billing will be refunded to the Debtor's estate by payment to the Firm's trust account to increase the remaining retainer. If the fees incurred based on hourly billing exceed the prepaid fee, any amounts above the prepaid fee shall be written off and

3

waived as described herein. Any amounts in the firm's trust account will be held pending further order of the Court, including interim and final compensation for Husch Blackwell as counsel for the Debtor. Husch Blackwell will supplement its Disclosure of Compensation, attached hereto as Exhibit C, once reconciliation is complete and will disclose the amount, if any, refunded to its trust account.

7. Post-Petition, Husch Blackwell intends to apply for compensation for professional services rendered in connection with the Chapter 11 Case. Subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, United States Trustee Guidelines for Region 5, and orders of this Court, Husch Blackwell will charge Debtor on an hourly basis in six-minute increments and seek reimbursement of actual, necessary expenses and other charges that Husch Blackwell incurs.

8. Husch Blackwell's hourly rates are set at a level designed to fairly compensate Husch Blackwell for the work of its professionals. Hush Blackwell's discounted hourly rates for attorneys for this matter are currently as follows:

| | |
|---|---|
| Frank LoCoco, Partner | $725 |
| Bruce Arnold, Partner | $725 |
| Mark Benedict, Partner | $725 |
| Lindsey Greenawald, Senior Counsel | $525 |
| Morgan Hutchinson (Associate) | $415 |

9. Husch Blackwell's hourly rates are discounted but otherwise consistent with the rates it charges in bankruptcy and non-bankruptcy matters of this type. Husch Blackwell customarily implements annual rate increases at the beginning of each calendar year. Accordingly, the applicable hourly rates will increase as a part of its annual rate review. Any subsequent rate increases will continue to apply a discount from the Firm's standard rates.

4

10. It is Husch Blackwell's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, postage, express mail and messenger charges, computerized legal research charges, and other computer services. Husch Blackwell will charge the Debtor for these expenses in a manner and at rates consistent with those Husch Blackwell generally charges its other clients. There will be no charge for those expenses which are normally absorbed by Husch Blackwell as overhead.

11. Husch Blackwell has not shared or agreed to share any of its compensation from these matters with any other person, other than a partner or associate of the Firm.

12. I understand that the Court's approval of the *Application to Employ Husch Blackwell LLP as Counsel* is not approval of any proposed terms of compensation and under Section 328(a) of the Bankruptcy Code the Court may allow compensation on terms different from those proposed.

**C.  Husch Blackwell's Disinterestedness.**

13. Neither I, Husch Blackwell, nor any partner or associate thereof, insofar as I have been able to ascertain, has any financial connection with the Debtor, its estate, or any of its other attorneys and accountants.

14. Neither Husch Blackwell nor its partners nor associates, to my knowledge, have represented or have had or have any connection with any individual or entity in the Chapter 11 Case, other than as set forth in this Declaration, or any interest adverse to the Debtor's estate.

15. Neither I, Husch Blackwell, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interests adverse to that of the estate or the Debtor

5

25-31257-71 #14-2 Filed 12/08/25 Entered 12/08/25 08:53:16 Exhibit De-Declaration Pg 5 of
25-31257-14 #16 Filed 12/08/25 Entered 12/08/25 08:53:16 Exhibit De-Declaration Pg 5 of
Disinterestedness Pg 5 of 9

or its estate with respect to the matters upon which the Firm is to be engaged, except as set forth herein.

16. Husch Blackwell is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code as modified by Bankruptcy Code Section 1107(b), and as required under Section 327(a) of the Bankruptcy Code, because neither Husch Blackwell nor any of its professionals:

   a. is a creditor, an equity security holder, or an insider of the Debtor;

   b. was, within two years before the date of filing of the Chapter 11 Case, a director, officer, or employee of Debtor; or

   c. has an interest materially adverse to the interests of the Debtor's estate or of any of the Debtor's top 20 unsecured trade creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

17. I understand further that Husch Blackwell does not, and will not, represent any of these persons or entities, or their affiliates, with respect to this Chapter 11 proceeding, nor does Husch Blackwell's other representation conflict with the interests of the Debtor, its estate, or Husch Blackwell's representation of the Debtor herein. To the extent that I become aware of any additional such unrelated representation subsequent to the date of this Declaration, I intend to supplement this Declaration accordingly.

18. In the event that Husch Blackwell determines that any representation of Debtor in this proceeding against those aforementioned persons or entities conflicts with Husch Blackwell's prior representation of said persons or entities, Husch Blackwell shall recuse itself from such specific representation, or perform such other acts as may be necessary. Husch Blackwell may represent other current clients who are creditors of or who have a connection with the Debtor and/or the Debtor's reorganization efforts that were not disclosed to or

uncovered by my review. However, my preliminary review indicates that Husch Blackwell does not represent any such entity in connection with this case.

19. Similarly, if any conflict arises between Debtor and Husch Blackwell from such specific representation, Husch Blackwell shall recuse itself from such specific representation or perform such other acts as may be necessary.

20. Husch Blackwell has conducted a series of conflict checks of the Debtor, its affiliates and officers and directors, as well as, inter alia, creditors, the major constituents in the case (*i.e.*, abuse claimants). Husch Blackwell ran the following categories of parties through a search of its client database, regarding its connections with the Debtor and other parties in interest: (a) the Debtor; (b) the Debtor's members and directors; (c) the creditors listed on the Debtor's Schedules D/E/F, including those identified on the redacted schedules; (d) the Acting and Assistant United States Trustees for Region 5; and (f) the Bankruptcy Judges for the Western District of Louisiana. A search of Husch Blackwell's client database is designed to reveal any representation of, or potential conflict with, the entity searched for any known subsidiary or affiliate.

21. Husch Blackwell has performed these conflicts searches in conjunction with its engagement as counsel for the Debtor based upon information periodically received from the Debtor, which may be supplemented in the future. Accordingly, the Declaration is being submitted based upon information obtained to date. Supplementation of this Declaration will be necessary if additional conflicts searches are completed and additional information becomes available. To date, I have been informed that Husch Blackwell has done work for creditors or other parties in interest of the Debtor unrelated to this case for the following parties:

- Loyola University

25-31257 #141-12 Filed 12/08/25 Entered 12/08/25 10:53:16 Exhibit DeCaro Declaration of Disinterestedness Pg 7 of 9

- Franciscan University of Steubenville
- Optimum

22. In addition, an insurance archivists identified potential policies of insurance that may provide coverage for the Debtor. I performed a search related to the carriers identified by the archivist to ascertain connections to the Debtor's insurance carriers. I have been informed that Husch Blackwell represents the following carriers in matters unrelated to the Debtor:

- AIG Specialty Insurance Company
- Allianz Underwriters Insurance Company
- Catholic Mutual Relief Society of America
- Chubb Insurance
- CNA Insurance Companies
- Great American Insurance Company
- Safety National Insurance, a member of the Tokio Marine Group
- St. Paul's Surplus Lines, Inc.
- Swiss Re Life and Health
- Travelers Casualty and Surety Company of America

23. I understand that Debtor has potentially more creditors and parties in interest which are unknown at this time. I intend to supplement this Declaration as necessary as the identities of those creditors and their relationships, if any, with Husch Blackwell become known. Consequently, while there may exist certain additional persons to whom Husch Blackwell has rendered legal services, I am unaware of any such representation that is in conflict with or adverse to, that of the Debtor, its estate, or which is related to the Chapter 11 case.

8

24.     Except as disclosed in this Declaration, I personally have no connection or interest with (i) the United States Trustee or any person employed by the Office of the United States Trustee, or (ii) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case. However, as part of its practice, Husch Blackwell appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent Debtor and creditors or parties in interest in this case. I understand that Husch Blackwell has not and will not represent any such entities in relation to Debtor and the Chapter 11 case, nor has or will have any financial relationship with any such entities that would be adverse to the Debtor or its estate in the matters upon which Husch Blackwell is to be employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated October 31, 2025.

<i>/s/ Mark T. Benedict</i><br>
Mark T. Benedict<br>
Partner