UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                      CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

**DEBTOR**[1]                                                  **CHAPTER 11**

## ~~INTERIM~~FINAL ORDER APPROVING DEBTOR'S EXPEDITED MOTION FOR AN ORDER AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES

Upon the *Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* (the "Confidentiality Protocol Motion" or "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") for entry of ~~interim and~~a final ~~orders~~order (a) requiring the unredacted copies of all schedules, statements of financial affairs, creditor matrix, proofs of claim, motions, pleadings, and any other entry into the record containing Protected Information (as defined below) be permanently sealed; (b) requiring the unredacted copies of all documents filed in this Chapter 11 Case containing the Protected Information (as defined below) of employees, workers' compensation claimants, and minors be permanently sealed; provided, however, that the names of non-minor employees and workers' compensation claimants may be disclosed; (c) approving the Confidentiality Protocols (as defined below) applicable to (i) all proof of claim forms submitted by Putative Abuse Survivors, and (ii) all documents and records containing Protected Information; (d) limiting notice to a specific list of recipients on all but certain discrete matters identified herein; and (e) requiring

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

that all documents and records containing Protected Information, including but not limited to those described in subsection (a), remain sealed after the final disposition of this case, and that all proofs of claim be destroyed five (5) years after the final distribution from the liquidating trust to be implemented through the Debtor's proposed Chapter 11 plan of reorganization, or within such other reasonable period as the Court may determine. It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules") and the Local Rules of Bankruptcy Procedure in the United States Bankruptcy Court for the Western District of Louisiana ("LBR"); that no objections have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion and the ~~interim~~final hearing thereon is appropriate and no other or further notice is required; that there is good cause for entry of ~~an immediate interim~~a final order ~~pursuant to Fed. R. Bankr. P. 6003~~; it appearing that the relief requested is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted on ~~an interim~~a final basis as set forth herein.

2. Subject to the provisions of Paragraph 4 below, if any document or record contains Protected Information, the party seeking to file such information shall prepare an unredacted version, which shall be permanently sealed, and a redacted version, which shall initially be sealed to allow interested parties time to review the proposed redactions. The filing party shall file under seal the unredacted version of any documents and records containing any information, including but not limited to, personally identifiable information, that could reasonably be used to identify (a) individuals who allege that the Diocese, or persons affiliated with the Diocese, is liable for his or her injuries arising from abuse (the "Putative Abuse

Survivors"), (b) individuals accused of abuse whose identities have not been disclosed publicly through the Debtor's list of accused maintained on its website (the "Accused Individuals"), and (c) current and former employees, workers' compensation claimants, and minors (collectively, "Protected Information"). No further order of the Court shall be required to seal the aforementioned information.

3. The following confidentiality protocol (the "Confidentiality Protocol for Claims"), shall apply to all proofs of claim submitted by Putative Abuse Survivors (the "Putative Abuse Survivor Claims"):

    a. all claimants asserting a Putative Abuse Survivor Claim are directed to submit such claims directly to the Debtor's claims and noticing agent, Stretto, Inc. (the "Claims Agent"). Such claims should not be filed with the Court;

    b. Putative Abuse Survivor Claims received by the Claims Agent shall be held and treated as confidential by the Claims Agent, and copies thereof shall be provided or made available only to the following parties (the "Authorized Claim Recipients"):

      i. the Bankruptcy Court;

      ii. with respect to any particular Putative Abuse Survivor Claim, the holder of such claim and their counsel of record;

      iii. the member trustees and officers of the Debtor, and such other employees of the Debtor who are necessary to assist the Debtor in reviewing and analyzing the Putative Abuse Survivor Claims;

      iv. any counsel to the Debtor or to any Committee appointed pursuant to 11 U.S.C. § 1102 or any other entity formed to represent any group of the Putative Abuse Survivors (referred to herein as a "Committee");

      v. any insurance company that provided insurance that may cover the claims described in any Putative Abuse Survivor Claim[3] (each, an "Insurer" and collectively, the "Insurers"), together with their respective employees, officers, affiliates, successors, reinsurers, administrators, and counsel;

---

[3] For the avoidance of doubt, each Insurer shall only have access to the unredacted proofs of claim wherein the Insurer may cover the claims described in the Putative Abuse Survivor Claim; in other words, this Paragraph 3(v) applies on a claim-by-claim basis with respect to access to the unredacted proofs of claim. However, each Insurer shall have access to each redacted proof of claim.

retrocessionaires, reinsurance intermediaries, consultants, experts and the Insurers' counsel and other professionals, including partners, counsel, associates, consultants, experts, and employees of such professionals, who are necessary to assist the Insurers and their counsel and other professionals in reviewing and analyzing Survivor Claims (collectively, the "Insurer Affiliated Entities");

vi. any person appointed pursuant to an order of the Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Putative Abuse Survivor Claims;

vii. any trustee or functional equivalent thereof, appointed to administer payments to Putative Abuse Survivor and professionals retained by such trustee or functional equivalent thereof, including pursuant to a plan of reorganization or a proposed plan of reorganization; provided, however, that any members of advisory, steering, consultative, or similar committees appointed to assist the trustee shall not be Authorized Claim Recipients;

viii. authorized representatives of a department of corrections, if a Putative Abuse Survivor is incarcerated, but only with respect to any proof of claim form by such claimant and only to the extent disclosure is required under applicable non-bankruptcy law;

ix. upon consent of the Debtor and the Committee, and upon fourteen (14) days'[34] notice to the Putative Abuse Survivor and his or her counsel of record, any person identified in a Putative Abuse Survivor Claim who is alleged to have witnessed, committed, or otherwise had knowledge of, any act of abuse against the claimant;

x. any person who is alleged by the Putative Abuse Survivor to be responsible, financially or otherwise, whether in the Putative Abuse Survivor Claim or in any complaint or other filings in any lawsuit, for the consequences of any such act of abuse, and any such person's counsel of record;

xi. any person with the express written consent of the Debtor and the Committee, upon fourteen (14) days' notice to the affected claimants and their counsel of record; and

xii. such other persons as the Court may, pursuant to subsequent order, authorize to access ~~to~~ the proof of claim forms; provided, however, that

---

[34] All reference to days herein shall be calendar days.

4

any such determination shall be made on no less than fourteen (14) days' notice to the affected claimant(s) and their counsel of record.

c. notwithstanding the designation of Authorized Claim Recipients above, other than the Bankruptcy Court, no person or entity may obtain copies of any Putative Abuse Survivor Claims prior to the execution of a confidentiality agreement substantially in the form attached hereto as <u>Exhibit A</u> (the "Authorized Party Confidentiality Agreement") and the submission of such Authorized Party Confidentiality Agreement to the Debtor's counsel. Provided, however, that solely with respect to experts or other entities where the Authorized Claim Recipient contends that the disclosure of the identity of the recipient is subject to privilege or not yet required under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or based on separate order of the Bankruptcy Court, the Authorized Claim Recipient may retain the Authorized Party Confidentiality Agreement until such time as disclosure of the identity of the signer is otherwise required. Counsel to or another authorized representative of the Debtor~~; its insurers together with their respective successors, reinsurers, and administrators; and the Committee~~, the Committee, each of the Insurers, and the Insurer Affiliated Entities shall only be required to execute a single Authorized Party Confidentiality Agreement on behalf of those firms or entities and, in the case of counsel, their law firms and respective clients, which shall be deemed binding on their entire firm or entity and, with respect to counsel ~~for the Debtor and its insurers, together with their respective successors, reinsurers, and administrators, their~~, their law firms and respective clients. Access to the Putative Abuse Survivor Claims for all other Authorized Claim Recipients shall be restricted to the natural person who executes an Authorized Party Confidentiality Agreement, and a separate Authorized Party Confidentiality Agreement must be signed by each natural person seeking access to the Putative Abuse Survivor Claims on behalf of an Authorized Claim Recipient; to the extent an Insurer or its counsel provides only a single executed Authorized Party Confidentiality Agreement, such Insurer or its counsel shall have obtained requisite authority to sign on behalf of any Insurer Affiliated Entities and shall be responsible for providing a copy of this Order to and otherwise notifying any Insurer Affiliated Entities of their respective duties of confidentiality under this Order;

d. Authorized Claim Recipients in possession of any Putative Abuse Survivor Claims shall keep the proof of claim forms confidential and shall not use or disclose any information provided in any Putative Abuse Survivor Claims except in accordance with the terms of the Authorized Party Confidentiality Agreement or pursuant to an order of this Court;

e. the Claims Agent shall assign to each claimant asserting a Putative Abuse Survivor Claim a unique identifier code and shall maintain a confidential list of the identities of the Putative Abuse Survivors, their corresponding identifier code, and their respective proof of claim form; and

f.  in addition, information in Putative Abuse Survivor Claims may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. The Debtor and Committee also reserve the right to disclose such information to governmental authorities if they reasonably believe that fraud is being committed. If any such disclosures to governmental authorities are required to be made under this paragraph (f), Putative Abuse Survivors will be notified at the time of such disclosure.

4. The following confidentiality protocol shall apply to the submission of all documents containing Protected Information, <u>excluding</u> the Putative Abuse Survivor Claims, (hereinafter, the "Confidentiality Protocol for Documents," or, together with the Confidentiality Protocol for Claims, collectively the "Confidentiality Protocols"):

a.  the Debtor will file redacted copies of the affidavits/certificates of service, creditor matrix, schedules, and statement of financial affairs on the docket of this Chapter 11 Case—including all subsequent amendments thereto. These redacted filings shall have all Protected Information formally redacted and may, as appropriate, replace any such information with a pseudonym for the Putative Abuse Survivor or Accused Individual. The Debtor will promptly provide unredacted copies of such documents under seal to Court in accordance with Paragraph 4(c).

b.  except for the documents mentioned above in Paragraph 4(a), <u>all parties</u> must file all other documents containing Protected Information under seal by emailing them directly to LAWB_Sealed_Filings@lawb.uscourts.gov , with the subject line: "Filing Under Seal, Case No. 25-31257, [Name of Filing]."

c.  except for Putative Abuse Survivor Claims, after the filing of any sealed document containing Protected Information, the filing party shall, within three (3) days, serve by electronic mail both a redacted version and an <u>un</u>redacted version of the document on the following parties:

  i.  the Office of the U.S. Trustee for Region 5;

  ii.  any party (including a Putative Abuse Survivor or Accused Individual) specifically identified in the filed document; and

  iii.  any person or entity who is entitled to service of the pleading and is an Authorized Claim Recipient (hereinafter, collectively the "Authorized Document Recipients," or, together with the Authorized Claim Recipients, the "Authorized Parties"), so long as the Authorized Document Recipient has executed the Authorized Party Confidentiality Agreement as set forth in Paragraph 3(c). Under 11 U.S.C. § 107(c)(3), the U.S. Trustee (a) shall have full access to all information contained in any paper filed under seal

in this case and (b) shall not disclose information specifically protected by this Order. Moreover, the U.S. Trustee is not required to execute any confidentiality agreement to receive unredacted copies of any filed documents;

d. Authorized Document Recipients in possession of documents containing Protected Information shall keep such documents confidential and shall not use or disclose any Protected Information therein except in accordance with the terms of the Authorized Party Confidentiality Agreement or pursuant to an order of this Court. However, this provision does not restrict disclosures by the United States Trustee, consistent with the limitations on such disclosures in federal law, that are necessary to the performance of its statutory duties, including notification to and cooperation with law enforcement agencies concerning evidence of criminal activity, as well as the publication of the names of individuals who consent to the disclosure of their identity as required for members of any committee appointed pursuant to 11 U.S.C. § 1102.

e. Authorized Document Recipients have fourteen (14) days, from receipt of redacted and unredacted copies of the sealed document, to file an objection with the Court against the redacted version being filed publicly; any such Objections must be redacted of any Protected Information.

f. if no objection is filed within the time period described above, or if the Court otherwise orders public filing, the party that filed the document under seal must file a redacted version on the public docket within seven (7) days after expiration of the objections time period. The redacted version filed on the public docket must redact all Protected Information and may, as appropriate, replace any Protected Information with the claim number associated with the Putative Abuse Survivor maintained by the Claims Agent or use pseudonyms.

5. To the extent that any of the parties specified in 11 U.S.C. § 107(c)(3) receive unsealed documents and records displaying Protected Information, including but not limited to the Putative Abuse Survivor Claims, they shall not share these documents, records, or forms or disclose the information therein, absent receiving authorization to do so from this Court. But as stated in Paragraph (4)(d), the United States Trustee is authorized to make disclosures, consistent with the limitations on such disclosures in federal law, that are necessary for the performance of its statutory duties.

6. If any party seeks to unseal a document or record, or questions whether a document or record contains Protected Information, that party shall first file the document under seal in accordance with the Confidentiality Protocol for Documents, described above, and subsequently seek approval from this Court to unseal the document and/or file it on the public docket with appropriate redactions to keep confidential the Protected Information.

7. The Debtor shall establish and file the Core Service List that shall initially include the following parties-in-interest: (i) the Office of the United States Trustee for Region 5; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the attorneys' for any Committee appointed pursuant to 11 U.S.C. § 1102 once that committee has been appointed, and until then, (a) the Putative Abuse Survivors listed on the unredacted Schedule F through their counsel and (b) the Debtor's twenty (20) largest unsecured trade creditors; (v) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (vi) the Louisiana Attorney General's Office; and (vii) known counsel to the foregoing.

8. Any party-in-interest wishing to be included on the Core Service List shall file a notice of such request with the Court (by CM/ECF for those who are authorized users or, for those who are not authorized CM/ECF users, by submitting a paper copy, by mail or in person, to the Clerk of the Court, at the following address: The Clerk of the United States Bankruptcy Court for the Western District of Louisiana, ~~300 Fannin~~<u>Monroe Division, 201 Jackson</u> Street, ~~Room 2201, Shreveport~~<u>Suite 215, Monroe</u>, Louisiana ~~71101~~<u>71201</u>) and serve a written copy of such request to the Debtor's bankruptcy counsel at the following address: Gold, Weems, Bruser, Sues & Rundell, APLC, P.O. Box 6118, Alexandria, LA 71307, attn.: bdrell@goldweems.com, hmathews@goldweems.com.

9. The Debtor or its notice and claims agent, Stretto, Inc. (the "Claims Agent"), will update the Core Service List to include those persons or parties who have made a written request to be included on the Core Limited Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case; and (ii) monthly thereafter throughout the pendency of this case. The Debtor or the Claims Agent will file a notice of each updated Core Service List if it includes changes from the last Core Service List filed with the Court.

10. The Core Service List shall clearly identify interested parties and their counsel who participate in the CM/ECF system.

11. Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Core Service List, and (b) any creditor or other party-in-interest whose interests are likely to be affected directly by the pleading or proceeding. The serving party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of service can state that all parties on the Core Service List were served in lieu of individually identifying each party on the Core Service List, in which case, it shall indicate the date of the Core Service List that was used for service. The affidavit or certificate of service may be appended to the end of the pleading or paper being filed.

12. The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, provided however, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7) and (b)(1) and (2) shall be served by mail in hard copy.

13. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to section 341 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"); (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization; (v) notice of time fixed to accept or reject a proposed modification of a chapter 11 plan; and (vi) notice of any hearing on a motion to dismiss the Bankruptcy Case or to convert the Bankruptcy Case to chapter 7.

14. The Debtor is directed to serve a copy of this Order on all creditors on the creditor matrix along with a simple form to submit to request notice in the form substantially the same as that attached to the Motion within seven (7) days of entry of this Order and to file a certificate of service with the Clerk of the Court.

15. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints an official committee of unsecured creditors. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Core Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

16. Complaints, summons, and motions initiating contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Federal Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

17. All sealed documents and records shall remain under seal with this Court following the final disposition of this case.

18. All proofs of claim shall be destroyed within 45 days following the date that is five (5) years after the final distribution from the liquidating trust to be implemented through Debtor's proposed Chapter 11 plan of reorganization, or within such other reasonable period as the Court may determine. If a proof of claim relates to or identifies a living person, a copy of the proof of claim will be retained by the Debtor.

19. Within twenty-eight (28) days following the dissolution of any Committee, the Committee shall turn over all records in its possession to the trustee of the liquidating trust established pursuant to the Debtor's plan of reorganization. However, the requirements of this paragraph may be modified by any subsequent confirmation order or by request made to the Court by any Committee once formed.

20. Notwithstanding any other requirement herein to return or destroy proofs of claim and/or documents containing Protected Information:

(a) Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memos, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product as required for regulatory recordkeeping purposes, even if such materials contain Protected Information. Any such retained copies that contain or constitute Protected Information shall remain subject to this Order, unless and until destroyed, without exception.

(b) Any applicable Authorized Party or their counsel will make commercially reasonable best efforts to destroy any proofs of claim and/or documents containing

Protected Information that are produced or stored in electronic format. However, if it later becomes known by the Authorized Party or their counsel that certain of these proofs of claim and/or documents containing Protected Information that are produced or stored in electronic format remain in the custody of the Authorized Party and their counsel, such fact will not be considered a violation of this Order and such proofs of claim and/or documents containing Protected Information shall remain confidential subject to the terms and restrictions contained in this Order without exception and shall be stored in such a fashion so as to prevent their disclosure.

(c) Nothing in this section shall require any party to destroy attorney work product or attorney-client communications that contain or reflect proofs of claim and/or documents containing Protected Information.

(d) If an Authorized Party and/or its counsel or their representatives transfers any proofs of claim and/or documents retained pursuant to subparagraphs (a) and (b) above containing Protected Information to another entity or person, they must give the Debtor advance written notice with a reasonable description of the subject proofs of claim and/or documents containing Protected Information and an explanation for the need to retain and/or transfer the proofs of claim and/or documents containing Protected Information.

(e) The Court retains jurisdiction over any disputes on the ability to use, destroy, retain, and/or transfer any proofs of claim and/or documents containing Protected Information subject to this Order.

12

25-31254-KKS Doc 142-2 Filed 12/08/25 Page 13 of 16
25-31254-KKS Doc 125 Filed 12/05/25 15:08:53 Desc Proposed
Confidentiality Order Pg 12 of 16

21. ~~20.~~ Nothing in this Order shall bar the provision of any documents or information to any law enforcement agency, or any law enforcement officer thereof, relevant to a criminal investigation.

22. ~~21.~~ If any person or entity receiving Protected Information pursuant to this Order suffers a data breach leading to the disclosure of Protected Information, they shall inform the Bankruptcy Court, the Debtor and the United States Trustee within three (3) business days of the discovery of such disclosure.

~~22. A final hearing on the Motion for entry of a final order shall be held on December 9, 2025, at 10:00 a.m. Central Time before the Honorable John S. Hodge, at Tom Stagg United States Courthouse, Courtroom 4, 300 Fannin Street, Shreveport, Louisiana 71101, with virtual participation allowed pursuant to this Court's *Notice Regarding Remote Access*. In accordance with Local Rules, any objections or responses to the relief sought in the Motion must be filed with the Clerk of this Court no later than December 2, 2025.~~

~~23. Notice of this Order shall be provided to the Core Service List as defined in the *Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 13]~~

23. ~~24.~~ This Order shall be immediately effective and enforceable upon entry.

24. ~~25.~~ The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

25. ~~26.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of or interpretation of this Order.

26. Notice of this Order shall be provided to the Core Service List as defined in the Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures [Dkt. No. 13].

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell* _____
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email:   bdrell@goldweems.com
               hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
    Mark T. Benedict, Esq. (*admitted pro hac vice*)
    4801 Main Street, Suite 1000
    Kansas City, MO 64112
    Telephone (816) 983-8000
    Facsimile (816) 983-8080
    Email:   mark.benedict@huschblackwell.com

    AND

    Francis H. LoCoco, Esq. (*admitted pro hac vice*)
    Bruce G. Arnold, Esq. (*admitted pro hac vice*)
    Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
    511 North Broadway, Suite 1100
    Milwaukee, WI 53202
    Telephone (414) 273-2100
    Facsimile (414) 223-5000
    Email:   frank.lococo@huschblackwell.com
               bruce.arnold@huschblackwell.com
               lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN**

**POSSESSION, DIOCESE OF ALEXANDRIA**

~~Form approved by:~~
~~11/14/2025~~    ~~/s/ Antony D. Constantini~~
~~Date~~             ~~Antony D. Constantini, Fla. Bar No. 92722~~
                 ~~Trial Attorney, Office of the U.S. Trustee~~
                 ~~300 Fannin Street, Suite 3196, Shreveport, Louisiana 71101~~
                 ~~(318) 676-3456~~
                 ~~antony.constantini@usdoj.gov~~

~~11/14/2025~~    ~~/s/ Matthew M. Weiss~~
~~Date~~             ~~Tristan Manthey, La. Bar No. 24539~~
                 ~~Cherie Dessauer Nobles, La. Bar No. 30476~~
                 ~~FISHMAN HAYGOOD, L.L.P.~~
                 ~~201 St. Charles Avenue, Suite 4600~~
                 ~~New Orleans, Louisiana 70170-4600~~
                 ~~Telephone: 504-586-5252~~
                 ~~Fax: 504-387-6790~~
                 ~~tmanthey@fishmanhaygood.com~~
                 ~~cnobles@fishmanhaygood.com~~

                 ~~AND~~
                 ~~Harris B. Winsberg (*admitted pro hac vice*)~~
                 ~~Matthew M. Weiss (*admitted pro hac vice*)~~
                 ~~Matthew G. Roberts (*admitted pro hac vice*)~~
                 ~~PARKER, HUDSON, RAINER & DOBBS LLP~~
                 ~~303 Peachtree Street NE, Suite 3600~~
                 ~~Atlanta, GA 30308~~
                 ~~Telephone: 404-523-5300~~
                 ~~Fax: 404-522-8409~~
                 ~~hwinsberg@phrd.com~~
                 ~~mweiss@phrd.com~~
                 ~~mroberts@phrd.com~~
                 ~~AND~~
                 ~~Todd C. Jacobs (*admitted pro hac vice*)~~
                 ~~John E. Bucheit (*admitted pro hac vice*)~~
                 ~~PARKER, HUDSON, RAINER & DOBBS LLP~~
                 ~~Two N. Riverside Plaza, Suite 1850~~
                 ~~Chicago, IL 60606~~
                 ~~Telephone: 312-477-3306~~
                 ~~Fax: 404-522-8409~~
                 ~~tjacobs@phrd.com~~
                 ~~jbucheit@phrd.com~~

                 ~~*Counsel to Interstate Fire & Casualty Company*~~

| Summary report: Litera Compare for Word 11.6.0.100 Document comparison done on 12/8/2025 2:36:46 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** nd://4933-8371-1095/5/Diocese Alexandria - Interim Confidentiality Order.docx ||
| **Modified filename:** Diocese of Alexandria - Final Confidentiality Order_Debtor's Counsel Final Proposal_12_05_2025.docx ||
| **Changes:** ||
| Add | 59 |
| Delete | 74 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 133 |