**SO ORDERED.**

**DONE and SIGNED December 9, 2025.**



_____
JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

IN RE:

| | |
|---|---|
| DIOCESE OF ALEXANDRIA | CASE NO. 25-31257 |
| DEBTOR[1] | CHAPTER 11 |

**FINAL ORDER (A) AUTHORIZING THE DEBTOR TO CONTINUE ITS PRE-PETITION INSURANCE PROGRAM AND SATISFY OBLIGATIONS DUE THEREUNDER; AND (B) AUTHORIZING THE DEBTOR TO RENEW, MODIFY, OR PURCHASE INSURANCE COVERAGE**

Considering the *Expedited Motion for Interim and Final Orders (A) Authorizing the Debtor to Continue Its Pre-Petition Insurance Program and Satisfy Obligations Due Thereunder; (B) Authorizing the Debtor to Renew, Modify, or Purchase Insurance Coverage; and (C) Scheduling a Final Hearing* (Doc. 8, the "Insurance Motion"),[2] filed by the Diocese of Alexandria (the "Diocese" or the "Debtor"); and it appearing that the Court has jurisdiction to consider the

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used in this Final Order shall have the meanings ascribed to them in the Insurance Motion.

1

Insurance Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Insurance Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Insurance Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and an order granting the relief requested in the Insurance Motion on an interim basis having been entered on November 6, 2025 (Doc. 49); and the Court having reviewed the Insurance Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Insurance Motion on a final basis is in the best interests of the Diocese, its estate, creditors, and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. The Insurance Motion is GRANTED on a final basis as set forth herein.

2. All objections to the Insurance Motion, or to the relief requested therein, that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and disallowed on the merits.

3. The Diocese is authorized, but not directed, to: (a) continue the Insurance Program, including workers' compensation coverage through the Louisiana Catholic Workers' Compensation Pool, automobile coverage, and property and liability coverage, and to satisfy, in the ordinary course of business, all obligations related thereto, including pre-petition and post-petition premiums, deductibles, self-insured retentions, Brokerage Fees, and other related fees and costs; (b) pay deductibles and self-insured retentions incurred in the ordinary course of business for claims arising under insurance policies that were in effect at any time during the three-year period immediately preceding the Petition Date; (c) maintain any letters of credit, certificates of deposit, or other financial instruments supporting the Insurance Program; (d) continue its practice

of assessing and collecting reimbursements from Apostolates for their respective portions of insurance costs; (e) renew, supplement, modify, or purchase insurance policies in the ordinary course of its business; (f) continue utilizing its insurance broker, Waldorf Risk Solutions, and pay all associated fees; and (g) make insurance payments on behalf of struggling Apostolates as necessary to ensure continuity of the Insurance Program and the uninterrupted provision of religious and charitable services throughout its territory.

4. All applicable financial institutions (the "Banks") are hereby authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related to the obligations identified in this Order, whether such checks were presented or fund transfer requests were submitted prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

5. The Banks are authorized to rely on the Diocese's designation of any particular check or fund transfer as approved by this Order, without any duty of further inquiry, and without liability for following the Diocese's instructions.

6. The Diocese is authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to pre-petition amounts approved to be paid by this Order.

7. Nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) the assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law,

including, without limitation, ~~the 1983 Code of Canon Law for the Church,~~ the First Amendment of the United States Constitution, the Constitution of the State of Louisiana, the Religious Freedom Restoration Act, the church autonomy doctrine, any applicable charitable trust law, or the right to object to disclosure of information.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Final Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Final Order shall not invalidate or impair any actions taken pursuant to this Final Order prior to such modification or vacatur.

9. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Final Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

11. Notice of this Order shall be provided to the Core Service List as defined in the Court's *Interim Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 93].

###

Prepared and submitted by:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email:    bdrell@goldweems.com
                 hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile  (816) 983-8080
Email:    mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile  (414) 223-5000
Email:    frank.lococo@huschblackwell.com
          bruce.arnold@huschblackwell.com
          lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**