LEO GOLD (1907 - 1987)
GEORGE B. HALL (1924 - 1971)
PEGGY D. ST JOHN (1953 - 2017)
F. A. LITTLE, JR. (1937 - 2024)

CHARLES S. WEEMS, III
RANDALL L. WILMORE
DORRELL J. BRISTER [1,2,3]
GREGORY B. UPTON
RANDALL M. SEESER
MICHAEL J. O'SHEE
BRANDON A. SUES
TREVOR S. FRY [2,5]
BRADLEY L. DRELL [4]
STEVEN M. OXENHANDLER
STEPHEN A. LAFLEUR
HEATHER M. MATHEWS [2]
B. GENE TAYLOR, III
LESLIE E. HALLE [3]
EVELYN I. BREITHAUPT [2]
JOSHUA J. DARA, JR
R. MORGAN BRIGGS



# GOLD WEEMS

BRUSER SUES & RUNDELL

CELEBRATING 75 YEARS OF EXCELLENCE

A Professional Law Corporation
2001 MacArthur Drive
Post Office Box 6118
Alexandria, Louisiana 71307-6118
Tel: (318) 445-6471   Fax: (318) 445-6476
Toll free: (866) 302-6283
www.goldweems.com
Writer's Email: bdrell@goldweems.com

CONNOR C. HEADRICK
CONNER L. DILLON
DANIEL T MARLER
CALEB J. O'CONNELL
AMBER L LABORDE

OF COUNSEL:
CAMILLE F. GRAVEL (1915 - 2005)
HENRY B BRUSER, III
EUGENE J. SUES
EDWARD E RUNDELL [2]

[1] SPECIALIST IN TAXATION, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[2] ALSO ADMITTED IN TEXAS
[3] SPECIALIST IN ESTATE PLANNING & ADMINISTRATION, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[4] SPECIALIST IN BUSINESS BANKRUPTCY, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[5] ALSO ADMITTED IN MONTANA

**EXHIBIT 4**

October 23, 2025

Re: Amendment No. 1 to the Pre-Negotiation Letter Agreement, dated April 17, 2025 ("Agreement").

This amendment to the Agreement is agreed to by the parties to the Agreement (collectively "Parties"), the Diocese of Alexandria, a Louisiana non-profit corporation ("Diocese"), represented by its counsel; along with all current signatories to the Agreement, as members of the Ad Hoc Group, which have the Agreement and have expressed no objection to this amendment to it, as certified by the signature of the Ad Hoc Group chairperson, J.R. Whaley below, as well as by the signatures of certain partners of Wiener, Weiss & Madison, A.P.C. (WW&M), counsel for the Ad Hoc Group. Accordingly, this amendment to the Agreement shall be effective retroactive to the date of the Agreement, and shall, with the original Agreement, be considered part of one, single collective Agreement.

1. Notwithstanding anything to the contrary in the Agreement or any document incorporated into it, the following provision is incorporated into the Agreement and supersedes and takes precedent over any contrary provision in the Agreement:

    a. WW&M has advised the Diocese that it considers the attorneys who signed the Agreement and who represent one or more plaintiffs ("Plaintiffs") with a claim or claims ("Claims") of alleged sexual abuse against the Diocese and potentially one or more other persons or entities, and/or certain former priests that worked in the Diocese to be WW&M's clients and the members of the Ad Hoc Group, and not the underlying Plaintiffs themselves. WW&M has further advised that while the Plaintiffs' attorneys are members of the Ad Hoc Group in connection with the representation of their respective clients, the Plaintiffs are not, directly or indirectly, members of the Ad Hoc Group themselves and are not represented by WW&M.

    b. Attorneys who represent one or more Plaintiffs with one or more Claims are eligible to join the Ad Hoc Group by signing the requisite signature page of the Agreement.

    c. The members of the Ad Hoc Group have retained WW&M to provide legal advice to the members of the Ad Hoc Group regarding possible class treatment of the Plaintiffs and their Claims in a possible bankruptcy which may be filed by the Diocese, a possible Restructuring Support Agreement related to that bankruptcy, and general bankruptcy matters related thereto, to assist the members of the Ad Hoc Group in making their own, independent decisions about a bankruptcy filing by the Diocese in representing their respective clients.

    d. WW&M has advised the Diocese that there is an attorney-client relationship between WW&M, including but not limited to attorneys R. Joseph Naus and Patrick Lawrence McCune, and the Ad Hoc Group and its individual members in their role as members of the Ad Hoc Group, for the purposes of WW&M's providing the legal representation described above to the members of the Ad Hoc Group, and that, accordingly, along with all other rights and privileges afforded such a legal relationship, communications between WW&M and the members of the Ad Hoc Group in furtherance of the foregoing legal representation, is subject to the attorney-client privilege and the work product doctrine. The Diocese agrees that it will not challenge a claim of attorney-client privilege or attorney work product based on the nature of the relationship of the Ad Hoc Group and WW&M as identified in this correspondence/amendment in any bankruptcy or subsequent litigation.

    e. All Parties herein acknowledge that the Agreement does not establish an attorney-client relationship between WW&M and the Plaintiffs represented by the attorneys who are members of the Ad Hoc Group. The Diocese agrees that it will not seek to disqualify WW&M based on the nature of the relationship of the Ad Hoc Group and WW&M as identified in this correspondence/amendment in any bankruptcy or subsequent litigation. Further, the Diocese will not oppose WW&M from seeking retention as counsel for an official committee of unsecured creditors in any bankruptcy based on the nature of the relationship of the Ad Hoc Group and WW&M as identified in this correspondence/amendment.

    f. The Diocese agrees that the fees and expenses incurred by WW&M in connection with the nature of the relationship of the Ad Hoc Group and WW&M as identified in this correspondence/amendment are compensable under the Agreement.

2. Notwithstanding anything to the contrary in the Agreement or any document incorporated into it, the following provision is incorporated into the Agreement and supersedes and takes precedent over any contrary provision in the Agreement:

    a. The Parties acknowledge that despite the stay of prosecution described in paragraph 3 of the original Agreement, the Diocese and members of the Ad Hoc Group may mutually agree to permit any party to any litigation stayed in accord with the

Diocese of Alexandria
October 23, 2025
Page 3

        Agreement to take any action or step in prosecution or defense of that litigation without violating the Agreement.

3. **Counterparts**. This amendment to the Agreement may be executed in one or more counterparts or counterpart signature pages attached to one copy of this amendment to the Agreement, each of which shall constitute an original and all of which taken together shall constitute one single amendment to the Agreement. Documents executed, scanned (in PDF or similar reprographic format), and/or executed (and, as appropriate, witnessed and/or notarized) electronically using electronic signature software (e.g., DocuSign or similar software), or similar methods (each a method of "**Electronic Execution**") and transmitted electronically shall be deemed original signatures for purposes of this amendment to the Agreement and all matters related thereto, with such Electronic Execution having the same legal and binding effect as original signatures. The Parties agree that this amendment to the Agreement may be accepted, executed or agreed to through the use of an electronic signature in accordance with the Electronic Signatures in Global and National Commerce Act (E-Sign Act), Title 15, United States Code, Sections 7001 et seq., the Uniform Electronic Transaction Act (UETA) and any applicable state law. Any document accepted, executed or agreed to in conformity with such laws will be binding on all Parties the same as if it were physically executed and the Parties hereby consent to the use of any third-party electronic signature capture service providers as may be chosen by the Diocese. The Parties (a) consent to the Electronic Execution of this amendment to the Agreement and the use of electronic signatures, (b) intend to be bound by the signatures on any document delivered via Electronic Execution; (c) are aware that the other party will rely on such Electronic Execution and electronic signatures; and (d) waive any defenses to the enforcement of the terms of this amendment to the Agreement based on Electronic Execution or electronic signatures.

*[Signature Page Follows]*

Diocese of Alexandria
October 23, 2025
Page 4

WIENER, WEISS & MADISON, APC

*[signature]*

Patrick L. McCune, La. Bar No. 31863
445 Louisiana Avenue
Baton Rouge, Louisiana 70802
Telephone: (225) 910-8084
Email: pmccune@wwmlaw.com

and

*[signature]*

R. Joseph Naus, La. Bar No. 17074
P.O. Box 21990
Shreveport, Louisiana 71120-1990
Telephone: (318) 226-9100
Email: rjnaus@wwmlaw.com

*Counsel for the Ad Hoc Group*

*[signature]*

J.R. Whaley
as Chairperson for the Ad Hoc Group
Whaley Law Firm
6700 Jefferson Highway, Building 12, Suite A,
Baton Rouge, LA 70806
Telephone: 225-302-8810
Email: jrwhaley@whaleylaw.com

Diocese of Alexandria
October 23, 2025
Page 5

**GOLD WEEMS BRUSER SUES & RUNDELL**

_____
Bradley L. Drell
P.O. Box 6118
Alexandria, Louisiana 71307-6118
Telephone: (318) 445-6471
Email: bdrell@goldweems.com

*Counsel for the Diocese of Alexandria*