# EXHIBIT E

# FORM OF GENERAL CREDITOR BAR DATE NOTICE

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

IN RE:                                                                        CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

**DEBTOR**[1]                                                    **CHAPTER 11**

## NOTICE OF BAR DATES FOR FILING OF GENERAL PROOFS OF CLAIM

**TO ALL ENTITIES WITH CLAIMS AGAINST THE DIOCESE OF ALEXANDRIA (THE "DEBTOR"):**

      **PLEASE TAKE NOTICE** that on October 31, 2025 (the "Petition Date"), the Diocese of Alexandria, Debtor and Debtor-in-Possession in the above-captioned case filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United State Bankruptcy Court for the Western District of Louisiana (the "Court"). The Debtor, its address, case number, proof of claim forms and other relevant information related to this chapter 11 case (the "Chapter 11 Case") may be obtained at: https://cases.stretto.com/dioceseofalexandria.

      **PLEASE TAKE FURTHER NOTICE** that on _____, 2026, the Court entered an order (the "Bar Date Order") establishing certain claims bar dates in the Debtor's Chapter 11 Case. By the Bar Date Order, the Court established **May 6, 2026**, as the date by which general claims must be filed (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, excluding Governmental Units, that have or may assert any prepetition Claims against the Debtor to mail proofs of claim at the following address: Diocese of Alexandria Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, on the applicable bar date set forth herein. Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

      **PLEASE TAKE FURTHER NOTICE** that for your convenience, enclosed with this notice (the "General Creditor Bar Date Notice") is a proof of claim form (the "General Proof of Claim Form"). If this notice does not include a proof of claim form, a proof of claim form may be obtained from the Claims Agent's website at: https://cases.stretto.com/dioceseofalexandria.

## KEY DEFINITIONS

- As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

- As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

- As used in this Notice, the term "Claim" shall mean, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code.

   **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT MUST FILE A PROOF OF CLAIM.**

I.  WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

   a. ***The Bar Dates:*** The Bar Date Order establishes the following applicable bar dates for filing proofs of claim in this case:

      1. <u>The General Bar Date</u>. Except as set forth below, pursuant to the Bar Date Order, all Entities, excluding Governmental Units, holding Claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose or are deemed to have arisen prior to the Petition Date, are required to mail or file proofs of claims by the General Bar Date **May 6, 2026**.

      2. <u>The Governmental Unit Bar Date</u>. Except as set forth below, pursuant to the Bar Date Order, all Governmental Units holding Claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, are required to mail or file proofs of claims by the Governmental Unit Bar Date **April 29, 2026**.

   b. ***Entities that MUST File Proofs of Claims by the General Bar Date:*** Except as set forth in paragraph "2.b." below, the following Entities must file proofs of claim on or before the applicable Bar Date:

      1. any entity (i) whose prepetition claim (including any 503(b)(9) Claims) against the Debtor is not listed in the Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to share in any distributions in this Chapter 11 Case;

      2. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount, or Debtor identified in the Schedules; and

      3. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

**PLEASE NOTE THAT INDIVIDUALS ASSERTING CLAIMS ARISING FROM ABUSE FOR WHICH SUCH INDIVIDUALS BELIEVE THE DIOCESE OF ALEXANDRIA MAY BE LIABLE ARE INSTRUCTED TO FILE A PUTATIVE ABUSE SURVIVOR PROOF OF CLAIM FORM, CONSISTENT WITH THE BAR DATE ORDER AND THE PUTATIVE ABUSE SURVIVOR BAR DATE NOTICE. CLAIMANTS MAY OBTAIN COPIES OF THESE FORMS FROM THE DEBTOR'S CLAIMS AGENT, STRETTO, INC., AT THE ADDRESS SET FORTH HEREIN.**

c. ***Entities NOT Required to File Proofs of Claim by the General Bar Date or Governmental Unit Bar Date***: The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

1. any entity that already has filed a proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410, provided, however, that any holder of a Putative Abuse Survivor Claim who files a proof of claim on account of a Putative Abuse Survivor Claim using a form substantially similar to Official Bankruptcy Form No. 410 rather than the Putative Abuse Survivor Proof of Claim Form (defined below) may subsequently be required to complete the Putative Abuse Survivor Proof of Claim Form or otherwise answer additional questions regarding such Putative Abuse Survivor Claim, including the questions set forth in the Putative Abuse Survivor Proof of Claim Form, in connection with the administration of his or her Putative Abuse Survivor Claim;

2. any entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed", "contingent", or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

3. any holder of a claim that heretofore has been allowed by Order of this Court;

4. any entity whose claim has been paid in full by the Debtor;

5. any holder of a claim for which specific deadlines have previously been fixed by this Court; or

6. any officer, director, employee, or independent contractor of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim

by the applicable Bar Date, unless another exception identified in this paragraph applies.

II. **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

**Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this General Creditor Bar Date Notice: (i) may NOT be treated as a creditor with respect to such Claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case; and (ii) may be forever barred, estopped, and enjoined from asserting such Claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property may be forever discharged from any and all indebtedness or liability with respect to such Claim.**

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

## RESERVATION OF RIGHTS

The Debtor reserves the right to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

Unless one of the exceptions described in Section I(c) above applies, you MUST file an original proof of claim by mail, overnight delivery, courier or hand delivery by the General Bar Date or the Governmental Unit Bar Date, as applicable, as follows:

**If Proof of Claim is sent by mail, Hand Delivery, or Overnight Courier, send to:**

Diocese of Alexandria Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**Alternatively, a Proof of Claims may be submitted through Stretto, Inc.'s portal: https://cases.stretto.com/dioceseofalexandria**

**Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by the method described in the foregoing sentence**

All proof of claim forms must be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor. The proof of claim form must be written in English and be denominated in United States currency. In addition, all proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

If you wish to receive acknowledgement of receipt of your proof of claim, you must also submit by the General Bar Date or the Governmental Unit Bar Date, as applicable, and concurrently with submitting your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, stamped return envelope.

## **ADDITIONAL INFORMATION**

1. You may be listed as the holder of a Claim against the Debtor's in the Schedules. If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. If you hold or assert a Claim that is not listed in the Schedules or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as either contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available at https://cases.stretto.com/dioceseofalexandria.

2. Questions concerning the contents of this Notice and requests for proofs of claim forms should be directed to Stretto, Inc. via e-mail at TeamDioceseofAlexandria@stretto.com or via phone, toll free at (855) 655-5795. Please note that Stretto, Inc. is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
      Bradley L. Drell, Esq. (La. Bar #24387)
      Heather M. Mathews, Esq. (La. Bar #29967)
      2001 MacArthur Drive
      P.O. Box 6118
      Alexandria, LA 71307
      Telephone    (318) 445-6471
      Facsimile     (318) 445-6476

Email: bdrell@goldweems.com
hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
Email: mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
bruce.arnold@huschblackwell.com
lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**