# EXHIBIT A

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                                        CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

DEBTOR[1]                                                   CHAPTER 11

**ORDER APPROVING DEBTOR'S MOTION PURSUANT TO SECTION
363(b) FOR AUTHORIZATION TO CONTINUE ENHANCED SERVICES
AND EXTRAORDINARY SURVIVOR SUPPORT PROGRAMS
<u>OUTSIDE THE ORDINARY COURSE OF BUSINESS</u>**

Upon the *Debtor's Motion Pursuant to Section 363(b) for Authorization to Continue Enhanced Services and Extraordinary Survivor Support Programs Outside the Ordinary Course of Business* [Dkt. No. ●] (the "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") for entry of an order authorizing the Debtor's allocation and payment up to $40,000 of estate property, consistent with existing policies, to fund the Therapy Services in the ordinary course of business. It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedures and the Local Rules of Bankruptcy Procedure in the United States Bankruptcy Court for the Western District of Louisiana; that no objections have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion and the hearing thereon is appropriate and no other or further notice is required; it appearing that continuation of the Enhanced Services, and specifically the Therapy Services constitutes a sound business purposes and is a proper exercise of the Debtor's business judgment;

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

it appearing that the relief requested is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, to allocate and pay up to $40,000 toward the Therapy Services, continuing its specialized pastoral care program made available to all abuse survivors, including trauma response, referral networks with secular mental health professionals, and funding for therapeutic support, in the exercise of its business judgment.

3. All disbursements of these funds shall be made in accordance with the Debtor's existing policies and procedures governing Therapy Services.

4. The Debtor's banks and financial institutions are authorized and directed to honor all checks, electronic payment requests, or other withdrawals for amounts representing payment or reimbursements for or related to the Therapy Services, whether for prepetition or postpetition amounts accrued. Such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or other payment request as being authorized by this Order.

5. For the avoidance of doubt, an abuse survivor's request for Therapy Services is not a violation of the automatic stay under section 362(a) of the Bankruptcy Code.

6. Nothing in this Order shall be construed as: (a) an admission regarding the validity of any prepetition claim against the Debtor; (b) a promise or requirement to pay any prepetition claim; (c) a request or authorization to assume any prepetition executory contract; (d) waiver of the Debtor's, or any estate representative's, right to dispute any claim on any grounds; or (e) otherwise a waiver of the Debtor's rights under the Bankruptcy Code or other applicable law.

7. This Order shall be immediately effective and enforceable upon entry.

8. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of or interpretation of this Order.

10. Notice of this Order shall be provided to the core service list pursuant to the Court's *Interim Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 93].

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
       Bradley L. Drell, Esq. (La. Bar #24387)
       Heather M. Mathews, Esq. (La. Bar #29967)
       2001 MacArthur Drive
       P.O. Box 6118
       Alexandria, LA 71307
       Telephone   (318) 445-6471
       Facsimile    (318) 445-6476
       Email:       bdrell@goldweems.com
                    hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone   (816) 983-8000
Facsimile    (816) 983-8080
Email:       mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202

14

Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
bruce.arnold@huschblackwell.com
lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**