UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| In re: | Chapter 11 |
|---|---|
| DIOCESE OF ALEXANDRIA, | 3:25-bk-31257 |
| Debtor. | |

## U.S. TRUSTEE'S OBJECTION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY WIENER, WEISS & MADISON AS COUNSEL AND ITS REQUEST FOR RELATED RELIEF

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 (the "U.S. Trustee"), and objects to the application (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee") to employ the law firm Wiener, Weiss & Madison and associated attorneys/staff (the "Proposed Counsel"), filed at ECF No. 202, to the extent it seeks employment retroactively to the Petition Date.

### SUMMARY

Section 1103(a) does not permit Proposed Counsel to be retroactively employed as Committee counsel "as of" the Petition Date where the Committee was not formed until twenty-one days after the Petition Date. Proposed Counsel's work done prior to the actual engagement by the official Committee was accomplished on behalf of a distinct unofficial ad hoc committee of personal injury creditor counsel—not the Committee.

Employment and compensation of Committee counsel are governed by 11 U.S.C. §§ 1102, 1103(a), and 330(a)(1), whereas compensation for post-petition representation of an unofficial ad hoc group must be sought via a separate application under the "substantial contribution" standard, pursuant to §§ 503(b)(3)(D) and (b)(4). Proposed Counsel cannot be retroactively employed or compensated under §§ 1102 and 1103 for any work completed on behalf of an ad hoc group.

## FACTS

The Debtor filed its Chapter 11 petition on October 31, 2025 (the "Petition Date"). (Doc. 1). On November 21, 2025, the U.S. Trustee appointed the official Committee under 11 U.S.C. § 1102(a). The Committee consists of five individual unsecured creditors. (Doc. 94). On December 23, 2025, the Committee submitted the Application to employ Proposed Counsel. (Doc. 202). The Application states that, prior to the Petition Date, Proposed Counsel began representing an ad hoc group of six attorneys whose clients had claims against the Debtor. (Doc. 202-1 at 2). The five individuals later appointed to the official Committee are represented by three of the six ad hoc group attorneys. (Doc. 202-1 at 8-9).

Proposed Counsel continued performing *post*-petition work for the ad hoc attorney group, without compensation, until being engaged by the official Committee. (Doc. 202-1 at 6-7). Because the ad hoc group representation also involved work on behalf of unsecured creditors, though indirectly through representation of their attorneys, the Application seeks to have Proposed Counsel's employment by the Committee made retroactive to the Petition Date, three weeks before the Committee came into existence. (Doc. 202-1 at 14-15). This improperly conflates representation of the Committee with representation of the unofficial ad hoc group.

## ANALYSIS

Section 1102(a) provides statutory authority for the U.S. Trustee to appoint an "official" committee of creditors holding unsecured claims. 11 U.S.C. § 1102(a). Section 1103(a) authorizes an official committee to hire counsel to represent the committee. 11 U.S.C. § 1103(a). Likewise, § 328(a) mandates that the terms and conditions of employment of § 1103 counsel must

"reasonable." 11 U.S.C. § 328(a). As a professional employed under § 1103, the official committee counsel may be awarded compensation under the § 330(a)(1) standard. Pursuant to § 503(b)(2), compensation awarded under § 330(a) is an administrative expense.

In contrast, however, counsel for an unofficial ad hoc group have no entitlement to fees under § 330 of the Bankruptcy Code, which is limited to professionals employed under § 327 or § 1103. Instead, counsel for an ad hoc group must apply for any compensation they might merit pursuant to § 503(b)(3) and (b)(4).

"Subsections 503(b)(3) and (b)(4) provide a statutory mechanism for awarding administrative expenses to informal or unofficial committees, such as the Ad Hoc Committee, and bankruptcy courts have wide discretion to determine the amount of expenses to award under § 503, if any." In re Sentinel Mgmt. Grp., Inc., 404 B.R. 488, 493-94 (Bankr. N.D. Ill. 2009). While § 330 simply provides for the award of "reasonable compensation for actual, necessary services," § 503(b)(3)(D) requires an ad hoc group to make the additional showing that the group has made a "substantial contribution" in a case, before its professionals may receive any compensation under § 503(b)(4). To establish a "substantial contribution," an ad hoc group or creditor must show it has provided services which "foster and enhance, rather than retard or interrupt the progress of reorganization" and furthermore that the contribution is "considerable in amount, value or worth." In re DP Partners, Ltd. Pshp., 106 F. 3d 667, 672-73 (5th Cir. 1997).

Here, Proposed Counsel report they represented an ad hoc group of creditor attorneys prior to and *after* the filing of the petition, and now seek employment as counsel of the official Committee. The official Committee was formed on November 21, 2025, yet Proposed Counsel seeks to have its employment allowed nunc pro tunc effective as of October 31, 2025. This request

is impossible on its face.  However, the real issue is that this request conflates work done for the ad hoc group with work done for the official Committee.

First, the ad hoc group consisted of six creditor attorneys while the Committee five creditors and directly represents the entire class of unsecured creditors.  Second, and more importantly, fees for post-petition legal services provided to the unofficial ad hoc group are subject to the more stringent "substantial contribution" standard under § 503(b)(3)(D) and (b)(4), whereas fees for legal services provided to the official Committee is subject to § 330(a).

If Proposed Counsel wants to seek compensation (for post-petition work for the ad hoc group) under the "substantial contribution" standard, it can do so by filing an appropriate motion, arguing the relevant facts, and applying the correct law.  However, because a higher burden applies to ad-hoc counsel fees, the Court cannot allow Proposed Counsel to conflate work it performed for the ad hoc group with work performed for the Committee.  To hold otherwise subverts and nullifies § 503(b)(3)(D) and (b)(4).

The earliest possible date of employment as counsel for the official Committee is no earlier than the date the Committee first consulted with Proposed Counsel and the two sides agreed to employment, which is reportedly (and at the earliest) December 1, 2025, the date of the Committee's initial meeting.  (Doc. 202-1 at 27).

WHEREFORE, the U.S. Trustee asks the Court to approve employment of Proposed Counsel by the Committee beginning on a date no earlier than the date the Committee and Proposed Counsel first agreed to employment and to further hold that Proposed Counsel must not conflate post-petition ad-hoc counsel fees with official Committee counsel fees in any future fee application.

Date: January 12, 2026.

DAVID W. ASBACH

Acting United States Trustee, Region 5.

/s/ *Antony D. Constantini*
Antony D. Constantini**,** Fla. Bar No. 92722
Trial Attorney, Office of the U.S. Trustee
300 Fannin Street, Suite 3196, Shreveport, Louisiana 71101
antony.constantini@usdoj.gov | (318) 676-3456

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served through the Court's electronic filing system on all parties electing to receive electronic service in this case.

Date: January 12, 2026.

/s/ *Antony D. Constantini*
Antony D. Constantini**,** Fla. Bar No. 92722
Trial Attorney, Office of the U.S. Trustee
300 Fannin Street, Suite 3196, Shreveport, Louisiana 71101
antony.constantini@usdoj.gov | (318) 676-3456