UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:                                                    CASE NO. 25-31257

    DIOCESE OF ALEXANDRIA

    DEBTOR[1]                                              CHAPTER 11

## OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPONSE TO THE DEBTOR'S MOTION FOR AN ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND GRANTING RELATED RELIEF

NOW INTO COURT, through undersigned counsel, comes the Official Committee of Unsecured Creditors (the "Committee"), which files this Objection and Reservation of Rights ("Objection") in response to the Motion for an Order Establishing Deadlines for Filing Proofs of Claim and Granting Related Relief (the "Motion"), D.E. 203, filed by the Diocese of Alexandria (the "Debtor") on December 29, 2025, and in support thereof, respectfully represents as follows:

## BACKGROUND

1.    On October 31, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, D.E. 1. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

2.    On November 21, 2025, the U.S. Trustee appointed the Committee, *see* Notice of Appointment of Unsecured Creditors' Committee, D.E. 94.

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

1

3. On December 23, 2025, the Unsecured Creditors' Committee filed an Application to Employ Wiener, Weiss & Madison, A Professional Corporation as Counsel to the Unsecured Creditors' Committee, D.E. 202 (the "Application"), and a hearing on the Application is scheduled on January 20, 2026, *see* Notice of Hearing, D.E. 208[2].

4. On December 29, 2025, the Debtor filed its Motion.

5. The Amended Notice of Hearing for the Motion (D.E. 205) sets the hearing on the Motion on January 20, 2026, at 10:00 a.m. (the "Hearing").

**LAW, ARGUMENT AND RESPONSE TO MOTION**

6. The Motion was filed in the midst of the holiday season, and counsel for the Committee is still obtaining feedback from unsecured creditors and the Committee regarding the Motion.

7. Moreover, it is the Committee's understanding that other parties in interest have submitted feedback to the Debtor, and it is unclear at this time what modifications have been made or will be made to the relief requested in the Motion.

8. In an abundance of caution, the Committee files this general objection and reservation of rights in response to the Motion, and it reserves all rights to object to all or any part of the relief requested in the Motion and the attachments thereto, including at any hearing on the Motion.

9. Counsel for the Committee plans to work on an amicable resolution of this objection to the Motion with counsel for the Debtor, including at a meeting scheduled between

---

[2] As the Application is still pending as of the filing of this Objection, while reference may be made herein to counsel for the Committee as a matter of convenience, it should be understood those references are merely references to putative counsel for the Committee, subject to Court's approval of the Application.

2

counsel for the Debtor and counsel for the Committee on December 19, 2026, the day before the Hearing.

10. Without limiting the foregoing general objection and broad reservation of rights in any way, the Committee submits the following additional response to the Motion.

11. In the Motion, the Debtor requests that the Court establish May 6, 2026, as a general bar date for non-governmental entities. The Committee is requesting additional time be afforded for such proofs of claim to be filed. Subject to final Committee approval, and assuming that notices of a bar date will begin to be transmitted no later than fourteen days after the potential entry of a January 20, 2026, order on the Motion (or by February 3, 2026), the Committee seeks a bar date no sooner than June 8, 2026 (approximately 125 days from the potential notice date). In relevant part, Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides that the "court must set the time to file a proof of claim or interest." The provision provides the bankruptcy court with the discretion to determine when this date should be set. *See e.g.*, **In re Hooker Investments, Inc.**, 122 B.R. 659, 663 (S.D.N.Y. 1991). Given the balance of factors in this case, the Committee believes more time should be afforded to non-governmental creditors to file proofs of claim.

12. Regarding the proposed Putative Abuse Survivor Proof of Claim Form, Debtor itself notes (Motion, ¶ 31) that FRBP 9009 provides that the Official Forms prescribed by the Judicial Conference of the United States must be used without alteration-unless alteration is authorized by the FRBP, the form itself, or the national instructions for a particular form, here the relevant form being Official Proof of Claim Form 410. In support of altering the Official Form for putative abuse survivors, Debtor points to FRBP 3001(a), which provides that a proof of claim must "substantially conform to Form 410." (Motion, ¶ 33). Debtor also points to the authority of

this Court under 11 U.S.C. § 105 to "issue any order … necessary or appropriate to carry out the provisions of this title." (Motion, ¶ 33). However, the Fifth Circuit has noted that the powers granted under § 105(a) must be exercised in a manner consistent with the rest of title 11 of the United States Code (the "Bankruptcy Code"). *See **Matter of Sadkin***, 36 F.3d 473, 478 (5thCir. 1994). The Committee also notes that, generally, orders establishing bar dates for proofs of claim pursuant to FRBP 3003(c) are sometimes likened to a ministerial act, designed to bring to bring to light all claims against the estate. Such orders are not, in and of themselves, generally intended to resolve claims by or against the debtor, or to have any direct effect on the disposition of the assets of the estate. *See **In re Hooker Investments, Inc.***, 122 B.R. 659, 662 (S.D.N.Y. 1991). In light of all of the foregoing, the Committee is concerned with certain language in the Motion and corresponding components of the Putative Abuse Survivor Proof of Claim Form. This includes but is not limited to:

    a. language appearing to indicate, in sum, that failure to respond to every single inquiry in the proposed putative abuse survivor proof of claim form would result in a proof of claim being deemed automatically invalid, seemingly shortcutting the claims objection process[3] (s*ee e.g.*, Motion, ¶ 35);

    b. language indicating that an abuse survivor claimant who uses a General Proof of Claim Form, through inadvertence or otherwise, may have his or her claim deemed invalid unless he or she resubmits a form designed for putative abuse survivors within thirty days of written notice from the Debtor, a trustee or estate representative (s*ee e.g.*, Proposed Order, D.E. 203-1, ¶ 11);

---

[3] Perhaps an incomplete form may give rise to an objection to a proof of claim, based on insufficient information, but it should not be a basis to declare a claim as automatically invalid.

c. language indicating an abuse survivor that files a general proof of claim form prior to the entry of an order on the Motion may be required to complete a specialized abuse survivor proof of claim form or otherwise answer additional questions regarding the claim, including but not limited to questions in the specialized form, before the claim would be deemed valid (*see e.g.*, Proposed Order, D.E. 203-1, ¶ 8(a)).

13. The Committee also seeks clarification as to the intentions of the Debtor in the case where a proof of claim is mailed to or personally delivered to the Clerk of this Court. The Debtor notes that the proposed order on the Motion directs the Clerk to place such claim in a sealed envelope and mark the envelope with the date and time of receipt and to transmit the sealed envelope to the Claims Agent, but does not note whether the claim will be deemed timely if it was received by the Clerk prior to the bar date. *See* Motion, ¶ 37.

14. At one point, the Debtor references filing proofs of claim with "original signatures" (D.E. 203, ¶ 45), and the Committee seeks clarification on the use of electronic signatures and electronically transmitted signatures.

15. The Committee seeks clarification for the reasoning behind the proposal to exempt certain entities or persons from filing proofs of claim as noted in the Motion, *e.g,* D.E. 203, pg. 9, ¶ 21(f).

16. For obvious reasons, the Committee asserts that the request for abuse survivors to divulge details regarding communications with their attorneys in the proposed proof of claim form should be removed. *See* D.E. 203-3, Part 3, ¶ E.

17. The Committee asserts that while a request for documentation regarding a prior lawsuit filed, including the case numbers, may be appropriate in relation to an abuse survivor proof

of claim, a statement on the form to the effect that the attachment of a complaint is "required" for a claim to be valid is not appropriate. *See* D.E. 203-3, Part 5, ¶ A.

18. The "Notice of Deadline for Filing Claims Related to or Arising from Abuse" needs to be edited to avoid confusion, assuming other elements of relief in the Motion remain the same. Specifically, under the header "consequences of failure to file a proof of claim" reference is made to consequences if a person does "not mail" a proof of claim by the bar date, whereas other provisions in the Motion and its attachments provide that proofs of claim will be deemed timely only if they are <u>received by</u> (not mailed to) the Claims Agent by the bar date. *See e.g.*, the same notice, same page, top bullet, D.E. 203-4.

19. Assuming other relief requested in the Motion remains the same, the warning (in the "general creditor" bar date notice), which directs abuse survivor claimants to utilize the custom putative abuse survivor proof of claim form should be moved to the first page of that notice. *See* D.E. 203-5, pgs. 1 and 3.

20. The Committee seeks clarification as to the list of intended recipients for the "nationwide press release" referenced in the proposed notice protocol at D.E. 203-8, pg. 6 of 8.

21. The Committee asserts that contrary to paragraph 4 of the proposed notice protocol, mailed notice of the bar date should not only be sent to any known counsel for putative abuse survivors, but it should also be mailed to the individual abuse survivors. *See* D.E. 203-8, pg. 2 of 8, ¶ 4.

22. Again, the Committee does not intend to limit its objection or comments to these points, and reiterates its general objection and reservation of rights as to all or any part of the relief the Debtor has requested in the Motion, including the attachments to it.

23. Wherefore, for the foregoing non-exclusive reasons, the Committee prays that the Court deny Debtor's request for entry of the proposed order on the Motion pending the Committee's further consultations with the Debtor about the Motion and the relief it requests from this Court.

Dated: <u>January 13, 2026</u>

                Respectfully submitted,

                By:    <u>/s/ Patrick L. McCune</u>

                WIENER, WEISS & MADISON, A.P.C.
                Patrick L. McCune (La.#31863)
                pmccune@wwmlaw.com
                445 Louisiana Avenue
                Baton Rouge, Louisiana 70802
                Tel: 225-910-8084; Fax: 225-910-8082

                AND

                WIENER, WEISS & MADISON, A.P.C.
                R. Joseph Naus (La.#17074)
                rjnaus@wwmlaw.com
                330 Marshall Street, Suite 1000 (71101)
                P. O. Box 21990
                Shreveport, Louisiana 71120-1990
                Tel: 318-226-9100
                Fax: 318-424-5128

                *Proposed Counsel to the Official*
                *Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

On January 13, 2026, I hereby certify that a true and correct copy of the foregoing Objection and Reservation of Rights was served by electronic notice upon all parties receiving notice via the Court's Electronic Case Filing system, and that service by U.S. mail, postage prepaid, was made on all other parties requiring service under the Core Service List.

                <u>/s/ *Patrick L. McCune*</u>
                Patrick L. McCune