UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:	CASE NO. 25-31257

    DIOCESE OF ALEXANDRIA

    DEBTOR[1]	CHAPTER 11

## DEBTOR'S REPLY TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION FOR BAR DATE ORDER

The Diocese of Alexandria (the "Diocese" or "Debtor"), as debtor-in-possession, by and through undersigned counsel, files this reply (the "Reply") to the *Objection of the Official Committee of Unsecured Creditors to Motion for Bar Date Order* (Dkt. No. 222) (the "Objection"), and respectfully shows as follows:

### INTRODUCTION

The Debtor appreciates the Official Committee of Unsecured Creditors' (the "Committee") engagement on the critical *Motion for an Order Establishing Deadlines for Filing Proofs of Claim and Granting Related Relief* (Dkt. No. 203) (the "Bar Date Motion" or "Motion")[2] and shares its commitment to establishing fair, transparent procedures for all creditors. The Debtor and Committee are working collaboratively to resolve specific concerns raised in the Committee's Objection, including a meeting scheduled for January 19, 2026, the day before the hearing.

This Reply addresses the legal framework supporting the Court's authority to approve a customized proof of claim form for Putative Abuse Survivor Claims. The parties anticipate presenting a revised proposed order at the January 20 hearing reflecting areas of agreement on specific language concerns, including bar date timing, privilege protections, and notice procedures.

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

# THE COURT HAS CLEAR AUTHORITY TO APPROVE CUSTOMIZED MASS TORT CLAIM FORMS

A. **Rule 3001(a) Authorizes Substantial Modification for Mass Tort Claims.**

Bankruptcy Rule 3001(a) provides that a proof of claim "**shall conform substantially** to the appropriate Official Form." Fed. R. Bankr. P. 3001(a) (emphasis added). This "substantially conform" standard is distinct from Rule 9009(a)'s general prohibition on alteration of Official Forms, which itself recognizes exceptions when "authorized by these rules." Fed. R. Bankr. P. 9009(a). Rule 3001(a) **is** such an authorization.

The Bankruptcy Rules Committee has explicitly recognized this authority. A recent draft report on mass tort bankruptcies states that Rule 3001(a) "**provides such authority, though limited, to alter Official Form 410**" for mass tort personal injury claims, explaining that adding questions requesting more detail about "product, exposure, injury, diagnosis, treatment, and supporting documentation" in a mass tort case "substantially conforms" with Form 410's purpose. The report further notes that such modifications are "permitted under Rules 3001(a) and 9009(a) and the National Instructions."

The proposed Putative Abuse Survivor Proof of Claim Form satisfies this standard. It requires all core information mandated by Official Form 410—claimant identity, basis of claim, claim amount—while adding narrative detail necessary to evaluate unliquidated personal injury claims and assess potential insurance coverage. This additional information does not alter the fundamental structure or purpose of Form 410; rather, it enables the form to function effectively in the context of complex tort claims.

B. **This Is Standard Practice Nationwide, With No Contrary Authority.**

The Federal Judicial Center's survey of mass tort bankruptcy cases confirms that courts routinely "approved debtors' requests for special proof of claim requirements on mass tort

2

claimants," including specialized bar date procedures and claim forms. Customized abuse claim forms have been approved in **every diocesan bankruptcy** filed since 2004, including:

- *In re Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (Bankr. E.D. La. Oct. 1, 2020);
- *In re Boy Scouts of America*, Case No. 20-10343 (Bankr. D. Del.) (customized sexual abuse survivor claim form);
- *In re Roman Catholic Bishop of Fresno*, Case No. 25-12231 (Bankr. E.D. Cal. Nov. 17, 2025);
- *In re The Roman Catholic Bishop of San Diego*, Case No. 24-02202 (Bankr. S.D. Cal. Nov. 14, 2024); and
- *In re Roman Catholic Diocese of Rockville Centre*, Case No. 20-12345 (Bankr. S.D.N.Y. Jan. 27, 2021).

*See* Motion ¶¶ 29-30 (citing approximately 20 diocesan cases approving similar forms).

Courts in asbestos and other mass tort cases have likewise approved substantial modifications to Form 410. *See In re A.H. Robins Co.*, 862 F.2d 1092, 1095-96 (4th Cir. 1988) (recognizing that "substantial alteration" to Official Form 410 may be necessary for tort claims); *In re Congoleum Corp.*, 426 F.3d 675 (3d Cir. 2005) (approving specialized asbestos claim procedures). **No published Fifth Circuit decision addresses this issue.** More importantly, no appellate court has ever reversed approval of a customized mass tort claim form. This practice has been accepted for decades across multiple circuits and bankruptcy courts without successful challenge.

C.   **Section 105 Provides Additional Support.**

The Committee correctly notes that § 105(a) powers "must be exercised in a manner consistent with the rest of title 11." *Matter of Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994). Here, the Court's authority rests primarily on **Rule 3001(a) itself**, not on inherent powers. Section 105(a) merely provides additional support for the Court to "fashion orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code." *Browning v. Navarro*, 887 F.2d

3

553, 559 (5th Cir. 1989). Establishing procedures to identify and evaluate claims furthers multiple Code provisions, including §§ 501, 502, and 1129.

## FORM "COMPLETENESS" IS ADMINISTRATIVE, NOT SUBSTANTIVE DISALLOWANCE

The Committee raises a valid concern that language in the Motion could be read to create "automatic invalidity" that shortcuts the claims objection process. *See* Objection, ¶ 12(a). The Debtor clarifies that this is **not** the intent.

The requirement for a "valid" or "complete" form is an **administrative filing prerequisite**, analogous to the documentation requirements in Rule 3001(c) and (d). An incomplete form does not result in automatic disallowance of the underlying claim; rather, it means the form has not satisfied the threshold requirements for filing. Bar date orders are "ministerial act[s], designed to bring to light all claims against the estate," not vehicles for adjudicating claim merits. *In re Hooker Investments, Inc.*, 122 B.R. 659, 662 (S.D.N.Y. 1991).

**The Debtor is open to clarifying language** to address this concern. For example, the term "valid" could be replaced with "**administratively complete**" or "**timely filed**," and the proposed order could include an explicit statement that:

> Nothing in this Order limits the Debtor's right to object to claims under Bankruptcy Rule 3007, or any claimant's right to defend against such objections, based on the substantive merits, amount, priority, or any other grounds.

Putative Abuse Survivors retain all rights under Rule 3007 to respond to any claim objection within the allotted 30 days, including the opportunity to address any deficiencies through an amended claim, so that claims are not barred through mere inadvertence.

## SPECIFIC CONCERNS ARE BEING ADDRESSED COLLABORATIVELY

A.      Attorney-Client Privilege (Objection, ¶ 16).

4

The Committee objects to "divulg[ing] details regarding communications with their attorneys." *See* Objection, ¶ 16. The Debtor will revise Part 3, ¶ E of the Putative Abuse Survivor Proof of Claim Form to clarify that claimants are **not required to disclose the substance of privileged attorney-client communications**. The question seeks only whether the claimant disclosed the abuse to third parties (which is relevant to assessing notice and timeliness), not the content of legal consultations.

B.  **Bar Date Timing (Objection, ¶ 11).**

The Committee requests a general bar date of June 8, 2026 (125 days) rather than May 6, 2026 (90 days). The parties are discussing this timing issue. The Debtor notes that the proposed 90-day period is consistent with the average notice period of approximately 92 days in recent diocesan cases. Motion, ¶ 17. However, the Debtor is willing to discuss a reasonable extension.

C.  **Electronic Signatures (Objection, ¶ 14).**

The Committee seeks clarification regarding electronic signatures. Objection, ¶ 14. **The Debtor confirms that electronic signatures are fully acceptable when claims are submitted through the Stretto portal at https://cases.stretto.com/dioceseofalexandria**. The reference to "original signatures" (Motion, ¶ 45) pertains only to claims submitted by mail or physical delivery, where a handwritten signature is necessary to authenticate the document. The proposed Order already authorizes electronic filing through the Claims Agent's website (Motion, Exh. A, ¶ 5(c)), and electronically signed submissions through that portal will be deemed to satisfy all signature requirements.

D.  **Required Attachment of Prior Complaint or Petition (Objection, ¶ 17).**

The Committee objects to language stating that attachment of a prior complaint or petition is "required" for claim validity. The Debtor is willing to revise this to state that attachment is

5

"requested" or that failure to attach will not render the claim invalid if the claimant provides case information allowing the Debtor to obtain the complaint or petition through other means. However, this language requiring the attachment of the complaint or petition was requested by various insurers of the Debtor.

E.     **Notice to Individual Putative Abuse Survivors vs. Counsel Only (Objection, ¶ 21).**

The Committee asserts that notice should be mailed to individual survivors as well as to their counsel. Objection, ¶ 21. However, providing dual notice to both Putative Abuse Survivors and their counsel is not feasible given the confidentiality protocols required by the Confidentiality Protocol Order [Dkt. No. 213]. The notice procedures required by the Confidentiality Protocol Order were intentionally crafted to ensure that notices to represented parties are delivered exclusively to counsel, thereby protecting the survivor's identity and maintaining confidentiality within their household.

The Debtor also notes that serving counsel who has entered an appearance or filed a demand is consistent with standard bankruptcy notice practice. Moreover, the Diocese is only aware of the name and address of one survivor who is unrepresented at this time.

F.     **Other Technical Issues (Objection, ¶¶ 13, 18-20).**

The Committee raises additional technical concerns regarding notice clarity, mailing procedures, and publication protocols. Objection, ¶¶ 13, 18-20. These are appropriate topics for negotiation and can be addressed through revised language in the proposed order and forms. The parties are working to resolve these issues prior to the hearing.

## CONCLUSION

The Court has clear authority under Bankruptcy Rule 3001(a) to approve the framework of the proposed Putative Abuse Survivor Proof of Claim Form. This practice is consistent with

6

nationwide precedent in mass tort bankruptcies and facilitates the fair and efficient evaluation of unliquidated personal injury claims.

The Debtor respectfully requests that the Court approve the **legal framework** for the customized claim form, with the understanding that the parties will present a revised proposed order and notice at the January 20 hearing reflecting negotiated revisions to specific language addressing the Committee's concerns.

Alexandria, Louisiana, this 16th day of January, 2026.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile  (318) 445-6476
    Email:    bdrell@goldweems.com
              hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile  (816) 983-8080
Email:    mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100

Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
bruce.arnold@huschblackwell.com
lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**