Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 25-31257** |
| **DIOCESE OF ALEXANDRIA** | |
| **DEBTOR**[1] | **CHAPTER 11** |

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the *Motion of the Debtor for an Order Establishing Deadlines for Filing Proofs of Claim and Granting Related Relief* [Dkt. No. ―203] (the "Bar Date Motion" or "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"). It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules") and the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Western District of Louisiana ("LBR"); that no objections have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion is appropriate and no other or further notice is required; it appearing that the relief requested is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth in the Order.

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

2. Except as otherwise provided herein, any entity holding a pre-petition claim against the Debtor **must** file a proof of claim in accordance with the procedures described herein **on or before ~~May 6~~<ins>June 8</ins>, 2026, (the "General Bar Date")**. The General Bar Date applies to all entities, other than governmental units, that assert claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the petition date. The General Bar Date shall be identified in the General Creditor Bar Date Notice, the Putative Abuse Survivor Bar Date Notice, and the Plain Language Notice.

3. Except as otherwise provided herein, any governmental unit holding a pre-petition claim against the Debtor **must** file a proof of claim in accordance with the procedures described herein **on or before April 29, 2026, (the "Governmental Unit Claims Bar Date")**. The Governmental Unit Bar Date applies to all entities excluding general claimants and Putative Abuse Survivors, that assert claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the petition date. The Governmental Unit Claims Bar Date shall be identified in the General Creditor Bar Date Notice.

4. The form of the General Proof of Claim Form, attached to the Motion as <ins>Exhibit B</ins>; the Putative Abuse Survivor Proof of Claim Form, attached to the Motion as <ins>Exhibit C</ins>; the form of the Putative Abuse Survivor Bar Date Notice, attached to the Motion as <ins>Exhibit D</ins>; the General Creditor Bar Date Notice, attached to the Motion as <ins>Exhibit E</ins>; the Plain Language Notice, attached to the Motion as <ins>Exhibit F</ins>; the Targeted Digital Media Notice attached to the Motion as <ins>Exhibit G<ins>, along with the forms of public notice filed as support documents at Dkt.</ins></ins>

2

25-31257 - #237-2  File 01/19/26  Enter 01/19/26 21:10:46  Exhibit 2 -  Redline - DRAFT - Proposed Bar Date Order Pg 2 of 10

Nos. 209, 210, and 211; and the Notice Protocol, attached to the Motion as Exhibit H, are approved in all respects.

5. The following procedures for the filing of proofs of claim shall apply:

   a. General Proofs of Claim must conform substantially to Official Bankruptcy Form No. 410;

   b. Putative Abuse Survivor Proofs of Claim must conform substantially to the Putative Abuse Survivor Proof of Claim Form;

   c. Proofs of claim must be submitted (i) electronically through Stretto, Inc.'s (the "Claims Agent") website for this case at https://cases.stretto.com/dioceseofalexandria by following instructions for filing proofs of claim electronically; or (ii) by delivering the original proof of claim either by U.S. Postal Service mail, hand delivery, or overnight mail to Diocese of Alexandria Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602;

   d. ~~Proofs~~Except as provided in paragraph 20, proofs of claim will be deemed filed only when received by the Claims Agent on or before the applicable Bar Date;

   e. Proofs of claim must (i) be signed, (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; and (iii) be in the English language; and

   f. Proofs of claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

6. For the avoidance of doubt, claimants may utilize electronic means to sign and or transmit their signatures for proofs of claim, for example, without limiting the foregoing, claimants may transmit a scanned image of their original, wet signature on the proof of claim form and submit this to their counsel for inclusion in a final, submitted proof of claim. Claimants utilizing electronic signature software or a third-party electronic signature capture service provider in tendering their signatures, like Docusign, should utilize software that provides an audit trail or similar documentation verifying the signature, should use those features when

3

25-31257 - #237-2  File 01/19/26  Enter 01/19/26 21:10:46  Exhibit 2 -  Redline - DRAFT - Proposed Bar Date Order Pg 3 of 10

submitting or transmitting their digital signatures, and should include this documentation with the proof of claim bearing the relevant digital signature.

7. 6. Unless they fall within one of the exceptions described in paragraph 8 below, all entities must file proofs of claim by the applicable Bar Date.

8. 7. Specifically, the following entities are required to file proofs of claim on or before the applicable Bar Date:

   a. any entity (i) whose prepetition claim (including any 503(b)(9) Claims) against the Debtor is not listed in the Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to share in any distributions in this Chapter 11 Case;

   b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules; and

   c. any Putative Abuse Survivor who believes that he or she has a claim against the Debtor, including but not limited to, Putative Abuse Survivors who have previously filed lawsuits against the Debtor, Putative Abuse Survivors who previously gave notice to the Debtor and/or the Diocese of their abuse (including informal notice thereof), who have never filed a lawsuit, entered into a settlement or reported their abuse to the Debtor and/or the Diocese (including any parish or schools that are located within the boundary of the Diocese), or who was abused at, or by an affiliate of, a parish or school within the ecclesiastical jurisdiction of the Diocese at the time of the alleged abuse, (which may include parishes formerly under the ecclesiastical jurisdiction of the Diocese and as of June 16, 1986, under the ecclesiastical jurisdiction of the Diocese of Shreveport) and believes the Diocese is responsible. For the avoidance of doubt, this includes any individual who believes that the Diocese, or persons affiliated with the Diocese, is liable for his or her injuries arising from abuse that occurred prior to the Petition Date—regardless of when the alleged abuse took place, and regardless of whether the individual is a minor, incompetent, or incarcerated—must file a claim. Claims may also be filed by such individual's representatives, parents, or guardians, as applicable.

9. 8. The following entities need **not** file a proof of claim on or prior to the applicable Bar Date:

   a. any entity that already has filed a proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410, provided, however,

4

that <ins>the Debtor or any trustee or estate representative appointed pursuant to a confirmed plan of reorganization may submit a written request to</ins> any holder of a Putative Abuse Survivor Claim who files a proof of claim on account of a Putative Abuse Survivor Claim using a form substantially similar to Official Bankruptcy Form No. 410 rather than the Putative Abuse Survivor Proof of Claim Form (defined below) ~~may subsequently be required to~~<ins>to request that a claimant submit a</ins> complete ~~the~~ Putative Abuse Survivor Proof of Claim Form ~~or otherwise answer additional questions regarding such Putative Abuse Survivor Claim, including the questions set forth in the Putative Abuse Survivor Proof of Claim Form, in connection with the administration of his or her Putative Abuse Survivor Claim;~~<ins>within thirty (30) days following receipt of the written request, provided, however, that failure to comply with this request will not be a basis for automatic disallowance of a claim but may be considered by the Court in considering the merits of any objection to the claim;</ins>

b. any entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed", "contingent", or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

c. any holder of a claim that heretofore has been allowed by Order of this Court;

d. any entity whose claim has been paid in full by the Debtor;

e. any holder of a claim for which specific deadlines have previously been fixed by this Court; or

f. any officer, director, employee, or independent contractor of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the applicable Bar Date, unless another exception identified in this paragraph applies.

<ins>10.</ins> ~~9.~~ Nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

<ins>11.</ins> ~~10.~~ Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. For the

5

avoidance of doubt, nothing contained in this Order shall preclude a claimant from seeking relief from the Court to file a late-filed claim in accordance with Bankruptcy Rule 9006.

12. ~~11.~~ If a claimant submits a proof of claim asserting a Putative Abuse Survivor Claim using only the General Proof of Claim Form, on or before the General Bar Date, such ~~claim will be treated as timely filed only if such~~ claimant ~~also submits~~should submit a completed Putative Abuse Survivor Proof of Claim Form within thirty (30) days following receipt of written request from the Debtor or any trustee or estate representative appointed pursuant to a confirmed plan of reorganization to complete and submit a Putative Abuse Survivor Proof of Claim Form, provided, however, that failure to comply with this request will not be a basis for automatic disallowance of a claim but may be considered by the Court in considering the merits of any objection to the claim.

13. ~~12.~~ The confidentiality protocol set forth in the *~~Interim~~Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* (as may be further amended by the Court, the "Confidentiality Protocol Order") [Dkt. No. ~~93~~216] shall apply to all Proof of Claim Forms submitted by holders of Putative Abuse Survivor Claims to keep confidential the Protected Information, as defined in the Motion.

14. ~~13.~~ Within fourteen (14) days after the entry of an order by this Court setting the Bar Dates, the Debtor shall serve by United States mail, first-class postage prepaid the: (i) General Creditor Bar Date Notice; and (ii) General Proof of Claim Form (together with the General Creditor Bar Date Notice, the "General Creditor Bar Date Notice Package"), upon (a) the Office of the United States Trustee for the Western District of Louisiana; (b) counsel to the Committee; (c) all entities who have filed a notice of appearance in the Debtor's case; (d) all

6

25-31257 - #237-2  File 01/19/26  Enter 01/19/26 21:10:46  Exhibit 2 -  Redline - DRAFT - Proposed Bar Date Order Pg 6 of 10

entities listed in Debtor's schedules; (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all entities that have previously filed proofs of claims in the Debtor's case; (g) any other entities or their counsel, including governmental units, known to the Debtor as entities who may have claims against the estate; and (h) such additional entities as deemed appropriate by the Debtor.

15. ~~14.~~ Within fourteen (14) days after the entry of an order by this Court setting the Bar Dates, the Debtor shall serve by United States mail, first-class postage prepaid the: (i) Putative Abuse Survivor Bar Date Notice; (ii) a Putative Abuse Survivor Proof of Claim Form; (iii) the Plain Language Notice; and (iv) the Bar Date Order without exhibits (together with the Putative Abuse Bar Date Notice, the Putative Abuse Survivor Proof of Claim Form, and the Plain Language Notice, the "Putative Abuse Survivor Bar Date Notice Package" and, together with the General Creditor Bar Date Notice Package, the "Bar Date Packages").

16. ~~15.~~ Service of the Bar Date Notice Packages in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

17. ~~16.~~ Pursuant to Bankruptcy Rules 2002(l) and 9008, and as a means to provide notice of the Bar Dates to such unknown potential claimants, the Debtor is authorized to publish notice of the General Bar Date in accordance with the Notice Protocol approved herein.

18. ~~17.~~ The Debtor's engagement of Captivate Minds Marketing ("Captivate Minds") is appropriate and necessary for the implementation of the Notice Protocol. The Debtor is hereby authorized to compensate Captivate Minds for its services in implementing the Notice Protocol, in the estimated amount of $128,542 based on current advertising rates as of the filing of the Motion. The Debtor is further authorized to pay Captivate Minds any additional amounts resulting from changes in advertising rates and all reasonable fees and costs incurred in

7

connection with the Notice Protocol. The Debtor should initiate notice under the Notice Protocol no later than fourteen (14) days after entry of this order.

19. Nothing in the Motion or the attachments thereto shall be construed to exempt the Debtor and the Claims Agent from complying with all laws and procedures related to objections to proofs of claim. Notwithstanding anything to the contrary in the Motion, the attachments thereto, or this order, the approval of the use of certain forms for use as proof of claim forms in this case does not substantively modify the legal bases for allowing or disallowing a proof of claim.

20. In the event that a proof of claim (whether such claim is General Proof of Claim or Putative Abuse Survivor Proof of Claim) is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy Court for the Western District of Louisiana, the Clerk of the Court is directed to place such claim in a sealed envelope, mark the envelope with the date and time of the receipt, (or such other secure means as the Clerk of Court selects) and transmit the sealed envelope to the Claims Agent at the address for receipt. Proofs of claim submitted by non-governmental entities which are mailed or personally delivered to the Clerk of the Court as provided herein, which are received by the General Bar Date, may be considered timely in the Court's discretion.

21. ~~18.~~ The Debtor and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22. ~~19.~~ The entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or be barred from doing so.

8

25-31257 - #237-2  File 01/19/26  Enter 01/19/26 21:10:46  Exhibit 2 -  Redline - DRAFT - Proposed Bar Date Order Pg 8 of 10

23. ~~20.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
  Bradley L. Drell, Esq. (La. Bar #24387)
  Heather M. Mathews, Esq. (La. Bar #29967)
  2001 MacArthur Drive
  P.O. Box 6118
  Alexandria, LA 71307
  Telephone (318) 445-6471
  Facsimile (318) 445-6476
  Email: bdrell@goldweems.com
     hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
Email: mark.benedict@huschblackwell.com

 AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
   bruce.arnold@huschblackwell.com
   lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**

9

25-31257 - #237-2  File 01/19/26  Enter 01/19/26 21:10:46  Exhibit 2 -  Redline - DRAFT - Proposed Bar Date Order Pg 9 of 10

| Summary report: Litera Compare for Word 11.6.0.100 Document comparison done on 1/19/2026 5:56:50 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** nd://4927-5578-5864/1/DRAFT - Proposed Bar Date Order.doc ||
| **Modified DMS:** nd://4927-5578-5864/3/DRAFT - Proposed Bar Date Order.doc ||
| **Changes:** ||
| Add | 35 |
| Delete | 25 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 60 |