# EXHIBIT A

# PROPOSED PROTECTIVE ORDER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 25-31257 |
| DIOCESE OF ALEXANDRIA | |
| DEBTOR[1] | CHAPTER 11 |

### PROTECTIVE ORDER

Upon the *Expedited Motion for a Protective Order* (the "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") for entry of a protective order (Dkt. No. ●, Exh. A) filed contemporaneously with the Motion.

The Bankruptcy Court has reviewed the Motion and the other relevant pleadings, orders, and papers in the record and the Court's file. Upon such review, it appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules") and the Local Rules of Bankruptcy Procedure in the United States Bankruptcy Court for the Western District of Louisiana ("LBR"); that no objections to the Motion have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion and the final hearing thereon (the "Hearing") is appropriate and no other or further notice is required; that there is good cause for entry of a final order; that the relief requested is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and good and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(a) This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

(b) The statutory and other predicates for the relief requested by this Motion are Bankruptcy Code section 107, Bankruptcy Rules 7026, 9014, 9018, and 9037, and LBR 9014-1, 9037-1, 9071-1, and 9072-1.

(c) Cause exists to grant the Motion under the statutory and other predicates provided above.

(d) It is necessary and appropriate for the Bankruptcy Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order, and to adjudicate, if necessary, to the extent provided under 28 U.S.C. § 1334(b), any and all disputes arising from or relating to this Order.

(e) Proper, timely, adequate, and sufficient notice of the Hearing and the Motion and relief requested therein has been provided by movants in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion, and the relief sought therein, including the entry of a protective order, is granted and approved as set forth herein.

2. **Purpose of Protective Order.** Disclosure and discovery activity, including pursuant to Bankruptcy Rule 2004, in this Chapter 11 Case may involve production of confidential or private information for which special protection from public disclosure is warranted. Accordingly, the Debtor moved the Court to enter this Protective Order (this "Order"). The Order governs the exchange of information and/or production of documents and
3

other discovery among parties in interest to this bankruptcy case (each a "Party" and collectively, the "Parties"). For the avoidance of doubt, the Diocese's insurers are included in "parties in interest" and are Parties. The Diocese acknowledges that this Order does not confer blanket protections on all disclosures, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential and are produced in discovery.

The Court entered its Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures [Dkt. No. 216], which addresses certain documents and claim information. For any documents subject to said order, the terms of said order shall apply. This Order covers documents and information exchanged in discovery.

3. **Confidential Information.**

(a) **Definition**. "Confidential Information," for purposes of this Order, includes both "Confidential" and "Confidential for Certain Attorneys' Eyes Only" material. Subject to the exclusions set forth in (d) below, "Confidential Information" shall mean any non-public information provided by the Parties wherein (1) such information is not public or available to the general public, and (2) that a Party (or its officers, employees, advisors, or representatives), in good faith, has identified as Confidential Information with a label reading "Confidential" or "Confidential for Certain Attorneys' Eyes Only"; provided that the Party may orally designate any such materials as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" and, that with respect to materials orally designated, the Party will use best efforts to promptly confirm such identification in writing.

4

(b) "Confidential" material shall include only the material that satisfies Federal Rules of Civil Procedure 26 ("Rule 26") made applicable to the Case pursuant to Federal Rule of Bankruptcy Procedure 7026 as well as all other applicable law on the subject including 11 U.S.C. § 107.

(c) An oral designation of confidentiality may also be made at depositions or during other pre-trial testimony by a statement on the record, by counsel, at or before the conclusion of the testimony that such information is "Confidential" or "Confidential for Certain Attorneys' Eyes Only". Confidential Information may also include any analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by any of the Parties which contain, reflect, or otherwise is generated or derived from any information deemed to be Confidential Information. The failure to designate a document as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" does not constitute a waiver of such claim. A producing Party may designate a document as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" promptly after such document has been produced, with the effect that such document is subject thereafter to the protections of the Order subject to a challenge and Court resolution (if necessary) of whether the document should be marked as "Confidential" or "Confidential for Certain Attorneys' Eyes Only."

Documents marked as "Confidential for Certain Attorneys' Eyes Only" may be designated as such by counsel for the producing Party for the purpose of identifying and protecting particularly sensitive information.

(d) **Definitional Exclusion**. The designation of information as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" shall not include and will not apply to

5

any information that: (i) is or becomes generally available to the public other than through disclosure in violation of the Order; (ii) was available on a nonconfidential basis before the Party disclosed the information to the other Parties; (iii) a Party is required to disclose on a non-confidential basis under applicable law; (iv) is filed in any pending or prior litigation, unless such document is/was filed under seal; (v) becomes available to the Parties on a non-confidential basis through a means other than through a violation of the Order or from a source which is not, to the Party's knowledge, subject to any prohibition from disclosing such information; (vi) is intentionally made public by the designating Party; (vii) is information developed by a Party independently of any disclosures made by another Party of such information; (viii) is determined by a court of competent jurisdiction to be non-confidential; or (ix) any internal data or analysis generated or obtained from such sources without reference to Confidential Information (collectively, "Non-Confidential Information").

In the event any information initially designated as Confidential becomes subject to any of the foregoing exclusions, such information shall lose its designation as Confidential and shall be deemed Non-Confidential Information. Non-Confidential Information may be disclosed freely. Disclosure of Non- Confidential Information shall not constitute a violation of the Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within two (2) business days after discovery of the inadvertent failure.

5. **Access to Confidential Information.** Each Party that designates information or items for protection as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as confidential or private so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Except as specifically provided for in the Order or subsequent Court orders, only material containing Confidential Information may be designated as "Confidential" or "Confidential for Certain Attorneys' Eyes Only."

(a) Material designated as "Confidential" shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than the following:

(i) Parties;

(ii) Counsel of record for the Parties, their staff, and retained consultants or vendors working on this case;

(iii) Experts or consultants retained by the Parties' counsel for assistance in this case;

(iv) Any Insurer Affiliated Entities;[3]

(v) Any appointed mediator and his or her staff;

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* entered on January 5, 2026 (Dkt. No. 216).

(vi) Court reporters; and

(vii) The Court and Court personnel for any purpose the Court finds necessary.

(b) Material designated as "Confidential for Certain Attorneys' Eyes Only" is subject to all the restrictions applicable to materials marked as "Confidential." However, disclosure is strictly limited to persons agreed upon by the Parties as qualified to view materials marked as "Confidential for Certain Attorneys' Eyes Only." Those persons are as follows:

(i) Counsel of record for the parties in this action, their staff, paralegals or other attorneys in their respective offices working on this case;

(ii) Experts or consultants retained by the parties' counsel for assistance in this case; and

(iii) The Court and Court personnel for any purpose the Court finds necessary.

6. **Acknowledgement.** Disclosures authorized by this Order under Paragraph 3(a)(i)-(vi) and (b)(i)-(ii) shall be made only after the person to whom disclosure is to be made has been provided with a copy of this Order, has agreed to be bound by it, and has executed, subscribed, and returned to the disclosing counsel an acknowledged copy of the "Confidentiality Agreement Declaration" in the form attached hereto as Exhibit A; to the extent an Insurer or its counsel provides only a single executed Confidentiality Agreement Declaration, such Insurer or its counsel shall have obtained requisite authority to sign on behalf of any Insurer Affiliated Entities and shall be responsible for providing a copy of this Order to and otherwise notifying any Insurer Affiliated Entities of their respective duties of confidentiality under this Order

7. Nothing in the Order is intended to prevent any Party from obtaining any information, documents, or other material containing Confidential Information during the normal course of discovery in any currently pending or future litigation. Nothing in this Order is a waiver of any existing claim of privilege or confidentiality that may otherwise exist absent a disclosure made under the Order.

8. **Sealing.** All documents of any nature containing Confidential Information that are filed with the Court shall be filed under seal in accordance with the rules and orders of this Court. It shall not be a violation of this Order to file Confidential Information under seal with the Court.

The following confidentiality protocol shall apply to the filing of all other documents containing Confidential Information:

(a) <u>all Parties</u> must file all documents containing Confidential Information under seal by emailing them directly to LAWB_Sealed_Filings@lawb.uscourts.gov , with the subject line: "Filing Under Seal, Case No. 25-31257, [Name of Filing]."

(b) after the filing of any sealed document containing Confidential Information, the filing Party shall, within three (3) business days, serve by electronic mail both a redacted version and an <u>un</u>redacted version of the document on all Parties entitled to notice.

(c) all Parties have fourteen (14) days, from receipt of redacted and unredacted copies of the sealed document, to file an objection with the Court against the redacted version being filed publicly; any such Objections must be redacted of any Confidential Information.

(d) if no objection is filed within the time period described above, or if the Court otherwise orders public filing, the Party that filed the document under seal must file a redacted version on the public docket within seven (7) days after expiration of the objections time period. The redacted version filed on the public docket must redact all Confidential Information.

9. **Use of Confidential Documents or Information at Hearing or Trial.** A party that intends to present or that anticipates that another party may present confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Remedies**. Each Party understands and acknowledges that the disclosure of Confidential Information may cause irreparable harm to the other Parties. The Parties agree that money damages may not be a sufficient remedy for any violation of this Order and that any other Party shall be entitled to seek equitable relief, including injunctive relief and specific performance, in the event of any violation of the provisions of this Order, in addition to all other remedies available at law or in equity, including monetary damages.

11. **Confidentiality Agreement Declaration.** Before a Party may disclose Confidential Information to any person described in Section 2, with the exception of the Court Officials, the Party shall advise such person that the information is being disclosed subject to this Order and may not be disclosed other than pursuant to its terms. Any person entitled to receive Confidential Information under the provisions of the Order, including counsel for the Parties, shall be required to confirm his or her understanding and agreement to abide by the terms of the Order by executing a Confidentiality Agreement Declaration as set forth in <u>Exhibit A</u> to this

10

25-31257 - #254-1  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit A - Proposed Protective Order  Pg 10 of 18

Order; to the extent an Insurer or its counsel provides only a single executed Confidentiality Agreement Declaration, such Insurer or its counsel shall have obtained requisite authority to sign on behalf of any Insurer Affiliated Entities and shall be responsible for providing a copy of this Order to and otherwise notifying any Insurer Affiliated Entities of their respective duties of confidentiality under this Order; provided, however, that a nonparty witness to whom Confidential Information is first disclosed at an evidentiary hearing or trial need not be required to sign a copy of the Confidentiality Agreement Declaration. Copies of any executed Confidentiality Agreement Declarations shall be circulated to counsel for all Parties.

12. **Inadvertent Production.** In the event that a Party inadvertently produces materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the producing Party by giving written notice to all Parties to whom the producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within two (2) business days of the date on which the producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all Parties or other persons who have received a copy of the inadvertently produced materials shall refrain from any further examination or disclosure of the inadvertently produced materials and promptly return any and all copies of those materials to the producing Party.

The terms of this section shall not be deemed a waiver of a Party's right to challenge the producing Party's designation of materials as privileged (provided that any such challenge to the designation may only be made following the return of such identified documents to the producing Party and the producing Party agrees to submit such documents to the Court for in

11

25-31257 - #254-1  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit A - Proposed Protective Order Pg 11 of 18

camera review upon request of the Party challenging the claim of privilege). Inadvertent production of any material that is subsequently retrieved pursuant to this Section shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege. No Party shall use any inadvertently produced privileged materials, or information gleaned solely from such inadvertently produced privileged materials except as provided in this Order.

Any Party returning material to a producing Party pursuant to this section may move the Court for an order compelling production of the material, but that motion shall not assert as grounds for entering such an order that the producing Party waived any privilege because of the inadvertent production. While such a motion is pending, the materials in question shall be treated as privileged. The provisions of this section are not intended to shift the burden of establishing confidentiality or an inadvertent production.

13. **Required Disclosure.** A Party may disclose Confidential Information if required to disclose such information by an order or subpoena of any court of competent jurisdiction, or by any federal or state regulatory agency to which a Party is required to report by its charter or by statute or regulation, administrative agency, or governmental body, or by any law, rule, regulation, subpoena, or any other administrative or legal process, or in accordance with applicable regulatory or professional standards, provided that the Party shall provide the designating or producing Parties with prompt prior notice (unless such notice is prohibited by law or regulation) so that such Parties may seek a protective order or other appropriate remedy.

In the event that such protective order or other remedy is not obtained, the disclosing Party shall furnish only that portion of the Confidential Information that appears legally required and will exercise reasonable efforts to obtain assurances that confidential material will be

accorded treatment as Confidential Information. The designating Party shall bear the burdens and the expenses of seeking protection in another court or proceeding of its confidential material. Nothing in this Order should be construed as authorizing or encouraging a receiving Party to disobey a lawful directive from another Court.

14. **Disputes and Resolution of Confidentiality Designation.**[4] Before filing any motion, objection, or other appropriate papers challenging a confidentiality designation, the Parties and any other affected Party shall meet and confer in good faith to resolve any dispute as to whether any material constitutes Confidential Information without judicial intervention. Absent a consensual resolution, the Parties may request that the Court in the Chapter 11 Case resolve questions of confidentiality and/or privilege upon the filing of the appropriate motions, objections, or letters to the Court on notice to the Parties and any other affected Party setting forth in detail the basis for the challenge to the confidentiality and/or privilege designation. Pending the resolution of such a dispute by agreement or a final ruling of the Court, the material in question shall be treated as Confidential Information. A Party may challenge the designation of material as Confidential or Confidential for Certain Attorneys' Eyes Only at any time and the passage of time shall not constitute a waiver of the right to challenge any such designation.

15. **Termination of Case.** The provisions of this Order shall survive the confirmation of a plan of reorganization for the Debtor or other conclusion to the Chapter 11 Case, and all Confidential Information provided shall remain subject to the terms and conditions of this Order. Subsequent to the confirmation of a plan of reorganization, each Party shall destroy or return to the other Party all copies of documents designated "Confidential" or "Confidential for Certain

---

[4] Insurers reserve all rights to contest the reasonableness or necessity of this Order or any individual provisions herein; however, the Insurers have agreed to not object to the Order to facilitate the exchange of information in advance of mediation.

Attorneys Eyes Only" that are in the possession of that Party. Upon request of the producing Party, each Party shall certify compliance with these obligations.

Notwithstanding the requirement to destroy or return all copies of documents designated as "Confidential" or "Confidential for Certain Attorneys Eyes Only," counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts (trial, deposition, hearings), legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, as required for regulatory recordkeeping purposes even if such materials are designated as "Confidential" or "Confidential for Certain Attorneys Eyes Only." Any such retained copies that contain Confidential Information shall remain subject to the Order, unless or until destroyed, without exception.

Any Party or its counsel will make commercially reasonable efforts to destroy or return all copies of documents designated as "Confidential" or "Confidential for Certain Attorneys Eyes Only," or documents containing Confidential Information that are produced or stored in electronic format. However, if it later becomes known by the Party or its counsel that certain of these materials remain in the custody of the Party or its counsel, such fact will not be considered a violation of the Order, such material shall remain Confidential subject to the terms and restrictions of the Order, and shall be destroyed in such fashion as to prevent their disclosure.

Nothing in the Order shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect any Confidential Information.

16. The provisions of this Order may be expanded to others by that person's execution of the Confidentiality Agreement Declaration (Ex. A).

17. **Immediate Application.** Any Parties who previously received Confidential Information agree to be bound by the terms of this Order pending its entry.

18. This Order shall be immediately effective and enforceable upon entry.

19. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

21. Nothing in this Order shall be construed to prohibit the disclosure of information provided as part of the terms of a confirmed chapter 11 plan or an order confirming a chapter 11 plan, and all rights and arguments for or against inclusion of such a provision in the plan or confirmation order are expressly reserved.

22. Nothing in this Order precludes any person or entity from moving this Court to seek a modification of this Order with respect to any proposed disclosure of Confidential Information; provided, however, that the person or entity moving for such relief shall not disclose any Confidential Information in connection with any such petition and/or motion unless such disclosure is restricted to this Court and any other necessary Parties and made under seal.

23. Notice of this Order shall be provided to the Core Service List as defined in the Court's *Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 216].

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email:    bdrell@goldweems.com
              hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
    Mark T. Benedict, Esq. (*admitted pro hac vice*)
    4801 Main Street, Suite 1000
    Kansas City, MO 64112
    Telephone (816) 983-8000
    Facsimile (816) 983-8080
    Email:    mark.benedict@huschblackwell.com

    AND

    Francis H. LoCoco, Esq. (*admitted pro hac vice*)
    Bruce G. Arnold, Esq. (*admitted pro hac vice*)
    Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
    511 North Broadway, Suite 1100
    Milwaukee, WI 53202
    Telephone (414) 273-2100
    Facsimile (414) 223-5000
    Email:    frank.lococo@huschblackwell.com
              bruce.arnold@huschblackwell.com
              lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT DECLARATION

1

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 25-31257 |
| DIOCESE OF ALEXANDRIA | |
| DEBTOR[1] | CHAPTER 11 |

## CONFIDENTIALITY AGREEMENT DECLARATION

I hereby acknowledge that I have read the Order on Debtor's Expedited Motion for Protective Order [Dkt. No. ●], and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the United States Bankruptcy Court, Western District of Louisiana, Monroe Division, for the enforcement of said order.

Date: _____

Signed by: _____

Printed Name: _____

Address: _____

Company: _____

Phone No.: _____

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.