# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | **Section "A"** |
| **ORLEANS,** | § | |
| | § | **Chapter 11** |
| **Debtor.** [1] | § | |
| | § | |

## PROTECTIVE ORDER

This Protective Order is entered into by and among:  (a) The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"); (b) the Official Committee of Unsecured Creditors of the Archdiocese (the "**Committee**"); (c) any of the Debtor's creditors or other constituents that are listed on the signature pages hereto (either directly or through counsel); or (d) any other persons or entities who become bound by this Protective Order by signifying their assent through execution of Exhibit 1 hereto (a "**Confidentiality Statement**"). Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes (each a "**Dispute**" and, collectively, the "**Disputes**") arising out of or relating to the Debtor's filing of a voluntary

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA  70125.

1

petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in this Court (the case commenced by such petition, the "**Chapter 11 Case**");

WHEREAS, the Parties have sought or may seek certain discovery material from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively "**Discovery Requests**") as provided by the Federal Rules of Civil Procedure (the "**Federal Rules**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Local Rules**");

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto  that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

WHEREAS, certain documents and information have been and may be produced by a Party, non-Party, person or entity ("**Producing Party**") that the Producing Party contends contain non-public financial information, or relate to trade information and other confidential research, development, marketing, pricing, financial information, or proprietary commercial information, or contain sensitive, private, non-public, or personal information that a Producing Party contends should not be disclosed or reviewed without appropriate protection for its confidential status; and

**THEREFORE**, a Protective Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

2

Terms not otherwise defined in this Protective Order shall have the following meanings:

**Bankruptcy Court**:   the United States Bankruptcy Court for the Eastern District of Louisiana.

**Business Day**:  any day, other than a Saturday, Sunday or "legal holiday" as such term is defined in Bankruptcy Rule 9006(a).

**Discovery Material**: all documents, items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are: (1) produced or generated in disclosures or responses to Discovery Requests; (2) produced, provided, or made available on a voluntary basis; or (3) otherwise produced in connection with the Chapter 11 Case. "Discovery Material" includes deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, all materials contained in the secure data rooms maintained by the Debtor, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**Protected Material**: Discovery Material designated by a Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Protective Order.

**Receiving Party**: a Party that receives Discovery Material from a Producing Party.

1.      The Parties shall submit this Protective Order to the Court for approval and shall abide by the terms of this Protective Order once approved.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

3

3.     This Protective Order shall govern the use, handling and disclosure of all Discovery Material that is produced in this Chapter 11 Case and that is designated by the Producing Party as Protected Material pursuant to this Protective Order.

4.     The Producing Party may designate as "CONFIDENTIAL" any Discovery Material that it believes in good faith, after reasonable inquiry, contains "Confidential Information". "Confidential Information" shall mean any non-public information provided by a Party wherein such information is not public or available to the general public.  "Confidential Information" shall include only information that satisfies Rule 26 of the Federal Rules made applicable to this Chapter 11 Case pursuant to Rule 7027 of the Bankruptcy Rules, as well as other applicable law on the subject, including 11 U.S.C. § 107.  The Producing Party shall  make a good  faith  effort  to  limit  the  designation  of  documents,  or  portions  thereof,  as "CONFIDENTIAL" subject to the restrictions of this Protective Order.  The Parties shall use the  procedures  outlined  in  paragraph  6(a)-(b)  and  elsewhere  in  this  Protective Order to attempt  to  resolve  any  disputes  about  the  Producing  Party's  designation  of  documents,  or portions thereof, as "CONFIDENTIAL." The Party requesting the material shall be responsible for safeguarding all produced materials and information designated as "CONFIDENTIAL" in accordance with the provisions of this Protective Order.

5.     Subject to the other provisions of this Paragraph, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall only include the raw data on or from Debtor's electronic accounting system that may be produced in this Chapter 11 case.  The data in these systems is hereby designated by the Debtor to be "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Debtor contends that this data should be protected from disclosure at this

4

level because it contains personally identifying information (including names, Social Security numbers, addresses, phone numbers and salary information) of persons other than those who are part of the Committee's constituency.  The Debtor may, in the future, request that the Committee agree to treat other documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the Committee does not agree to such request, the Debtor reserves its rights to seek this level of protection by motion to the Court.

6.      The Producing Party may designate Discovery Material that it wants treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by stamping the pages of the documents, or on the portion(s) of the document for which confidential treatment is designated, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the Discovery Material is not in paper form, the Producing Party shall use other such reasonable means as necessary to identify clearly the Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party shall make a good faith effort to limit designation of documents, or portions thereof, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY", subject to the restrictions of this Protective Order.

a.   If a Party objects to the designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," they shall state their objection and the basis therefore in writing to the Producing Party. Within five (5) Business Days from receiving the written objection, the Producing Party shall reply in writing; if the Producing Party fails to reply within the stated time frame and also fails to reply within three (3) Business Days after receiving a second written notice, then the Discovery Material shall be deemed to have the designation advocated by the objecting Party. The Parties shall confer within five (5) Business

5

Days from the receipt of the Producing Party's reply. If an agreement cannot be reached, then within ten (10) Business Days from the date of the conference, the objecting Party may move the court for an order stating that the information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is not confidential information within the meaning of this Protective Order and is not entitled to the protections of this Protective Order, with the Producing Party having the burden of proof to justify the designation in its response; and the objecting Party may respond in a reply brief filing, with no leave of court for filing being required. Pending the Court's decision on the motion, the information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be treated as though it were "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the meaning of this Protective Order. If the objecting Party does not file such a motion within the stated time frame and the Producing Party has not agreed to extend the time for filing such a motion, then the Protected Material shall be treated as designated by the Producing Party. All parties reserve the right to appeal the decision of the Court.

b. During the time that the Protected Material is disclosed in a deposition, examination, or hearing, the Producing Party shall have the right to exclude any person who has not or will not expressly agree to be bound by this Protective Order—but the exclusion shall only extend for the portion of the deposition, examination, or hearing during which the Protected Material is discussed. Sections of deposition, examination, or hearing transcripts (collectively, the "Transcripts") must be designated "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" by any Party during the deposition, examination, or hearing, unless for good cause shown. A Party who objects to the designations of any Transcript shall have twenty (20) Business

6

Days from the date of the receipt of the Transcript to object.  Upon the lodging of an objection, the Parties shall follow the procedures and times frames set forth in subpart (a) above. All persons shall treat as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the portion of the transcript containing an objection of confidentiality unless and until the Court has sustained the objection by the procedure set forth in subpart (a) above.

c.   The inadvertent delivery of documents and information that could be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be without prejudice to the Producing Party.  The Producing Party shall have five (5) business days after the Producing Party learns of its inadvertent production to designate such documents and information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d.   The inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work-product immunity if a request for return of such documents or information is made within five (5) business days after the Producing Party learns of its inadvertent production. The Receiving Party shall return such documents or information subject to protection under the attorney-client privilege or work-product immunity within five (5) Business Days of the written notice from the Producing Party.

e.   A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of its receipt of Discovery Material, and a failure to do so shall not preclude or be deemed to preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Material as

7

"CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of that Party's right to object to the designation at a later time, including at trial.

      7.  Any Discovery Material designated or marked "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons; the receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein; and the material designated "CONFIDENTIAL" shall be used by the receiving party (i) in the case of the Debtor, solely in connection with the Debtor's fiduciary obligations in connection with the Chapter 11 Case, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case); and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court; (ii) in the case of the Committee, solely in connection with Committee's obligations under the Bankruptcy Code, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case), and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court; and (iii) in the case of any other Party not identified in parts (i) and (ii) of this paragraph, solely for the purposes of a Dispute or the Chapter 11 Case

8

(including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding) and in any proceedings wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute, or relating to any Dispute or these Chapter 11 Case, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court (collectively, such uses, as described in this paragraph, being the "Authorized Uses" and each an "Authorized Use"):

    a.   The Debtor, including its respective members, managers, partners, directors, officers, employees, and agents—in each case, only as necessary to assist with or make decisions with respect to an Authorized Use;

    b.   The Committee, including each Committee member and such Committee member's managers, partners, directors, officers, employees, attorneys, and agents—in each case, only as necessary to assist with or make decisions with respect to an Authorized Use;

    c.   Debtors' creditors and other constituents as specified in the signature pages to this Protective Order, including their respective members, managers, partners, directors, officers, employees, and agents—in each case, only as necessary to assist with or make decisions with respect to any Authorized Use, and only after such creditor or other constituent has signed a Confidentiality Statement in the form provided as Exhibit 1 hereto to the extent not a signatory hereto;

9

    d.   The Office of the United States Trustee; and

    e.   any other persons specified in Paragraph 8 below.

8. Any Discovery Material designated or marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by the receiving party only to the following persons; the receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein; and the material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the receiving party (i) in the case of the Debtor, solely in connection with the Debtor's fiduciary obligations in connection with the Chapter 11 Case, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case), and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court; (ii) in the case of the Committee, solely in connection with Committee's obligations under the Bankruptcy Code, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case), and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court; and (iii) in the case of any other Party not identified in parts (i) and (ii) of

10

this paragraph, solely for the purposes of a Dispute or the Chapter 11 Case (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding) and in any proceedings wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute, or relating to any Dispute or these Chapter 11 Case, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court (collectively, such uses, as described in this paragraph, being the "Authorized Uses" and each an "Authorized Use"):

    a. Counsel, and staff working under the express direction of such counsel, for:

        i. Debtors;

        ii. The Committee;

        iii. Debtors' creditors and other constituents as specified in the signature pages to this Protective Order that are or become a Party; and

        iv. The U.S. Trustee.

    b. Professionals retained under §§ 328 and 1103 of the Bankruptcy Code, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) in each case that are retained by a Party in connection with the Chapter 11 Case and have signed a Confidentiality Statement, in the form provided as Exhibit 1 hereto;

11

c.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d.    for purposes of witness preparation, any deponent or witness who was noticed for a deposition, a 2004 examination, or is on a witness list for hearing or trial, in preparation for his or her testimony where such CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause harm, as defined in Paragraph 5, provided, however, that such CONFIDENTIAL – ATTORNEYS' EYES ONLY" material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such CONFIDENTIAL – ATTORNEYS' EYES ONLY" material beyond the time necessary to fulfil their obligations;

e.    any witness during the course of a deposition, examination, evidentiary hearing or trial, where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary;

f.    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or other Authorized Use;

12

g.   court reporters, stenographers, or videographers who record testimony in connection with a Dispute or other Authorized Use;

h.   the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or other Authorized Use; and

i.   any other person or entity with respect to whom the Producing Person may consent in writing.

9.   Any Protected Material, and all information derived from Protected Material (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than for Authorized Uses. However, the parties recognize that some of the information and documents produced by the Producing Party may be copies of documents that the receiving party had obtained from other sources during the ordinary course of its business. Accordingly, (a) information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and/or (b) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party shall not be governed by this Protective Order even in the event that it is produced during discovery in this matter.

13

10. Except with the prior written consent of the person asserting "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment, or in accordance with a prior order of the Court after notice, any Protected Material, and any information contained in, or derived from Protected Material (including, but not limited to, all deposition, examination or hearing testimony that refers, reflects, or otherwise discusses any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") may not be disclosed other than in accordance with this Protective Order.

11. Nothing in this Protective Order shall prevent a Party from using Protected Material during a trial, deposition, examination, or hearing in the Chapter 11 Case, subject to the provisions herein.

12. No Party shall be responsible to any other Party for any use of Discovery Material and not designated as Protected Material.

13. If the Producing Party marks information or documents "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that belongs to the other Party, the Producing Party agrees to remove that designation as soon as it is brought to its attention so that the receiving party can disclose the information or documents as it deems fit.

14. Within sixty (60) days of the conclusion of this Chapter 11 Case and following a written request by the designating person, a Receiving Party shall use all commercially reasonable efforts to either return to Producing Party or destroy all originals or reproductions of any documents, transcripts, or other materials afforded "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment under this Protective Order, including any extracts, summaries, or compilations taken therefrom, shall be returned to the person who produced or

14

furnished them, except that attorney-work-product copies may be destroyed. A verified statement regarding the destruction of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information must be provided to the Producing Party by counsel of the Party who destroys the same. Insofar as the provisions of any protective orders entered in this action restrict the trial of this action or restrict the communication and use of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced hereunder, such orders shall survive the confirmation of plan of reorganization for the Debtor, except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless the exhibits were filed under seal) and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this protective order or portions thereof. The Producing Party maintains the burden to request the return of its Confidential Information. Notwithstanding the provisions above, a Receiving Party may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) is required in order to satisfy applicable law, ethical, or professional obligations; (ii) any attorney-client communications or work product that contains or refers to Protected Material; and (iii) any portions of such documents and information that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems).

15. Documents or information produced by the Producing Party which originated with another Party, or in which the other Party has a possessory or ownership interest (in the documents or in the information in the documents) may be designated by the other according to this Order

and shall be treated by the Parties according to this Protective Order, except that information, documents, or other materials need not be returned or destroyed as provided above.

16. If a Party having possession, custody, or control of Protected Material is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such Protected Material, the Party to whom the subpoena or other process is directed shall provide written notice (which may be by e-mail) to the counsel for the Producing Party within five (5) Business Days of receiving the subpoena or 72 hours before producing the information, documents, or other materials, whichever is earlier.

17. An action for contempt arising out of any violation of this Protective Order may be brought in the United States Bankruptcy Court for the Eastern District of Louisiana.

18. This Protective Order is without prejudice to the right of any person to object to the production of any Discovery Material on the basis that such Discovery Material is protected as a privileged communication or work product.

19. This Protective Order is entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules or the Bankruptcy Rules as justice may require.

20. The designation of Discovery Material in accordance with this Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate discovery in connection with Disputes and other Authorized Uses. The fact that Discovery Material has been designated "CONFIDENTIAL" or "CONFIDENTIAL –

16

ATTORNEYS' EYES ONLY" shall not prejudice the right of any Party to contest the confidential or proprietary nature of any documents or information, at the time of trial or otherwise.

21.     This Protective Order is without prejudice to the right of any person to (a) seek discovery or compel disclosure of any information from any Party or non-Party under applicable laws or rules, including through subpoena, formal discovery or other process; (b) challenge the designation of any Protected Material; or (c) challenge whether any particular document or class of documents or information related thereto should be subject to any form of confidentiality.

**SO ORDERED:**

New Orleans, Louisiana, August 3, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

17

**AGREED TO BY:**

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

 _/s/ C. Davin Boldissar_
C. Davin Boldissar
Omer F. Kuebel, III
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facismile: (504) 558-5200
Email: dboldissar@lockelord.com

and

James I. Stang
Linda F. Cantor
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300 Los
Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

18

**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**

 _/s/ Mark A. Mintz_
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
EDWARD D. WEGMANN (#13315)
LAURA F. ASHLEY (#32820)
LUCAS H. SELF (#37301)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email: dwegmann@joneswalker.com
Email:  lashley@joneswalker.com
Email:  lself@joneswalker.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | **Section "A"** |
| **ORLEANS,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | |

---

**EXHIBIT 1**

**CONFIDENTIALITY STATEMENT**

UNDERTAKING OF _____

STATE OF _____)
)
PARISH OF _____)

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____

_____.

4.      I have received a copy of the Protective Order in this case signed by The Honorable

Meredith S. Grabill _____ on _____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

1

7.      I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts, or indices of Confidential Information disclosed to me.

8.      I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____          _____
                                                  Signature

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS _____ DAY OF _____ 2020.

_____
[NAME]  (LA Bar No. _____)
NOTARY PUBLIC
My Commission is for Life.

2