# EXHIBIT C

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: May 12, 2011



Honorable Susan V. Kelley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE, | ) | Case No. 11-20059-SVK |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER APPROVING STIPULATION REGARDING CONFIDENTIALITY
AGREEMENT BETWEEN DEBTOR AND OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, AND THEIR RESPECTIVE PROFESSIONALS**

Daryl L. Diesing (State Bar No. 1005793)
Bruce G. Arnold (State Bar No. 1002833)
Francis H. LoCoco (State Bar No. 1012896)
Michael E. Gosman (State Bar No. 1078872)
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com
barnold@whdlaw.com
mgosman@whdlaw.com

After due consideration of the Stipulation Regarding Confidentiality Agreement Between Debtor and Official Committee of Unsecured Creditors, and Their Respective Professionals,

IT IS HEREBY ORDERED that the stipulation be approved as follows:

Counsel for the Debtor Archdiocese of Milwaukee (the "<u>Debtor</u>") and the Official Committee of Unsecured Creditors in the above-captioned case (the "<u>Committee</u>", together with the Debtor, the "<u>Parties</u>"), agree that the handling of documents and any other information produced, given, or exchanged in the above-captioned bankruptcy case (the "<u>Case</u>") by and among: (i) the Debtor, including its member, professionals, advisors, and attorneys; and (ii) the Committee, including its members, professionals, advisors, and attorneys, shall be subject to the following provisions:

1. **<u>Purpose of Stipulation</u>.** Disclosure and discovery activity in this Case may involve production of confidential or private information for which special protection from public disclosure may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter an Order approving of this Stipulated Confidentiality Agreement (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal

2

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 2 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 3 of 19

principles to treatment as confidential. Each Party agrees that it will maintain in confidence all Confidential Information (as defined below) that it receives. Each Party agrees that it shall use Confidential Information solely for purposes of this Case, any adversary proceeding or other litigation related to this Case, and any appeals therefrom, and that it will not disclose any of the Confidential Information except as otherwise permitted by the Order or subsequent Court orders.

2. **Access to Confidential Information.** Each Party that designates information or items for protection as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as confidential or private so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

Except as specifically provided for in the Order or subsequent Court orders, only material containing Confidential Information may be designated as "Confidential" or "Confidential for Certain Attorneys' Eyes Only."

A. Material designated as "Confidential" shall not be revealed,

3

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 3 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 4 of 19

disclosed or otherwise made known to persons, directly or indirectly, other than the following:

      a.      Whyte Hirschboeck Dudek S.C. (solely in its capacity as counsel to the Debtor), and the regular and temporary employees of such counsel assisting in the conduct of the Case, or in any adversary proceeding or other litigation relating to the Case, for use in accordance with the terms of this Order;

      b.      Pachulski Stang Ziehl & Jones LLP and Howard, Solocheck & Weber, S.C. (solely in their capacity as counsel to the Committee), and the regular and temporary employees of such counsel assisting in the conduct and/or investigation of the Case, in any adversary proceeding or other litigation relating to the Case and any appeals therefrom, in accordance with the terms of the Order;

      c.      e-Stet and other copying/scanning firms that the Parties, or either of them, may engage;

      d.      Members of the Committee;

      e.      Officers and Directors of the Archdiocese of Milwaukee;

      f.      Personal counsel for members of the Committee;

      g.      Subject to Section 3 below, experts or consultants, who are not Parties to this Case or the officers, directors, managers or employees of the Parties to this Stipulation, and who are necessary to assist counsel of record in the conduct of this Case, in any adversary proceeding or other litigation relating to the Case, and in any appeals therefrom;

4

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 4 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 5 of 19

h. Subject to Section 3 below, witnesses or deponents and their counsel, during the course of and in preparation for depositions or testimony in this Case, any adversary proceeding or other litigation related to the Case, and any appeals therefrom to the extent reasonably necessary for conduct of the Case, any adversary proceeding or other litigation related to the Case and any appeals therefrom; provided, however, that no copies or notes relating to the "Confidential" material shall be made by such person;

i. Court reporters in their official capacity as reporters of proceedings in this Case, any adversary proceeding or litigation related to this Case and any appeals therefrom;

j. The Court, and any of its staff, administrative personnel, and Court reporters, and any essential personnel the Court may retain in connection with the Case, any adversary proceeding or other litigation related to the Case and any appeals therefrom (collectively the "<u>Court Officials</u>"); and

k. Any other person only upon order of the Court or upon stipulation of the Party designating the Confidential Information at issue.

B. Material marked as "Confidential for Certain Attorneys' Eyes Only" is subject to the all the restrictions applicable to materials marked "Confidential." However, disclosure is strictly limited to persons agreed upon by the Parties as qualified to view material marked "Confidential for Certain Attorneys' Eyes Only." Those persons are as follows:

5

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 5 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 6 of 19

a. Whyte Hirschboeck Dudek S.C. (solely in its capacity as counsel to the Debtor), and the regular and temporary employees of such counsel assisting in the conduct of the Case, any adversary proceeding or other litigation relating to the Case and any appeals therefrom, for use in accordance with the terms of this Order;

b. Pachulski Stang Ziehl & Jones LLP and Howard, Solocheck & Weber, S.C. (solely in their capacity as counsel to the Committee), and the regular and temporary employees of such counsel assisting in the conduct and/or investigation of the Case, any adversary proceeding or other litigation relating to the Case and any appeals therefrom, in accordance with the terms of the Order;

c. e-Stet and other copying/scanning firms that the Parties, or either of them, may engage;

d. Officers and Directors of the Archdiocese of Milwaukee;

e. Subject to Section 3 below, experts or consultants, who are not Parties to this Case, or the officers, directors, managers or employees of the Parties to this Stipulation, and who are necessary to assist counsel of record in the conduct of this Case, any adversary proceeding or other litigation relating to the Case and any appeals therefrom, in accordance with the terms of this Order;

f. Subject to Section 3 below, witnesses or deponents and their counsel, during the course of and in preparation for depositions or testimony in this

6

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 6 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order
Approving Stipulation Regarding Confidentiality Agre Pg 7 of 19

Case, any adversary proceeding or other litigation relating to the Case and any appeals therefrom, to the extent reasonably necessary for the prosecution or defense of the Case, any adversary proceeding or other litigation relating to the Case and any appeals ;therefrom, in accordance with the terms of this Order; provided, however, that no copies or notes relating to the "Confidential for Certain Attorneys' Eyes Only" material shall be made by such person;

      g.    Court reporters in their official capacity as reporters of proceedings in this Case, any adversary proceeding or litigation related to this Case and appeals therefrom;

      h.    The Court Officials; and

      i.    Any other person only upon order of the Court or upon stipulation of the Party designating the Confidential Information at issue.

Disclosure shall only be made to the extent these persons identified in section 2, above, with the exception of Court Officials, are necessary to assist counsel in the conduct of the Case, any adversary proceeding or other litigation relating to the Case and appeals therefrom, and they have agreed to hold the Confidential Information as confidential in accordance with the terms of this Order, including Section 5 below.

    3.    **Under Seal.**  All documents of any nature containing Confidential Information that are filed with the Court shall be filed under seal in accordance with the rules of this Court.  It shall not be a violation of this Stipulation to file Confidential Information under seal with the Court.

7

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 7 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 8 of 19

4. **Remedies.** Each Party understands and acknowledges that the disclosure of Confidential Information may cause irreparable harm to the other Parties. The Parties agree that money damages may not be a sufficient remedy for any breach of the Order and that any other Party shall be entitled to seek equitable relief, including injunctive relief and specific performance, in the event of any breach of the provisions of the Order, in addition to all other remedies available at law or in equity, including monetary damages.

5. **Certificate of Compliance.** Before a Party may disclose Confidential Information to any person described in Section 2, with the exception of the Court Officials, the Party shall advise such person that the information is being disclosed subject to the Order and may not be disclosed other than pursuant to its terms. Any person except for Court Officials entitled to receive Confidential Information under the provisions of the Order, including counsel for the Parties, shall be required to confirm his or her understanding and agreement to abide by the terms of the Order by executing a Certificate of Compliance as set forth in **Exhibit A** to this Stipulation; provided, however, that a non-party witness to whom Confidential Information is first disclosed at a deposition or trial need not be required to sign a copy of the Certificate of Compliance. Copies of any executed Certificate of Compliance shall be circulated to counsel for all Parties.

6. **"Confidential Information".**

8

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 8 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 9 of 19

a.  **Defined.**  "Confidential Information," for purposes of this Order, includes both "Confidential" and "Confidential for Certain Attorneys' Eyes Only" material. Subject to the exclusions set forth in section 6(h) below, "Confidential Information" shall mean any non-public information provided by the Parties wherein (1) such information is not public or available to the general public, and (2) that a Party (or its officers, employees, advisors, or representatives), in good faith, has identified that Confidential Information with a label reading "Confidential" or "Confidential for Certain Attorneys' Eyes Only"; provided that the Party may orally designate any such materials as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" and, that with respect to materials orally designated, the Party will use best efforts to promptly confirm such identification in writing.

b.  "Confidential" material shall include only the material that satisfies the Federal Rules of Civil Procedure 26 ("Rule 26") made applicable to the Case pursuant to Federal Rule of Bankruptcy Procedure 7026 as well as all other applicable law on the subject including 11 U.S.C. 107.

c.  Material designated as "Confidential for Certain Attorneys' Eyes Only" shall include only the raw data on Debtor's electronic accounting software system (which is operated with Microsoft Great Plains and DLS). The data in these systems is hereby designated by the Debtor to be "Confidential for Certain Attorneys' Eyes Only. The Debtor contends that this data should be protected from disclosure at this level because it contains personally identifying information (including names, Social

9

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 9 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 10 of 19

Security numbers, addresses, phone numbers and salary information) of persons other than those who are part of the Committee's constituency.

    d.  The parties further acknowledge that by virtue of the Debtor's agreement to provide this information as requested in native format, the Debtor is not thereby waiving any other legal privileges to which the Archdiocese or other third parties may be entitled.

    e.  The Debtor may, in the future, request that the Committee agree to treat other documents as "Confidential for Certain Attorneys' Eyes Only". If the Committee does not agree to such request, the Debtor reserves its rights to seek this level of protection by motion to the Court.

    f.  The Committee further acknowledges that only its financial advisors will have direct access to the data contained in the electronic accounting software. In addition, to the extent the Committee's financial advisors or Committee Counsel is able to determine the names of individual victim-survivors from this data, the Committee agrees that neither its counsel nor its financial advisors will share those names with the members of the Committee, or personal counsel for individual members of the Committee. Nothing herein shall prevent the Committee's financial advisors from sharing any information with Pachulski Stang Ziehl & Jones LLP and Howard, Solocheck & Weber, S.C. in their capacity as counsel to the Committee. The parties further acknowledge that the Committee's financial advisors may need to retain the services of a consultant to assist them in processing the data from Great Plains and DLS

10

WHD/7847608.3

into the operating software that will make this data readable and available for analysis by the Committee's financial advisors. The consultant will be provided with a copy of this Stipulation and Order and agree to be bound by its terms. Moreover, upon completion of the consultant's work, no additional copy of the data, in any form, will be retained by him or her.

     g. An oral designation of confidentiality may also be made at depositions or during other pre-trial testimony by a statement on the record, by counsel, at or before the conclusion of the testimony that such information is "Confidential" or "Confidential for Certain Attorneys' Eyes Only". Confidential Information shall also include any analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by any of the Parties which contains, reflects, or otherwise is generated or derived from any information deemed to be Confidential Information. The failure to designate a document as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" does not constitute a waiver of such claim. A producing Party may designate a document as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" promptly after such document has been produced, with the effect that such document is subject thereafter to the protections of the Order subject to a challenge and Court resolution (if necessary) of whether the document should be marked as "Confidential" or "Confidential for Certain Attorneys' Eyes Only."

  Documents marked as "Confidential for Certain Attorneys' Eyes Only" may be designated as such by counsel for the producing Party for the purpose of

11

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 11 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 12 of 19

identifying and protecting particularly sensitive information.

        h.     **<u>Definitional Exclusion</u>.** The designation of information as "Confidential" or "Confidential for Certain Attorneys' Eyes Only" shall not include and will not apply to any information that: (i) is or becomes generally available to the public other than through disclosure in violation of the Order; (ii) was available on a non-confidential basis before the Party disclosed the information to the other Parties; (iii) a Party is required to disclose on a non-confidential basis under applicable law; (iv) is filed in any pending or prior litigation, unless such document is/was filed under seal; (v) becomes available to the Parties on a non-confidential basis through a means other than through a breach of the Order or from a source which is not, to the Party's knowledge, subject to any prohibition from disclosing such information; (vi) is intentionally made public by the designating Party; (vii) is information developed by a Party independently of any disclosures made by another Party of such information; (viii) is determined by a court of competent jurisdiction to be non-confidential; or (ix) any internal data or analysis generated or obtained from such sources without reference to Confidential Information (collectively, "Non-Confidential Information").

        In the event any information initially designated as Confidential Information becomes subject to any of the foregoing exclusions, such information shall lose its designation as Confidential Information and shall be deemed Non-Confidential Information. Non-Confidential Information may be disclosed freely. Disclosure of Non-Confidential Information shall not constitute a violation of the Order.

12

WHD/7847608.3

Case 11-20059-gmh   Doc 230   Entered 05/13/11 08:05:28   Page 12 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order
Approving Stipulation Regarding Confidentiality Agre Pg 13 of 19

7. **Inadvertent Production.** In the event that a Party inadvertently produces materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the producing Party by giving written notice to all Parties to whom the producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within two (2) business days of the date on which the producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all Parties or other persons who have received a copy of the inadvertently produced materials shall refrain from any further examination or disclosure of the inadvertently produced materials and promptly return any and all copies of those materials to the producing Party.

The terms of this section shall not be deemed a waiver of a Party's right to challenge the producing Party's designation of materials as privileged (provided that any such challenge to the designation may only be made following the return of such identified documents to the producing Party and the producing Party agrees to submit such documents to the Court for in camera review upon request of the party challenging the claim of privilege). Inadvertent production of any material that is subsequently retrieved pursuant to this Section shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege. No Party shall use any inadvertently produced privileged materials, or

13

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 13 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 14 of 19

information gleaned solely from such inadvertently produced privileged materials except as provided in this Stipulation.

Any Party returning material to a Producing Party pursuant to this section may move the Court for an order compelling production of the material, but that motion shall not assert as ground for entering such an order that the producing Party waived any privilege because of the inadvertent production. While such a motion is pending, the materials in question shall be treated as privileged. The provisions of this section are not intended to shift the burden of establishing confidentiality or an inadvertent production.

8. **Required Disclosure.** A Party may disclose Confidential Information if required to disclose such information by an order or subpoena of any court of competent jurisdiction, or by any federal or state regulatory agency to which a Party is required to report by its charter or by statute or regulation, administrative agency, or governmental body, or by any law, rule, regulation, subpoena, or any other administrative or legal process, or in accordance with applicable regulatory or professional standards, provided that the Party shall provide the other Parties with prompt prior notice (unless such notice is prohibited by law or regulation) so that the other Parties may seek a protective order or other appropriate remedy.

In the event that such protective order or other remedy is not obtained, the disclosing Party shall furnish only that portion of the Confidential Information that appears legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded treatment as Confidential Information. The

14

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 14 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 15 of 19

designating Party shall bear the burdens and the expenses of seeking protection in another court or proceeding of its confidential material. Nothing in this Stipulation should be construed as authorizing or encouraging a receiving Party in this Case, or in any adversary proceeding or other litigation relating to the Case, to disobey a lawful directive from another Court.

9. **Disputes and Resolution of Confidentiality Designation.** The Parties and any other affected party shall confer in good faith to resolve any dispute as to whether any material constitutes Confidential Information. Absent a consensual resolution, the Parties may request that the Court in the Case resolve questions of confidentiality and/or privilege upon the filing of the appropriate motion or letters to the Court on notice to the Parties and any other affected party. Pending the resolution of such a dispute by agreement or a final ruling of the Court, the material in question shall be treated as Confidential Information. A party may challenge the designation of material as Confidential or Confidential for Certain Attorneys' Eyes Only at any time and the passage of time shall not constitute a waiver of the right to challenge any such designation.

10. The provisions of this Order shall survive the confirmation of a plan of reorganization for the Debtor, and all Confidential Information provided shall remain subject to the terms and conditions of the Order. Subsequent to the confirmation of a plan of reorganization, each Party shall destroy or return to the other Party all copies

15

WHD/7847608.3

Case 11-20059-gmh    Doc 230    Entered 05/13/11 08:05:28    Page 15 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order
Approving Stipulation Regarding Confidentiality Agre Pg 16 of 19

11. of documents designated "Confidential" or "Confidential for Certain Attorneys Eyes Only" that are in the possession of that Party.

12. The provisions of this Order may be expanded to others by that person's execution of a Certificate of Compliance, and approval of both the Debtor and the Committee.

#####

# EXHIBIT A

# CERTIFICATE OF COMPLIANCE

I, _____, state the following:

I have read and understand the *Order Granting the Stipulated Confidentiality Agreement between Debtor and Official Committee of Unsecured Creditors and Their Respective Professionals Governing the Production and Exchange of Confidential Information* in *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No. 11-20059-SVK) (the "Order").

    1.    In order for me to review or handle of any of the documents or other materials containing Confidential Information produced pursuant to the Order, or prior to my obtaining any such information contained in said documents or other materials, I understand that access to information designated as "Confidential Information" may be provided to me pursuant to the terms and conditions and restrictions of the Order. I agree to be bound to the terms of the Order.

    2.    I shall not use or disclose to others, except in accordance with the Order, any Confidential Information. If I fail to abide by the terms of this Certificate of Compliance or the Order, I understand that I may be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by the United States

Bankruptcy Court for the Eastern District of Wisconsin and waive any objection as to venue in connection with any effort to enforce this Certificate of Compliance.

   I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Certificate of Compliance is executed on the _____ day of____, 2011 at _____ in _____.

            City       State

_____
Signature

_____
Printed Name

_____
Employer

WHD/7847608.3

Case 11-20059-gmh Doc 230 Entered 05/13/11 08:05:28 Page 18 of 18
25-31257 - #254-3  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit C - Milwaukee Order Approving Stipulation Regarding Confidentiality Agre Pg 19 of 19