# EXHIBIT D



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP, a New Mexico corporation sole, | Case No. 13-13676-t11 |
| Debtor. | **Jointly Administered with:** |
| Jointly Administered with: | Case No. 13-13677-t11 |
| BISHOP OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP, an Arizona corporation sole. | |
| This pleading applies to: | |
| ☒ All Debtors. ☐ Specified Debtor. | |

### STIPULATED CONFIDENTIALITY ORDER GOVERNING
### PRODUCTION AND ACCESS TO CONFIDENTIAL MATERIAL

The Roman Catholic Church of the Diocese of Gallup and the Bishop of the Roman Catholic Church of the Diocese of Gallup (collectively, the "**Debtors**"), the debtors and debtors

in possession in the above-captioned cases (the "**Cases**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), on the one hand, and the Official Committee of Unsecured Creditors (the "**Committee**"), on the other hand, each by and through their undersigned counsel, hereby stipulate to the following:

    A.    On November 12, 2013, the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

    B.    On December 17, 2013, the U.S. Trustee formed the Committee and appointed seven members to the Committee.

    C.    On February 3, 2014, the Committee requested that the Debtors provide certain documents and information to the Committee pursuant to an informal document request by the Committee to the Debtors.

    D.    The Debtors have agreed to produce documents and information responsive to the Committee's request, subject to their right to object to any request.

    E.    The parties anticipate that the Committee may request additional documents and information from the Debtors (including pursuant to informal requests, subpoenas or formal requests for production of documents) from time to time.

    F.    The Debtors contend that documents and information requested by the Committee may contain confidential commercial, proprietary, financial, business, research, development, scandalous and/or defamatory material or information and that such material is entitled to protection under Fed. R. Civ. P. 26, section 107 of the Bankruptcy Code and/or other applicable law of similar effect.

    G.    The Committee does not concede that the documents and information requested by the Committee contain material is entitled to protection pursuant to Fed. R. Civ. P. 26,

2

section 107 of the Bankruptcy Code or any other law.

H.  During these Cases, the Committee may provide information to the Debtors that may contain confidential commercial, proprietary, financial, business, research, development, scandalous and/or defamatory material or information that is entitled to protection under Fed. R. Civ. P. 26, section 107 of the Bankruptcy Code and/or other applicable law of similar effect.

I.  The parties wish to agree on a procedure to facilitate production of documents and information while preserving the confidential nature, if any, of the documents and information.

**NOW, THEREFORE, IT IS HEREBY MUTUALLY AGREED AND STIPULATED** by and between the parties hereto that this Order shall govern the handling of all documents, depositions, deposition exhibits and any other written, recorded or graphic material, including anything prepared for use in any Permitted Proceeding (as defined below) that contains or otherwise reflects or is generated, in whole or in part, from any items produced between and among the parties hereto in these Cases or any Permitted Proceeding (as defined below).

1.  **Confidential Material**.  To the extent that any party hereto (a "**Producing Party**") provides information to any other party hereto (a "**Receiving Party**") or such Receiving Party's attorneys, accountants, professionals, financial advisors, representatives or experts ("**Advisors**") working with or on behalf of such Receiving Party, the Producing Party may designate such information or any portion thereof as confidential (material so designated, "**Confidential Material**") pursuant to paragraph 2 below. "Confidential Material" may include, without limitation, all information, data, reports, computations, projections, forecasts, records, memoranda, summaries, term sheets, pleadings, agreements, oral conversations, depositions,

3

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22    Page 3 of 13
25-31257 - #254-4   File 02/02/26   Enter 02/02/26 17:45:07   Exhibit D - Gallup Stipulated Confidentiality Order Pg 4 of 14

deposition exhibits, notes, analyses, compilations, studies, interpretations, other documents or materials or drafts of any of the foregoing, in whatever form maintained, whether documentary, computerized or otherwise, prepared by or in the possession, custody or control of the Producing Party or its Advisors. "Confidential Material" may also include any and all analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by a Receiving Party or its Advisors which contain or otherwise reflect or in each case are generated, in whole or in part, from any Confidential Material. The following shall not constitute Confidential Material for purposes of this Order (i) material that is or becomes generally available to the public from a source that was not, to the best of the Receiving Party's knowledge, subject to any prohibition against publishing it; (ii) material that was already in the Receiving Party's files on a non-confidential basis prior to being produced to such Receiving Party; (iii) material that becomes available to the Receiving Party on a non-confidential basis if the source was not, to the best of the Receiving Party's knowledge, subject to any prohibition against transmitting the information to it; or (iv) material that is independently developed by any Receiving Party without the use of Confidential Material.

2. **<u>Manner of Designating Material as Confidential Material</u>**. A Producing Party may designate as Confidential Material any information that such Producing Party in good faith determines may qualify for confidential treatment under Fed. R. Civ. P. 26(b), 11 U.S.C. § 107(b), or other applicable law or rule of similar effect. Documents or other information shall be designated as Confidential Material by any means reasonably calculated to apprise the Receiving Party of such designation. Without limiting the generality of the foregoing, placing or affixing the word "Confidential" shall be a sufficient means of making the designation. Deposition testimony or deposition exhibits may be designated as Confidential Material either on

4

the record during the deposition or by written notice delivered within 15 business days after the delivery of the transcript to the parties. Until expiration of the 15 day period, all deposition testimony shall be deemed Confidential Material and treated as if so designated. Confidential Material within the scope of the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL – Subject to Protective Order". If no party or deponent timely designates Confidential Material in a deposition, then none of the transcript or its exhibits will be treated as Confidential Material; if a timely designation is made and survives any challenge brought pursuant to this Order, the confidential portions and exhibits shall be treated as Confidential Material.

3. **Failure to Designate Material**. Failure to designate material as Confidential Material at the time of production or at the time of a deposition may be remedied by written notice to the Receiving Party delivered within 15 days after the production of such material. All material produced by a Producing Party shall be treated as Confidential Material until the expiration of the 15-day period. Upon the receipt by a Receiving Party of such notice, the identified materials shall thereafter be fully subject to the provisions of this Order with respect to Confidential Material. In the case of Confidential Material that was inadvertently produced without the appropriate designation but that was otherwise intended to be produced as such, the designating Producing Party shall deliver to the Receiving Party copies of the Confidential Material containing the appropriate designation. A Producing Party that inadvertently produces material without designating the same as Confidential Material may request the return or destruction of such Confidential Material after delivering to the Receiving Party copies of the Confidential Material containing the appropriate designation.

5

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22    Page 5 of 13
25-31257 - #254-4   File 02/02/26   Enter 02/02/26 17:45:07   Exhibit D - Gallup Stipulated Confidentiality Order Pg 6 of 14

4. **Objections to Designation of Confidential**. If at any time a Receiving Party objects to the designation of any particular material as Confidential Material under this Order, the Receiving Party shall notify the Producing Party of such objection in writing. The objecting Receiving Party shall identify the particular material in question and shall specify in reasonable detail the reasons for the objection. Within ten (10) business days of the receipt of such notice, or within such other time as the Parties may agree, the Producing Party and the Receiving Party shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the Producing Party may apply on or before ten (10) business days thereafter, or such longer time as the Parties may agree, for *in camera* review by and a ruling from the Court on the propriety of the designation, and the material that is subject to the application shall remain Confidential Material until and unless the Court rules against the propriety of the designation, and thereafter until and unless all of the Producing Party's rights to appeal or seek further review of the Court's ruling have expired or been exhausted. The burden shall be on such Producing Party to demonstrate that the particular material should be designated as Confidential Material.

5. **Confidentiality Requirement**. Each Receiving Party hereby agrees that all Confidential Material, will be used solely in connection with these Cases and/or any adversary proceeding or contested matter related to these Cases (collectively, "**Permitted Proceedings**"), and that such information shall be kept confidential by each Receiving Party and not disclosed to any third parties; provided, however, that, Confidential Material may be disclosed to the following parties (collectively, the "**Permitted Parties**"): (a) a party's Advisors in connection with the Permitted Proceedings; (b) officers and employees of a Party; (c) subject to Paragraph 10 below, any deponent and such deponent's Advisor(s) to the extent such deponent is shown Confidential Material in connection with uses permitted hereunder; (d) any court presiding over

6

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22    Page 6 of 13
25-31257 - #254-4  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit D - Gallup Stipulated Confidentiality Order Pg 7 of 14

a Permitted Proceeding and its staff (collectively, a "**Presiding Court**"); (e) court reporters and videographers engaged for recording testimony in any deposition, examination or testimony in connection with the Permitted Proceedings; and (f) individual members of the Committee and counsel representing such individual Committee member.  Except with respect to a Presiding Court, it is understood that such Permitted Parties shall be informed by the Receiving Party of the confidential nature and limited use of such material, and such Permitted Parties shall agree to treat such material strictly in accordance with the terms of this Order.

If and to the extent a Producing Party seeks to restrict an individual Committee member's, or such Committee member's individual counsel's, access to Confidential Material (any such request, a "**Restriction Request**"), the following procedures shall apply: (i) the Producing Party shall notify in writing (via email and facsimile) the Committee's undersigned counsel of such Restriction Request;  (ii) the Producing Party shall produce a copy of the specific material subject to a Restriction Request to Committee counsel;  (iii) Committee counsel and the Producing Party shall meet and confer within five (5) business days of the Restriction Request or such later date as agreed upon between the Parties; and (iv) if the Parties cannot agree on treatment of material subject to a Restriction Request, then the Producing Party shall seek a ruling from the Court pursuant to the procedures set forth in paragraph 5 above.

Notwithstanding anything to the contrary herein, any Committee member (or such Committee member's counsel) may provide to the Committee's Advisors copies of Confidential Material previously produced to such Committee member pursuant to an agreement or order of confidentiality provided that the Committee's Advisors maintain such Confidential Material in accordance with the terms of this Order.

7

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22    Page 7 of 13
25-31257 - #254-4  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit D - Gallup Stipulated Confidentiality Order Pg 8 of 14

6. **Non-Disclosure**. Each Receiving Party and all other persons or entities who may acquire access to Confidential Material pursuant to this Order shall not disclose such material to any person or entity except in accordance with the terms of this Order.

7. **Limitation of Scope of Section 1102(b)(3)**. The Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to disseminate or disclose to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**") without express approval of the Debtors and/or further order of the Court, any Confidential Material. For the avoidance of doubt, pursuant to this Order, the Committee, as a Receiving Party, may only disseminate Confidential Material to Permitted Parties in accordance with the terms of this Order.

8. **Court Filings**. If a Receiving Party determines to file or otherwise submit to a Presiding Court any Confidential Material, any information derived therefrom, or any papers containing or making references to the contents thereof, subject to the terms of Paragraph 4 above, such Receiving Party shall, and herby is permitted, to file such Confidential Material under seal.

9. **Response to Subpoena or Other Legal Process; Disclosure of Confidential Material**. If any third party (including a governmental agency) subpoenas, requests or moves to compel disclosure (any such action, a "**Third Party Request**") by a Receiving Party of any Confidential Material, or if any Receiving Party is otherwise requested or required (by oral questions, interrogatories, requests for information or documents, civil investigative demand or similar process) to disclose any Confidential Material, such Receiving Party shall request the Producing Party's consent to produce such Confidential Material upon no less than five (5) business days' notice, via email and facsimile (any such request, a "**Production Request**").

Within ten (10) business days after the Receiving Party sends such Production Request, the Producing Party shall inform the Receiving Party if and to the extent it objects to production of Confidential Material in response to a Third Party Request. If the Producing Party does not timely object to such Production Request, then the Receiving Party may, but shall not be required, to produce any Confidential Material it reasonably believes is responsive to such Third Party Request. If and to the extent the Producing Party objects to production of Confidential Material in response to a Third Party Request, the Receiving Party shall file a pleading in any court of competent jurisdiction, on notice to the Producing Party, objecting to disclosure of the applicable Confidential Material in response to a Third Party Request on the basis that the Confidential Material is subject to the terms of this Order. Nothing shall obligate the Receiving Party to argue the merits of the designation of any material as Confidential Material. If, notwithstanding its objection, a Receiving Party is compelled to disclose Confidential Material, that Receiving Party may, without liability hereunder or otherwise, disclose such portion of the Confidential Material as it is so compelled to disclose. Without limiting the generality of any other provision of this Order, the terms of this paragraph shall apply to any request, demand, subpoena, or other effort to compel the Committee's disclosure of Confidential Material pursuant to section 1102(b)(3) of the Bankruptcy Code.

10. **Confidential Information at Depositions**. During a deposition, Confidential Material may be shown to a deponent and the deponent may be examined about it. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Material not provided by them or the entities they represent unless otherwise agreed to by the Producing Party in writing (including via email) or on the record of the deposition. A deponent

9

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22    Page 9 of 13
25-31257 - #254-4  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit D - Gallup Stipulated Confidentiality Order Pg 10 of 14

who is not a party or a representative of a party shall be furnished a copy of this Order before being shown or examined about Confidential Material.

11. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial or any court hearing in a Permitted Proceeding, provided that the proponent of the evidence either (a) gives 3 business days' advance notice (including via email) to the undersigned counsel for the Producing Party; provided, however, that if it is not possible to provide 3 business days' notice, then the proponent of the evidence shall provide such notice as is reasonable under the circumstances or (b) files or otherwise submits such evidence under seal. Any Producing Party may move a Presiding Court for an order that the evidence be received *in camera* or under other conditions to prevent public disclosure. The Presiding Court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection, if any, may be afforded to such information at the trial.

12. **All Other Uses of Confidential Information.** All Confidential Material produced pursuant to this Order shall be used solely by the Committee in connection with any Permitted Proceeding, and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative or arbitral proceeding that is not a Permitted Proceeding.

13. **Protocol Regarding Tort Claims**. Any Tort Claim Forms[1] filed with the Court shall be Confidential Material, except to the extent the individual who filed a Tort Claim, in his

---

[1] The terms "**Tort Claim Form**" and "**Tort Claim**" shall be as defined in the *Order Fixing Time for Filing Proofs of Claim, Approving Claim Forms, and Approving Manner and Form of Notice* (the "**Bar Date Order**") [Docket No. 218].

10

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22 Page 10 of 13
25-31257 - #254-4  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit D - Gallup Stipulated Confidentiality Order Pg 11 of 14

or her sole discretion, notifies the Debtors or the Committee in writing that his or her Tort Claim shall not be treated as Confidential Material. The Committee's Advisors shall have unfettered access to any Tort Claim Forms filed with the Court. The Committee's undersigned counsel may provide copies of Tort Claim Forms filed with the Court to individual Committee members and counsel to individual Committee members provided that (a) all personally identifying information (e.g., name, address, phone numbers, date of birth, email addresses, and identification numbers) of the claimant are redacted and (b) such Committee member or counsel agrees in writing (including via email) to Committee counsel to treat such redacted Tort Claim Forms as Confidential Material pursuant to this Order. This Order shall be deemed, upon entry thereof, to satisfy Paragraph U of the Bar Date Order.

14. **Notices**. All notices required under this Order shall be to the undersigned counsel for each Party at the address described below.

15. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of these Cases or any Permitted Proceeding. Within 120 days after the final conclusion of all aspects of any Permitted Proceeding, Confidential Material and all copies of same (other than exhibits of record) shall be returned to the applicable Producing Party or, at the option of the Producing Party, destroyed. Advisors for a Receiving Party may retain such Confidential Material only for purposes of maintaining a file and shall not disseminate or otherwise use any Confidential Material for any purpose whatsoever after the conclusion of the Permitted Proceedings. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents and not more than 150 days after final termination of this all Permitted Proceedings. All briefs, pleadings or other filings by a Receiving Party's counsel that incorporate, disclose, or refer to documents

11

produced pursuant to the terms of this Order may be retained by counsel for the filing party, but shall remain subject to and shall be maintained in strict compliance with the provisions of this Order.

16. **Modification Permitted**.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

17. **Responsibility of Advisors**.  The parties' Advisors are responsible for employing reasonable measures (including their standard procedures for maintenance of confidential information), consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Material.

18. **Severability**.  Any provision in this Order that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective to the minimum extent of such prohibition or unenforceability, without invalidating the remaining provisions in any jurisdiction hereof or affecting the validity or enforceability of such provisions in any jurisdiction.

19. **Jurisdiction**.  The United States Bankruptcy Court for New Mexico shall have exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Order upon appropriate motion by a party in interest.

20. **Effective Date**.  This Order shall be effective upon executed by all Parties and approval by the Court.

21. **No Limitation on Further Requests**.  Nothing in this Order shall be construed to affect, limit, reduce or expand any party's rights (including any party hereto and any other Entity) from seeking information from any Entity pursuant to any applicable discovery law or rule, including any applicable Rule of the Fed. R. Bank. P.

12

DOCS_NY:30953.7

Case 13-13676-t11    Doc 243    Filed 06/04/14    Entered 06/04/14 11:24:22  Page 12 of 13
25-31257 - #254-4  File 02/02/26  Enter 02/02/26 17:45:07  Exhibit D - Gallup Stipulated Confidentiality Order Pg 13 of 14

### END OF ORDER ###

Submitted, Stipulated and Agreed by:

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP AND BISHOP OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP |

By: */s/ James I. Stang*
James I. Stang
Pachulski Stang Ziehl & Jones
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
jstang@pszjlaw.com

Counsel for the Committee

By: */s/ Lori L. Winkelman*
Susan G. Boswell (AZ Bar No. 004791)
Lori L. Winkelman (AZ Bar No. 021400)
Elizabeth S. Fella (AZ Bar No. 025236)
*Admitted Pro Hac Vice*
QUARLES & BRADY LLP
One S. Church Ave., Suite 1700
Tucson, Arizona 85701
(520) 770-8700
Fax: (520) 623-2418
susan.boswell@quarles.com
lori.winkelman@quarles.com
elizabeth.fella@quarles.com

-and-

Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
Fax: (505) 722-9287
twalker@walkerlawpc.com

Counsel for the Debtors