# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

IN RE:                                          CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

**DEBTOR**[1]                                   **CHAPTER 11**

---

### DEBTOR'S *EXPEDITED* MOTION TO
### APPOINT JOHN W. PERRY, JR. AS MEDIATOR

> **THE DEBTOR HAS REQUESTED AN EXPEDITED SPECIAL SETTING FOR THE HEARING OF THIS MATTER ON FEBRUARY 17, 2026, AT 10:00 A.M. (PREVAILING CENTRAL TIME) (A) IN PERSON AT TOM STAGG UNITED STATES COURTHOUSE, COURTROOM 4, 300 FANNIN STREET, SHREVEPORT, LOUISIANA 71101, OR (B) VIRTUALLY USING ZOOM ID 160 6557 9520 AND PASSCODE 6480377. FOR A DIRECT LINK AND OTHER INSTRUCTIONS REGARDING VIRTUAL ATTENDANCE, SEE THE "NOTICE REGARDING REMOTE ACCESS TO PROCEEDINGS" ISSUED BY JUDGE HODGE AND AVAILABLE ON THE COURT'S WEBSITE AT https://www.lawb.uscourts.gov/.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST MAKE YOUR OBJECTION AT THE HEARING, OR FILE A WRITTEN OBJECTION BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE**

The **Diocese of Alexandria** (the "Debtor" or "Diocese"), by and through the undersigned counsel, files this *Expedited Motion to Appoint John W. Perry, Jr. as Mediator* (this "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9019-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Louisiana (the "LBR"), and seeks the entry of an order, substantially in the

---

[1] The Debtor's address is 4400 Coliseum Blvd, Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.

1

form attached hereto as <u>Exhibit A</u>, referring the above-captioned chapter 11 case (the "Chapter 11 Case") to mediation and appointing John W. Perry, Jr. of Perry, Balhoff, Mengis and Burns, L.L.C. (the "Proposed Mediator") as the mediator. In support of this Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1001, and LBR 9019-2.

## BACKGROUND

4. On **October 31, 2025** (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and the Official Committee of Unsecured Creditors was appointed on November 21, 2025.

5. Prior to the Petition Date, the Proposed Mediator served as a mediator for the Debtor and representatives of certain sexual abuse claimants. The Proposed Mediator's efforts resulted in the settlement-in-principle announced at the First Day Hearing in this Chapter 11 Case. The Debtor and parties in interest require additional assistance from the Proposed Mediator to facilitate negotiations on outstanding details necessary to a consensual plan of reorganization.

## RELIEF REQUESTED

6. The Debtor seeks entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, referring this Chapter 11 Case to mediation and appointing the Proposed Mediator as the mediator.

2

## BASIS FOR RELIEF

7.      Section 105(a) of the Bankruptcy Code empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 1001 further enables this Court to oversee this Chapter 11 Case in a manner that "secure[s] the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001(a). Under LBR 9019-2 and on the motion of any party or party in interest, this Court may order parties to participate in mediation. LBR 9019-2.

8.      The Debtor requests the appointment of the Proposed Mediator to mediate and facilitate the resolution of outstanding disputed items with creditors and other parties in interest – namely, the Committee and the Debtor's insurance carriers. The Debtor requires the assistance of the Proposed Mediator to advance ongoing, complex negotiations essential to the formulation of a consensual plan of reorganization in this Chapter 11 Case.

9.      The retention and assistance of the Proposed Mediator will further the expeditious resolution of remaining disagreements, further the efficient administration of the Debtor's estate and formulation of a consensual plan of reorganization, and avoid protracted and potentially unnecessary litigation.

10.     The Proposed Mediator is a highly respected and experienced mediator in Louisiana with a strong track record of successfully resolving complex, multi-party disputes, as demonstrated by the Proposed Mediator's appointment as a mediator in *In re: The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 in the United States Bankruptcy Court for the Eastern District of Louisiana. Based on this and other experience, the Mediator has a particular

understanding of the specific issues, dynamics, and interplay of interests in cases of the nature of this Chapter 11 Case necessary to bring all parties to a resolution.

11.    The Proposed Mediator served as the mediator to facilitate negotiations between the Diocese and the constituency now represented by the Committee prior to the Petition Date, giving him intricate knowledge concerning the particularities of this Chapter 11 Case.  Such knowledge will reduce the expense associated with mediation and enhance the prospects for a consensual and timely resolution of this Chapter 11 Case.

12.    With the exception of the Proposed Mediator's pre-petition mediation engagement, the Proposed Mediator and his firm have no connection with the Debtor, the creditors, or any other party in interest or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee.  To the best of the Debtor's knowledge, the Proposed Mediator is a disinterested person under the Bankruptcy Code.

13.    The retention of the Proposed Mediator is in the best interest of the estate, the creditors, and other parties in interest.

## COMPENSATION

14.    The Debtor requests that the Proposed Mediator be compensated for his services at his standard hourly rate of $715.00, plus actual and necessary expenses.

15.    Prior to the Petition Date, Perry, Balhoff, Mengis and Burns, L.L.C. received from the Debtor a retainer in the amount of $25,000.00 and was compensated from such retainer in the amount of $3,450.00 for pre-petition mediation services rendered. The current balance of the retainer is the amount of $21,550.00 which is presently held in the trust account of Perry, Balhoff, Mengis and Burns, L.L.C. Also, prior to the Petition Date, the Proposed Mediator was

compensated in the amount of $11,400.00 for mediation services rendered to the Diocese and Ad Hoc Group.

16. The Debtor requests that the Debtor, in a sound exercise of its business judgment, be permitted to pay the Proposed Mediator's fees and expenses as an administrative expense of the estate without further order of the Court pursuant to section 503(b) of the Bankruptcy Code.

## NOTICE

17. The Debtor will provide notice of this Motion to the Core Service List as defined in the Court's *Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 216]. A copy of this Motion and any orders approving it will also be made available on the Debtor's Case Information Website located at https://cases.stretto.com/dioceseofalexandria. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Diocese of Alexandria respectfully requests that the Court grant this *Motion to Employ John W. Perry, Jr. as Mediator*, enter the proposed attached hereto as <u>Exhibit A</u>, and grant such further and other relief as the Court deems just and proper.

Alexandria, Louisiana, this 3rd day of February, 2026.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/ Bradley L. Drell*
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email: bdrell@goldweems.com

hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
Email: mark.benedict@huschblackwell.com

AND

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email: frank.lococo@huschblackwell.com
bruce.arnold@huschblackwell.com
lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**