# EXHIBIT A

# PROPOSED
# ORDER APPOINTING MEDIATOR

7

25-31257 - #255-1  File 02/03/26  Enter 02/03/26 17:43:41  Exhibit A - Proposed Order
Granting Motion to Appoint Mediator Pg 1 of 6

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

IN RE:                                                         CASE NO. 25-31257

**DIOCESE OF ALEXANDRIA**

**DEBTOR**[1]                                          **CHAPTER 11**

## ORDER GRANTING EXPEDITED MOTION TO APPOINT JOHN W. PERRY, JR. AS MEDIATOR

Upon the *Expedited Motion to Appoint John W. Perry, Jr. as Mediator* [Dkt. No. ●] (the "Motion")[2] of the Diocese of Alexandria (the "Debtor" or "Diocese"), the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Chapter 11 Case") for entry of an order referring this Chapter 11 Case to mediation and appointing John W. Perry, Jr. of Perry, Balhoff, Mengis and Burns, L.L.C. as the mediator.

The Court has reviewed the Motion and the other relevant papers, pleadings, and orders in the Court's file. The Court, upon such review, finds that: (i) the Motion was brought in compliance with the Bankruptcy Code, Bankruptcy Rules, and the LBR; (ii) no objections have been filed; (iii) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (iv) this matter is a core proceeding pursuant to 28 U.S.C. § 157; (v) notice of the Motion and the hearing thereon is appropriate and no other or further notice is required; and (vi) the relief requested in the Motion is in the best interest of the Debtor, its estate, and creditors.

Based upon the foregoing, and after due consideration and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

---

[1] The Debtor's address is 4400 Coliseum Blvd., Alexandria, LA 71303. The last four digits of the Debtor's taxpayer identification number are 1102.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Motion.

HB: 4937-9820-3275.1

25-31257 - #255-1   File 02/03/26   Enter 02/03/26 17:43:41   Exhibit A - Proposed Order Granting Motion to Appoint Mediator Pg 2 of 6

2. Effective as of the date of this Order, John W. Perry, Jr. (the "Mediator") is appointed as the Mediator in this Chapter 11 Case pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1001, and LBR 9019-1.

3. The parties to the mediation (the "Mediation Parties") shall be: (a) the Debtor; (b) the Committee; (c) the Debtor's insurance carriers; and (d) counsel for certain individual abuse claimants. Any additional party or parties who wish to participate in the mediation shall be included if the Mediation Parties and the Mediator agree to the participation of such additional party or parties and agree that the participation of such party or parties is necessary or beneficial to the mediation and this Chapter 11 Case.

4. The Mediator shall control all aspects of the mediation, including, without limitation:

    a. setting dates, times, and places to conduct sessions of the mediation;

    b. requiring the submission of confidential mediation statements;

    c. requiring the attendance of representatives of each party with authority to negotiate and settle all disputed issues;

    d. designating and conducting the mediation sessions; and

    e. establishing a deadline for the parties to act upon a settlement proposal.

5. All oral and written information disclosed in the course of mediation shall be treated confidentially by all parties and shall remain confidential following the mediation's conclusion. Any orders entered in this Chapter 11 case concerning the confidentiality of documents and information shall govern the parties' production, review, disclosure, and handling of confidential information. Any party who improperly discloses communications, information, or evidence exchanged confidentially during the mediation may be subject to sanctions. Notwithstanding the

HB: 4937-9820-3275.1

25-31257 - #255-1  File 02/03/26  Enter 02/03/26 17:43:41  Exhibit A - Proposed Order Granting Motion to Appoint Mediator  Pg 3 of 6

foregoing, (a) no Mediation Party is prevented from disclosing outside of the mediation its own position or statements made inside or outside the mediation, but in doing so, a Mediation Party shall not directly or indirectly disclose the views or statements of any other Mediation Party; (b) to the extent any information or evidence disclosed in the course of mediation is privileged, its disclosure amongst the parties to the mediation and the Mediator does not waive or adversely affect the privileged nature of such information or evidence; and (c) information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by virtue of its use by a party in the mediation.

6. Participation in the mediation by any Mediation Party will not prejudice such party's rights as to any pending contested matter or other disputed issue in this Chapter 11 Case, any adversary proceeding, or any other legal proceeding. By participating in mediation, the Mediation Parties do not waive their rights with respect to any issue. All rights of the Mediation Parties, to the extent they existed prior to this Order, are preserved.

7. The Mediator shall be compensated at the hourly rate of $715.00, plus actual and necessary expenses. Without further order of the Court, the Debtor, in a sound exercise of its business judgment, will pay the Mediator's fees and expenses, which fees and expenses shall constitute an administrative expense of the Debtor's estate pursuant to section 503(b) of the Bankruptcy Code.

8. The Mediator may file periodic reports with the Court concerning the status of the mediation, but such reporting shall not disclose any information deemed confidential and should only inform the Court and parties about the general status and schedule of mediation proceedings.

9. Notwithstanding anything to the contrary, the terms and conditions of this Order are effective immediately and enforceable upon its entry.

HB: 4937-9820-3275.1

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. The Debtor shall provide notice of this Order to the Core Service List as defined in the Court's *Final Order Approving Debtor's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. 216].

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: */s/*_____
    Bradley L. Drell, Esq. (La. Bar #24387)
    Heather M. Mathews, Esq. (La. Bar #29967)
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307
    Telephone (318) 445-6471
    Facsimile (318) 445-6476
    Email:    bdrell@goldweems.com
                hmathews@goldweems.com

**HUSCH BLACKWELL LLP**
Mark T. Benedict, Esq. (*admitted pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
Email:    mark.benedict@huschblackwell.com

AND

HB: 4937-9820-3275.1

25-31257 - #255-1  File 02/03/26  Enter 02/03/26 17:43:41  Exhibit A - Proposed Order Granting Motion to Appoint Mediator Pg 5 of 6

Francis H. LoCoco, Esq. (*admitted pro hac vice*)
Bruce G. Arnold, Esq. (*admitted pro hac vice*)
Lindsey M. Greenawald, Esq. (*admitted pro hac vice*)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone (414) 273-2100
Facsimile (414) 223-5000
Email:  frank.lococo@huschblackwell.com
  bruce.arnold@huschblackwell.com
  lindsey.greenawald@huschblackwell.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, DIOCESE OF ALEXANDRIA**

HB: 4937-9820-3275.1

25-31257 - #255-1  File 02/03/26  Enter 02/03/26 17:43:41  Exhibit A - Proposed Order Granting Motion to Appoint Mediator Pg 6 of 6