**SO ORDERED.**

**DONE and SIGNED February 6, 2026.**



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 25-31257 |
| | § | |
| Diocese of Alexandria | § | Chapter 11 |
|   Debtor | § | |

**Order Sustaining Objection to Application of the Official Committee of Unsecured Creditors to Employ Counsel Nunc Pro Tunc**

Before the Court is the Application of the Official Committee of Unsecured Creditors (the "Committee") to Employ Wiener, Weiss & Madison, A.P.C. ("WWM") as Counsel (Doc. 202) (the "Application").

**I. Background**

Debtor commenced this Chapter 11 case by filing a voluntary petition on October 31, 2025. Prior to the filing of the petition, and continuing immediately thereafter, WWM provided legal services to a group of personal injury attorneys who represented individuals asserting abuse-related claims against Debtor.

Following the petition date, WWM continued to provide services to this ad hoc group. Services included monitoring the bankruptcy case, attending early hearings, advising claimant counsel regarding bankruptcy-related issues, communicating with the Office of the United States Trustee, and participating in negotiations concerning a potential consensual resolution of abuse claims. WWM's work during this period was performed pursuant to private arrangements with the ad hoc group.

On November 21, 2025, the UST appointed the Official Committee of Unsecured Creditors pursuant to 11 U.S.C. § 1102. Prior to that date, no official committee existed in this case. The Committee held its first meeting on December 1, 2025, at which time it voted to retain WWM as counsel.

On December 23, 2025, the Committee filed the Application seeking approval to employ WWM pursuant to §§ 1103 and 328, requesting that such employment be approved nunc pro tunc to the petition date. The UST objected, arguing that retroactive employment was not permissible under the Bankruptcy Code. Following a hearing on January 20, 2026, the Court entered an agreed order approving WWM's employment effective December 1, 2025, while reserving the issue of retroactive approval. The parties thereafter submitted post-hearing briefing.[1]

## II. Analysis

Section 1103(a) of the Bankruptcy Code authorizes an official committee appointed under § 1102, with court approval, to select and employ attorneys and other professionals. Section 328(a) permits the Court to approve the terms and conditions of such employment. The Application seeks approval under these provisions for services rendered prior to the Committee's existence. The Court concludes that such relief is unavailable for three independent reasons.

### A. No Official Committee Existed During the Retroactive Period

First, the Committee did not exist during the period for which nunc pro tunc employment is sought. An official committee derives its authority solely from the Bankruptcy Code upon appointment by the UST under § 1102 and cannot exercise the powers conferred by § 1103 until that appointment occurs.

The Committee was not appointed until November 21, 2025, and did not select WWM until December 1, 2025. Thus, from October 31 through November 30, 2025, there was no statutorily authorized committee capable of employing professionals under § 1103. Retroactive employment is not possible under these circumstances.

### B. Retroactive Employment Conflicts with the Statutory Scheme

Second, retroactive employment under § 1103 would improperly circumvent the Bankruptcy Code's carefully delineated compensation framework.

Congress established two distinct statutory regimes governing professional compensation in Chapter 11 cases. Professionals employed by official committees are compensated under §§ 328 and 330. By contrast, professionals who represent

---

[1] WWM attached to its brief emails from a UST attorney that were not relevant to the issues before the Court. Counsel should avoid including such materials in future filings.

unofficial committees or individual creditors may seek compensation only under §§ 503(b)(3)(D) and (b)(4), upon a showing of substantial contribution to the case.

WWM's services during the retroactive period were rendered pursuant to private arrangements with claimant counsel. Allowing retroactive employment under § 1103 would permit compensation under § 330 for services that Congress intended to be evaluated, if at all, under the substantial contribution standard of § 503. Such a result would collapse the distinction between official and unofficial committee work and undermine the statutory scheme enacted by Congress.

### C. Section 1103(b) Considerations

Third, even if an official committee could employ counsel prior to its existence, retroactive employment implicates issues under § 1103(b).

Section 1103(b) provides that an attorney employed by an official committee may not represent "any other entity having an adverse interest in connection with the case." During the relevant period, WWM represented an ad hoc group of personal injury attorneys who, in turn, represented a subset of abuse claimants. Whether characterized as a collective "entity" under § 101(15) or as multiple entities acting in concert, this group was distinct from the Committee and was not subject to the Committee's statutory fiduciary duties.

Although § 1103(b) permits representation of creditors in the same class as those represented by the committee, WWM's clients were not creditors. Retroactive approval would risk permitting simultaneous representation of the Committee and a non-creditor entity with potentially divergent interests.

### III. Authority Cited by Applicant Distinguished

WWM relies principally on In re Motors Liquidation Co., 438 B.R. 365 (Bankr. S.D.N.Y. 2010). That reliance is misplaced. In Motors, the firm represented a subcommittee that was part of an official committee and whose members were creditors. The court permitted retroactive retention because the services were aligned with the work of the official committee.

Here, by contrast, no official committee existed during the relevant period, the group served by WWM was not part of any official committee, and its members were attorneys rather than creditors. Motors does not support retroactive employment.

Accordingly, **IT IS ORDERED** that the UST's Objection (Doc. 221) to the Application is **SUSTAINED** as to employment of counsel before December 1, 2025.

### ###