**SO ORDERED.**

**DONE and SIGNED February 6, 2026.**



_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 25-31257 |
| | § | |
| Diocese of Alexandria | § | Chapter 11 |
| Debtor | § | |

**Order Sustaining Objection to Application of the Official Committee of Unsecured Creditors to Employ Counsel Nunc Pro Tunc**

Before the Court is the Application of the Official Committee of Unsecured Creditors (the "Committee") to Employ Wiener, Weiss & Madison, A.P.C. ("WWM") as Counsel (Doc. 202) (the "Application").

**I. Background**

Debtor commenced this Chapter 11 case by filing a voluntary petition on October 31, 2025. Prior to the filing of the petition, and continuing immediately thereafter, WWM provided legal services to a group of personal injury attorneys who represented individuals asserting abuse-related claims against Debtor.

Following the petition date, WWM continued to provide services to this ad hoc group. Services included monitoring the bankruptcy case, attending early hearings, advising claimant counsel regarding bankruptcy-related issues, communicating with the Office of the United States Trustee, and participating in negotiations concerning a potential consensual resolution of abuse claims. WWM's work during this period was performed pursuant to private arrangements with the ad hoc group.

On November 21, 2025, the UST appointed the Official Committee of Unsecured Creditors pursuant to 11 U.S.C. § 1102. Prior to that date, no official committee existed in this case. The Committee held its first meeting on December 1, 2025, at which time it voted to retain WWM as counsel.

On December 23, 2025, the Committee filed the Application seeking approval to employ WWM pursuant to §§ 1103 and 328, requesting that such employment be approved nunc pro tunc to the petition date. The UST objected, arguing that retroactive employment was not permissible under the Bankruptcy Code. Following a hearing on January 20, 2026, the Court entered an agreed order approving WWM's employment effective December 1, 2025, while reserving the issue of retroactive approval. The parties thereafter submitted post-hearing briefing.[1]

## II. Analysis

Section 1103(a) of the Bankruptcy Code authorizes an official committee appointed under § 1102, with court approval, to select and employ attorneys and other professionals. Section 328(a) permits the Court to approve the terms and conditions of such employment. The Application seeks approval under these provisions for services rendered prior to the Committee's existence. The Court concludes that such relief is unavailable for three independent reasons.

### A. No Official Committee Existed During the Retroactive Period

First, the Committee did not exist during the period for which nunc pro tunc employment is sought. An official committee derives its authority solely from the Bankruptcy Code upon appointment by the UST under § 1102 and cannot exercise the powers conferred by § 1103 until that appointment occurs.

The Committee was not appointed until November 21, 2025, and did not select WWM until December 1, 2025. Thus, from October 31 through November 30, 2025, there was no statutorily authorized committee capable of employing professionals under § 1103. Retroactive employment is not possible under these circumstances.

### B. Retroactive Employment Conflicts with the Statutory Scheme

Second, retroactive employment under § 1103 would improperly circumvent the Bankruptcy Code's carefully delineated compensation framework.

Congress established two distinct statutory regimes governing professional compensation in Chapter 11 cases. Professionals employed by official committees are compensated under §§ 328 and 330. By contrast, professionals who represent

---

[1] WWM attached to its brief emails from a UST attorney that were not relevant to the issues before the Court. Counsel should avoid including such materials in future filings.

unofficial committees or individual creditors may seek compensation only under §§ 503(b)(3)(D) and (b)(4), upon a showing of substantial contribution to the case.

WWM's services during the retroactive period were rendered pursuant to private arrangements with claimant counsel. Allowing retroactive employment under § 1103 would permit compensation under § 330 for services that Congress intended to be evaluated, if at all, under the substantial contribution standard of § 503. Such a result would collapse the distinction between official and unofficial committee work and undermine the statutory scheme enacted by Congress.

### C. Section 1103(b) Considerations

Third, even if an official committee could employ counsel prior to its existence, retroactive employment implicates issues under § 1103(b).

Section 1103(b) provides that an attorney employed by an official committee may not represent "any other entity having an adverse interest in connection with the case." During the relevant period, WWM represented an ad hoc group of personal injury attorneys who, in turn, represented a subset of abuse claimants. Whether characterized as a collective "entity" under § 101(15) or as multiple entities acting in concert, this group was distinct from the Committee and was not subject to the Committee's statutory fiduciary duties.

Although § 1103(b) permits representation of creditors in the same class as those represented by the committee, WWM's clients were not creditors. Retroactive approval would risk permitting simultaneous representation of the Committee and a non-creditor entity with potentially divergent interests.

### III. Authority Cited by Applicant Distinguished

WWM relies principally on In re Motors Liquidation Co., 438 B.R. 365 (Bankr. S.D.N.Y. 2010). That reliance is misplaced. In Motors, the firm represented a subcommittee that was part of an official committee and whose members were creditors. The court permitted retroactive retention because the services were aligned with the work of the official committee.

Here, by contrast, no official committee existed during the relevant period, the group served by WWM was not part of any official committee, and its members were attorneys rather than creditors. Motors does not support retroactive employment.

Accordingly, **IT IS ORDERED** that the UST's Objection (Doc. 221) to the Application is **SUSTAINED** as to employment of counsel before December 1, 2025.

###

In re:                                                                                      Case No. 25-31257-JSH

Diocese of Alexandria                                                                       Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0536-3                User: admin                Page 1 of 4
Date Rcvd: Feb 06, 2026            Form ID: pdf8            Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 08, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Diocese of Alexandria, 4400 Coliseum Blvd., Alexandria, LA 71303-3513 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| tr | | DIP |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 08, 2026           Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 6, 2026 at the address(es) listed below:

**Name**            **Email Address**

Albert J. Derbes, IV
        on behalf of Creditor The Continental Insurance Company ajdiv@derbeslaw.com Derbes..AlbertJ.B150683@notify.bestcase.com

Albert J. Derbes, IV
        on behalf of Creditor Continental Casualty Company ajdiv@derbeslaw.com Derbes..AlbertJ.B150683@notify.bestcase.com

Antony Constantini
        on behalf of U.S. Trustee Office of U. S. Trustee antony.constantini@usdoj.gov

Ashley Storey
        on behalf of Interested Party Tenecom Ltd. fka Yasuda Fire & Marine Insurance Co. (UK) Ltd. astorey@skarzynski.com

Ashley Storey

| | |
|---|---|
| | on behalf of Interested Party RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC) astorey@skarzynski.com |
| Ashley Storey | |
| | on behalf of Interested Party Certain Underwriters at Lloyds London subscribing to Policy Nos. SL 3741/SLC 5762, ISL 3132/ICO 4087, ISL 3670/ICO 5364, and ISL 3924/ICO 5559 astorey@skarzynski.com |
| Ashley Storey | |
| | on behalf of Interested Party Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.) astorey@skarzynski.com |
| Bradley L. Drell | |
| | on behalf of Debtor Diocese of Alexandria bdrell@goldweems.com gfarmer@goldweems.com;GoldWeemsBruserSuesRundellAPLC@jubileebk.net;khess@goldweems.com |
| Bruce G. Arnold | |
| | on behalf of Debtor Diocese of Alexandria bruce.arnold@huschblackwell.com |
| Catalina Sugayan | |
| | on behalf of Interested Party Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company fka Colonial Penn catalina.sugayan@clydeco.us |
| Cherie D. Nobles | |
| | on behalf of Creditor Interstate Fire & Casualty Company cnobles@fishmanhaygood.com kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com |
| Chris LeBlanc | |
| | on behalf of Interested Party BITCO National Insurance Corporation cleblanc@wbwplaw.com |
| Francis H. LoCoco | |
| | on behalf of Debtor Diocese of Alexandria frank.lococo@huschblackwell.com  francis-lococo-1187@ecf.pacerpro.com |
| Harris Winsberg | |
| | on behalf of Creditor Interstate Fire & Casualty Company hwinsberg@phrd.com |
| Heather M. Mathews | |
| | on behalf of Debtor Diocese of Alexandria hmathews@goldweems.com gfarmer@goldweems.com;GoldWeemsBruserSuesRundellAPLC@jubileebk.net;jpippen@goldweems.com |
| James Moffitt | |
| | on behalf of Interested Party Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company fka Colonial Penn james.moffitt@clydeco.us |
| Jeff Kahane | |
| | on behalf of Interested Party Tenecom Ltd. fka Yasuda Fire & Marine Insurance Co. (UK) Ltd. jkahane@skarzynski.com |
| Jeff Kahane | |
| | on behalf of Interested Party Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.) jkahane@skarzynski.com |
| Jeff Kahane | |
| | on behalf of Interested Party Certain Underwriters at Lloyds London subscribing to Policy Nos. SL 3741/SLC 5762, ISL 3132/ICO 4087, ISL 3670/ICO 5364, and ISL 3924/ICO 5559 jkahane@skarzynski.com |
| Jeff Kahane | |
| | on behalf of Interested Party RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC) jkahane@skarzynski.com |
| John Bucheit | |
| | on behalf of Creditor Interstate Fire & Casualty Company jbucheit@phrd.com |
| Lindsey M. Greenawald | |
| | on behalf of Debtor Diocese of Alexandria lindsey.greenawald@huschblackwell.com lindsey-greenawald-5638@ecf.pacerpro.com |
| Matthew Roberts | |
| | on behalf of Creditor Interstate Fire & Casualty Company mroberts@phrd.com |
| Matthew Michael Weiss | |
| | on behalf of Creditor Interstate Fire & Casualty Company mweiss@phrd.com  elyttle@phrd.com |
| Miranda Turner | |
| | on behalf of Creditor Continental Casualty Company mturner@plevinturner.com |
| Miranda Turner | |
| | on behalf of Creditor The Continental Insurance Company mturner@plevinturner.com |
| Nathan W. Reinhardt | |
| | on behalf of Interested Party Tenecom Ltd. fka Yasuda Fire & Marine Insurance Co. (UK) Ltd. nreinhardt@skarzynski.com |
| Nathan W. Reinhardt | |
| | on behalf of Interested Party Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.) nreinhardt@skarzynski.com |

Nathan W. Reinhardt
on behalf of Interested Party Certain Underwriters at Lloyds London subscribing to Policy Nos. SL 3741/SLC 5762, ISL 3132/ICO 4087, ISL 3670/ICO 5364, and ISL 3924/ICO 5559 nreinhardt@skarzynski.com

Nathan W. Reinhardt
on behalf of Interested Party RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC) nreinhardt@skarzynski.com

Office of U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

Patrick L. McCune
on behalf of Creditor Committee Unsecured Creditors' Committee pmccune@wwmlaw.com rbrown@wwmlaw.com

Patrick S. Garrity
on behalf of Creditor Continental Casualty Company pgarrity@derbeslaw.com Garrity.PatrickR72443@notify.bestcase.com

Patrick S. Garrity
on behalf of Creditor The Continental Insurance Company pgarrity@derbeslaw.com Garrity.PatrickR72443@notify.bestcase.com

Richard A. Rozanski
on behalf of Creditor City of Alexandria Louisiana richard@rarlaw.net

Richard A. Rozanski
on behalf of Creditor Southern Heritage Bank richard@rarlaw.net

Richard A. Rozanski
on behalf of Creditor Cleco Power LLC richard@rarlaw.net

Russell Webb Roten
on behalf of Interested Party Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.) rroten@skarzynski.com

Russell Webb Roten
on behalf of Interested Party RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC) rroten@skarzynski.com

Russell Webb Roten
on behalf of Interested Party Certain Underwriters at Lloyds London subscribing to Policy Nos. SL 3741/SLC 5762, ISL 3132/ICO 4087, ISL 3670/ICO 5364, and ISL 3924/ICO 5559 rroten@skarzynski.com

Russell Webb Roten
on behalf of Interested Party Tenecom Ltd. fka Yasuda Fire & Marine Insurance Co. (UK) Ltd. rroten@skarzynski.com

Ryan Christine Evans
on behalf of Creditor The Continental Insurance Company revans@plevinturner.com

Ryan Christine Evans
on behalf of Creditor Continental Casualty Company revans@plevinturner.com

Sheryl Betance
pacerpleadings@stretto.com

Soren E. Gisleson
on behalf of Creditor Certain Abuse Survivors soren@hkgclaw.com

Thomas J. Madigan, II
on behalf of Interested Party RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC) tmadigan@shergarner.com rbailey@shergarner.com

Thomas J. Madigan, II
on behalf of Interested Party Tenecom Ltd. fka Yasuda Fire & Marine Insurance Co. (UK) Ltd. tmadigan@shergarner.com rbailey@shergarner.com

Thomas J. Madigan, II
on behalf of Interested Party Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company fka Colonial Penn tmadigan@shergarner.com rbailey@shergarner.com

Thomas J. Madigan, II
on behalf of Interested Party Certain Underwriters at Lloyds London subscribing to Policy Nos. SL 3741/SLC 5762, ISL 3132/ICO 4087, ISL 3670/ICO 5364, and ISL 3924/ICO 5559 tmadigan@shergarner.com, rbailey@shergarner.com

Thomas J. Madigan, II
on behalf of Interested Party Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.) tmadigan@shergarner.com rbailey@shergarner.com

Todd C. Jacobs
on behalf of Creditor Interstate Fire & Casualty Company tjacobs@phrd.com

Tristan E. Manthey
on behalf of Creditor Interstate Fire & Casualty Company tmanthey@fishmanhaygood.com kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com

Yongli Yang  on behalf of Interested Party Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company fka Colonial Penn yongli.yang@clydeco.us nancy.lima@clydeco.us

TOTAL: 53